# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY D. WALKER,

        Petitioner,    :    Case No. 1:13-cv-159

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Gary D. Walker seeking relief from his conviction in the Richland County Common Pleas Court and the resulting sentence of imprisonment in Respondent's custody. Although the conviction occurred in a county which is in the Northern District of Ohio, Petitioner is confined in the Southern District. Venue is therefore appropriate in this District under 28 U.S.C. § 2241(d).

Walker pleads the following grounds for relief:

> **Ground One:** Petitioner, an indigent, rights to Due Process and Equal Protection under the Fourteenth Amendment to the United States Constitution was violated when, Ohio Fifth District Court of Appeals completely denied/deprived petitioner of appellate counsel on petitioner's first direct appeal of right from his criminal conviction in violation of *Douglas y, California*, 372 U.S. 353, 9 L.Ed. 2d 811, 83 S.Ct. 814, in Ohio Fifth District Court of Appeals Case No. 2009-CA-0088.
>
> **Supporting Facts:** Petitioner, an indigent, filed a timely pro se notice of appeal from his criminal conviction and sentence. The Ohio Fifth District Court of Appeals never appointed appellate counsel to prosecute petitioner's appeal, and petitioner acting pro se, improvidently dismissed his only direct appeal as of right

1

because petitioner could not file a timely pro se brief and petitioner was under the false impression claims could be raised in the trial court without an appeal. It must be noted, petitioner did not waive counsel on direct appeal. Petitioner, is being held in violation of his rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States, as more fully described in the memorandum in support filed herewith and incorporated herein by reference.

**GROUND TWO:** Petitioner, an indigent, was denied his right to the Si[x]th Amendment to the United States Constitution when Ohio's Fifth District Court of Appeals completely deprived petitioner of appellate counsel on petitioner's first direct appeal of right from his criminal conviction in violation of *Evitts v. Lucey*, 469 U.S. 387, 83 L.Ed. 2d 821, 105 S.Ct. 830 (1985), in Ohio Fifth District Court of Appeals Case No. 2009-CA-0088.

**Supporting facts:** Petitioner, an indigent, filed a timely pro se notice of appeal from his criminal conviction and sentence. The Ohio Fifth District Court of Appeals never appointed appellate counsel to prosecute petitioner's appeal, and petitioner acting pro se, improvidently dismissed his only direct appeal as of right because petitioner could not file a timely pro se brief and petitioner was under the false impression claims could be raised in the trial court without an appeal. It must be noted, petitioner did not waive counsel on direct appeal. Petitioner, is being held in violation of his rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States, as more fully described in the memorandum in support filed herewith and incorporated herein by reference.

**GROUND THREE:** Petitioner was denied due process and equal protection of the law, when the Ohio Fifth District Court of Appeals did not inform him of his appellate rights and failed to appoint appellate counsel and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States, Constitution in Ohio Fifth District Court of Appeals Case No. 2009-CA-0088.

**Supporting facts**: Petitioner, an indigent, filed a timely pro se notice of appeal from his criminal conviction and sentence. The Ohio Fifth District Court of Appeals never appointed appellate counsel to prosecute petitioner's appeal, and petitioner acting pro se, improvidently dismissed his only direct appeal. Thereafter, the Ohio Fifth District Court of appeals did not inform petitioner of his right to appeal to the Ohio Supreme Court. Petitioner was without

appellate counsel and therefore was deprived of appellate counsel's advice and instructions on pursuing an appeal with the Ohio Supreme Court. Petitioner sought a delayed appeal with the Ohio Supreme Court which detailed this issue and the Ohio Supreme Court subsequently dismissed the motion for delayed appeal. Petitioner is being held in violation of his rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States, as more fully described in the memorandum in support filed herewith and incorporated herein by reference.

**GROUND FOUR:** Petitioner, an indigent, was denied his right to the Due Process and Equal Protection under the Fourteenth Amendment and his rights to the Si[x]th Amendment to the United States Constitution when Ohio's Fifth District Court of Appeals completely deprived petitioner of appellate counsel on petitioner's first direct appeal of right from his criminal conviction in violation of *Evitts v. Lucey,* 469 U.S. 387,83 L.Ed. 2d 821, 105 S.Ct. 830 (1985) and *Douglas v. California,* 372 U.S. 353, 9 L.Ed. 2D 811, 83 S.Ct. 814, in Ohio Fifth District Court of Appeals, Case No. 2010-CA-116.

**Supporting facts:**  Petitioner, an indigent, request [sic] counsel on appeal. The Ohio Fifth District Court of Appeals denied petitioner's request stating the appeal had been fully briefed and it appeared petitioner only wanted counsel to argue oral argument. Petitioner, is being held in violation of his rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States, as more fully described in the memorandum in support filed herewith and incorporated herein by reference.

(Petition, Doc. No. 3.)

**Procedural History**

Petitioner Gary D. Walker was indicted on multiple criminal counts arising from a scheme to generate fraudulent payroll checks at Wal-Mart. Walker was appointed counsel and a jury trial commenced, but was terminated by a negotiated guilty plea. Walker was then sentenced to an aggregate term of twelve years imprisonment. Walker filed a *pro se* notice of

appeal to the Fifth District Court of Appeals on July 1, 2009 (Return of Writ, Doc. No. 7-1, PageID 175). It contains no request for appointment of counsel for the appeal. The appeal was assigned case No. 09-CA-88. On September 4, 2009, Walker filed a Motion to Dismiss Appeal which reads in its entirety:

> Gary Walker, Appellant, moves this Court for an order dismissing the appeal currently pending before this Court. Mr. Walker was unable to meet the filing deadline as mandated and furthermore has not exhausted his vital claims in the common pleas court to date. Therefore it would be premature to file the instant appeal. [R]elief is accordingly sought.

*Id.* at PageID 176. The court of appeals granted that Motion on September 24, 2009. *Id.* at PageID 178. Four days later Walker moved for sentencing in the trial court, arguing that the prior sentence was void for improper imposition of post-release control. *Id.* at PageID 180. The State agreed the sentence was voidable and that Walker should be re-sentenced. *Id.* at PageID 186-93.

Judge DeWeese conducted a re-sentencing hearing on December 30, 2009. The next day Walker filed a motion to withdraw his guilty plea. *Id.* at PageID 203, et seq. Judge DeWeese overruled that motion on March 24, 2010 (Judgment Entry, Return of Writ, Doc. No. 7-1, PageID 239). On July 28, 2010, Judge DeWeese filed Findings and a Journal Entry on the December 20, 2009, hearing, overruling the request for re-sentencing (Return of Writ, Doc. No. 7-1, PageID 250-53). Not satisfied with this result, Walker filed a new Motion for Re-Sentencing to Correct Void Sentence on August 27, 2010. *Id.* at PageID 256. On September 7, 2010, Judge DeWeese entered an Amended Sentencing Entry. *Id.* at PageID 278.

On September 28, 2010, Walker took an appeal from that entry and it was assigned Case No. 10-CA-116 in the Fifth District Court of Appeals. *Id.* at 281. The Notice recites that Walker

4

is proceeding *pro se* and does not request appointment of counsel.  On January 21, 2011, Walker filed an Appellant's Revised/Supplemented Brief in which he styles himself counsel *in propria persona*. *Id.* at PageID 283 et seq.  He styled the proceeding as his direct appeal as of right from the September 7, 2010, judgment.  *Id.*  at PageID 294.  The Fifth District decided the appeal as follows:

> **[*P21]** In his present Assignments of Error, appellant essentially raises three claims regarding (1) acceptance of his guilty pleas, (2) ineffective assistance of trial counsel, and (3) aspects of his sentence. However, in light of the procedural history of this case and the spate of appellant's motions filed after his 2009 conviction and sentences, we find none of these claims are properly before this Court.
>
> **[*P22]** We first note that appellant, having voluntarily dismissed his direct appeal in 2009, chose to challenge his guilty pleas by filing a motion under Crim.R. 32.1 and *State v. Sarkozy*, 117 Ohio St.3d 86, 881 N.E.2d 1224, 2008 Ohio 509. Said motion was separately denied by judgment entry on March 24, 2010. At that point, the denial of said post-sentence Crim.R. 32.1 motion to withdraw plea constituted a final appealable order. See, e.g., *State v. Damron*, Scioto App.No. 10CA3375, 2011 Ohio 165, ¶ 7 (additional citations omitted). As noted in our recitation of facts, appellant did not appeal therefrom. Likewise, the trial court had dealt with appellant's post-release control claims via a hearing (December 30, 2009) and judgment entry (July 28, 2010), from which appellant again did not appeal. Furthermore, the amended sentencing entry of September 7, 2010, from which appellant has appealed herein, does not open the door to a new round of direct appeal challenges to his 2009 convictions and sentences. The purpose of the amended sentencing entry was to clarify, at appellant's insistence, the issue of merger regarding a number of the counts. Because this amended entry was issued solely to memorialize additional aspects of the plea agreement concerning merger of offenses, we find it to be in the nature of a nunc pro tunc sentencing entry. However, nunc pro tunc entries generally do not extend the time in which to appeal. See *Pugh Shows, Inc. v. Pugh*, Fairfield App.No. 6-CA-91, 1991 Ohio App. LEXIS 6249, 1991 WL 302426, citing *State v. Shinkle* (1986), 27 Ohio App.3d 54, 27 Ohio B. 57, 499 N.E.2d 402.
>
> **[*P23]** Accordingly, we hold the issues raised by appellant in the

> present appeal are unreviewable by this Court under the doctrine of *res judicata.* Appellant's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error are overruled.

*State v. Walker*, 2011-Ohio-4005, 2011 Ohio App. LEXIS 3367 (5th Dist. Aug. 10, 2011).  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Walker*, 131 Ohio St. 3d 1459 (2012).  Walker sought reconsideration on the grounds that the 2010 amended sentencing entry was the first final appealable order in the case because the June 2009 sentencing entry did not dispose of the "odd" numbered counts (Return of Writ, Doc. No. 7-1, Motion for Reconsideration, PageID 386).  Walker also argues the July 28, 2010, Findings and Journal Entry did not constitute a final appealable order because they were deficient under Ohio R. Crim. P. 32(C).  *Id.*  The court of appeals summarily denied reconsideration on October 25, 2011 (Judgment Entry, Doc. No. 7-1, PageID 389).  Walker appealed to the Ohio Supreme Court, claiming the Fifth District denied his right to counsel on direct appeal when it denied his request for counsel in Case No. 10-CA-116 (Memorandum in Support of Jurisdiction, Doc.No. 7-1, PageID 403).  The attachments show a motion for appointment of counsel on April 15, 2011 (PageID 423) and a denial on May 4, 2011. *Id.* at PageID 425.  On October 21, 2011, the Ohio Supreme Court granted Walker's motion to voluntarily dismiss his subsequent appeal to that court. *Id.* at PageID 453.  On November 28, 2011, Walker appealed from the Fifth District's denial of reconsideration. *Id.* at PageID 454.  On February 22, 2012, the Ohio Supreme Court declined jurisdiction. *Id.* at PageID 499.  On June 1, 2012, Walker filed a Motion to Vacate Void Judgment and Re-instate Direct Appeal in the Fifth District. *Id.* at PageID 592, et seq.  That Motion was denied June 13, 2012. *Id.* at PageID 602.  Walker again appealed to the Ohio Supreme Court (PageID 603) and that court again declined to exercise jurisdiction. *Id.* at PageID 630.  Walker then sought a delayed direct appeal to the Ohio Supreme Court of his original

conviction on November 8, 2012 (PageID 631) which that court denied on February 8, 2013. *Id*. at PageID 648. The Petition in this Court followed a month later.

# Analysis

**Exhaustion of State Court Remedies**

In his Traverse, Walker reads the Warden as raising a lack of exhaustion defense. The Court however finds no such defense raised in the Return of Writ. So far as the Court can tell, Walker has no remaining unexhausted state court remedies for the constitutional claims he makes.

**Procedural Default**

The Warden does, however, assert that all four Grounds for Relief are procedurally defaulted.

### Legal Standard

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual

> prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court

8

on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)); *see also Deitz v. Money,* 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

**Application to Grounds One and Two**

Walker essentially claims in his first two grounds for relief that his right to counsel on direct appeal cannot be procedurally defaulted because it is an "absolute" right and failure to appoint counsel on direct appeal renders the judgment of the court of appeals void. The record supports his claim that he was never appointed counsel on direct appeal. It also supports the further claim of the Warden that Walker never requested appointment of counsel while his direct appeal was pending, a claim he does not deny.

The right to appointed counsel extends to the first appeal of right and no further.

9

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974). As Walker notes, counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963). A defendant is also entitled to effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

Walker relies first on *Carnley v. Cochran,* 369 U.S. 506 (1962). That case, decided the year before *Gideon v. Wainwright*, 372 U.S. 335 (1963), held that the failure to offer defendant counsel **at trial** required issuance of the writ. The Supreme Court applied the principle adopted in *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938), that a voluntary, knowing, and intelligent waiver of trial counsel will not be presumed from a silent record. *See also Rice v. Olson,* 324 U.S. 786 (1945). *Carnley* does not speak at all to counsel on appeal and was in fact decided before *Gideon* and *Douglas*.

Walker also relies on *Swenson v. Bosler*, 386 U.S. 258 (1967). In a *per curiam* opinion, the Supreme Court relied on *Carnley* to indicate no request for appellate counsel was necessary to trigger the right. However, it also found that "the documents contained in this transcript demonstrate that the respondent did indicate to the Missouri courts his desire for counsel on appeal." *Id.* at 260. Walker made no such request in this case.

Walker cites *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), for the proposition that "'failure to appoint counsel for an indigent [is] a unique constitutional defect . . . rising to the level of a jurisdictional defect' which therefore warrants special treatment among alleged constitutional violations." *Id.* at 404, *quoting Custis v. United States*, 511 U.S. 485, 496 (1994). However, the failure to appoint counsel at issue in *Coss* was a failure to appoint at the trial level.

10

Thus none of the Supreme Court cases relied on by Walker establish that a state appeals court must appoint counsel on direct appeal when there has been no request for counsel.

Ohio does provide for mandatory appointment of counsel on direct appeal, but also requires that it be requested.  Ohio R. Crim. P. 32(B) provides in pertinent part, "Upon defendant's request, the court shall forthwith appoint counsel for appeal."

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Here Ohio does have a procedural rule in point, to wit, that an indigent criminal appellant must request an attorney on appeal.  The rule was enforced against Walker in that no counsel was appointed.  That rule is clearly independent

11

of federal law in that its application does not depend on whether the issues being appealed are federal or state issues. Finally, the Magistrate Judge concludes the rule is adequate in that it protects an important state interest in not appointing counsel where counsel is not desired. It would make little sense to appoint counsel for appeal in every case and then wait to see if the attorney is accepted or rejected by the appellant. The rule leaves no discretion in the appointing court in that the appellant does not have to give any reason but merely needs to ask.

In addition to the failure to request counsel, Respondent relies on Walker's failure to appeal from the Fifth District to the Ohio Supreme Court (Return of Writ, Doc. No. 7, PageID 143). Walker does not deny that he failed to appeal, but claims "he was unavoidably prevented from appealing to the Ohio Supreme Court as a result of Walker's lack of knowledge of his right to appeal to the Ohio Supreme Court." (Traverse, Doc. No. 8, PageID 678.)

Cause must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986). The Sixth Circuit has held that the 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). Walker claims that "[i]mmediately … upon learning of his right to appeal the September 24, 2009 Judgment Entry dismissing his direct appeal Walker sought a delayed appeal with the Ohio Supreme Court." (Traverse, Doc. No. 8, PageID 678.) What Walker fails to mention is that he did not file for a delayed appeal until November 2012, thirty-eight months after his direct appeal was dismissed

12

on his own motion. He does not explain why it took him three years to learn about his right to appeal the September 2009 judgment, particularly when he had appealed to the Ohio Supreme Court several times in the interim. Walker asserts that his "actions in this case demonstrate a defendant who wished to obtain justice and never stopped fighting for his rights." *Id.* at 678-79. The record certainly demonstrates that he repeatedly sought revision of the judgment entry of conviction, but Walker seems always to have been raising minor formal points, rather than making substantive claims.

Walker claims any procedural default can be excused because "[f]ailing to address Walker's claims will result in a fundamental miscarriage of justice." *Id.* at 679, *citing Schlup v. Delo*, 513 U.S. 298 (1995). In *Schlup* the Supreme Court recognized a so-called "actual innocence" gateway: a habeas petitioner who could present new probative evidence of actual innocence could thereby excuse a procedural default." The "miscarriage of justice" standard, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence. In other words, they are the same standard, not alternative ways of avoiding a procedural default. *Calderon v. Thompson,* 523 U.S. 538 (1998). Walker has not presented any new evidenced of actual innocence.

Accordingly, Grounds One and Two should be dismissed as procedurally defaulted.

**Application to Ground Three**

In his Third Ground for Relief, Walker claims he was deprived of his constitutional rights when the Fifth District dismissed his direct appeal without advising him he had a right to appeal to the Supreme Court of Ohio.

13

Walker's sole authority for the proposition that there is a constitutional right to be so informed is *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003). In that case Wolfe pled guilty on October 24, 1995, to involuntary manslaughter in return for dismissal of aggravated murder charges as part of a plea agreement. *Wolfe v. Randle*, 2002 U.S. Dist. LEXIS 26703, *2 (S.D. Ohio 2002). Almost four years later, Wolfe filed a motion for delayed appeal which was denied by the First District Court of Appeals. *Id.* at *2-3. Wolfe filed a seven-claim petition for habeas corpus in federal court; all of the claims were dismissed as time-barred except the claim that Wolfe had been denied equal protection when the First District refused to permit a delayed appeal. *Id.* at *6. Magistrate Judge Sherman concluded that Wolfe's constitutional rights were violated when he was not informed or otherwise aware of his direct appeal rights. *Id.* at *9. In reaching that conclusion, Judge Sherman emphasized the function of a first appeal of right:

> The purpose of a first appeal provided as of right by a state is to determine whether the individual defendant has been lawfully incarcerated and to ensure a correct adjudication of guilt or innocence. See *Evitts,* 469 U.S. at 402; *Griffin,* 351 U.S. at 18-19. By deciding that an appeal is so important that it must be available as a matter of right, the state itself recognizes that the appeal plays such a crucial role that it cannot be decided arbitrarily; nor can the state otherwise deny an appellant fair procedure. *Burkett v. Cunningham,* 826 F.2d 1208, 1221 (8th Cir. 1987) (citing *Evitts,* 469 U.S. at 404).

*Id.* at *14. However, an appeal from the decision of an Ohio intermediate court of appeals to the Ohio Supreme Court is not an appeal of right. Although a person who is unsuccessful in the court of appeals has the procedural right to ask the Ohio Supreme Court to take jurisdiction, that court's jurisdiction under these circumstances is discretionary and not a matter of right. As Judge Sherman's opinion makes clear, the appeal of right is guarded in both Ohio and the federal systems with various obligations in the criminal rules for the trial court to advise a defendant of his direct appeal rights. There are no such rule obligations imposed on courts of appeals. Note

14

also that a litigant who is unsuccessful in a state supreme court has the procedural right to request review by the United States Supreme Court, but there is no rule obligation that a state supreme court advise a litigant of that possibility, nor any case law imposing that obligation.

Furthermore, even if there were an obligation to advise of that right, the Fifth District's failure to do so was at most harmless error. Walker requested that his direct appeal be dismissed and he could not have complained in the Ohio Supreme Court because that court will not consider issues not raised in the court of appeals. *Lee v. Warden*, 2013 U.S. Dist. LEXIS 117210 at \*13 (S.D. Ohio 2013), *citing State v. Phillips*, 27 Ohio St. 2d 294, 302 (1971) (*quoting State v. Perkins*, 165 Ohio St. 185, 189-190 (1956).)

The Third Ground for Relief should therefore be dismissed with prejudice.

**Application to Ground Four**

In his Fourth Ground for Relief, Walker claims he was denied is Sixth Amendment rights when the Fifth District Court of Appeals refused to appoint counsel to represent him in Case No. 2010-CA-116. This claim differs from those made in Grounds One and Two because Walker clearly did request appointment of counsel on this appeal.

As noted above, the federal constitutional right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974). Walker's theory, of course, is that the underlying criminal judgments were void, so that there was no final appealable order at the time of the first appeal. However, what constitutes a final appealable order is a question of Ohio law which was decided squarely against

Walker by the Fifth District. A federal habeas court is strictly bound by state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986). Because as a matter of Ohio law the appeal in 2010-CA-116 was not Walker's first appeal of right, he was not constitutionally entitled to appointed counsel for that appeal.

The Fourth Ground for Relief is without merit and should therefore be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 7, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).