IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GARY D. WALKER,

    Petitioner,    :  Case No. 1:13-cv-159

 - vs -           District Judge Michael R. Barrett
                Magistrate Judge Michael R. Merz
WARDEN, Lebanon Correctional Institution,
                :
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

   This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 15) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 14).  Judge Barrett has recommitted the case for reconsideration in light of the Objections (Order, Doc. No. 18).

**Grounds One and Two:  Failure to Appoint Counsel Without Request on Direct Appeal**

   In his first two Grounds for Relief, Walker claims he was denied his constitutional right to the effective assistance of appellate counsel when counsel was not appointed for him on his direct appeal of right.  The Report concluded Walker procedurally defaulted on this claim by never requesting that counsel be appointed (Report, Doc. No. 14, PageID 706-10).  Walker objects that no request is required. (Objections, Doc. No. 17, PageID 745-50, relying on *Carnley v. Cochran*, 369 U.S. 506 (1962); *Swenson v. Bosler*, 386 U.S. 258 (1967); and *State v. Sims*, 27 Ohio St. 2d 79 (1971)).

1

As noted in the Report, *Carnley* required appointment of counsel at the **trial** level. *Swenson* is a per curiam decision of the Supreme Court which cited *Carnley* for the proposition that no request was needed but also found that a request was in fact made, making the "no request" finding dictum.

Walker did not cite *Sims* in his Reply, but does so for the first time in his Objections. *Sims* relies on *Swenson* for the proposition that the right to appointed counsel on appeal exists "even in the absence of a request." But *Sims* was handed down two years before the Ohio Supreme Court adopted the Ohio Rules of Criminal Procedure which include the requirement in Crim. R. 32(B) that a defendant request appointment of counsel for appeal.

Although *Swenson* has never been expressly overruled, subsequent Supreme Court decisions are inconsistent with it. See *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), where the Supreme Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks.

Walker admits he did not request appointment of an appellate attorney, but says that is because he was never advised of his right to appeal at all. However, his trial ended with his pleading guilty, rather than a verdict. Under those circumstances the trial court was not obliged to advise him of his appeal rights. *State v. Houston*, 2004-Ohio-6462, 2004 Ohio App. LEXIS 5897 (6th Dist. Dec. 3, 2004).

The Warden also asserted Walker procedurally defaulted these Grounds for Relief in a second way, to wit, by failing to appeal to the Ohio Supreme Court from the dismissal in the court of appeals (Return of Writ, Doc. No. 7, PageID 143). Walker claimed in his Reply that this failure was excused because he did not know about his right to appeal. The Report recommended finding the claims were defaulted because excusing cause must be external to the

defendant. (Report, Doc. No. 14, PageID 709, *citing Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986); and *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004)).

Walker admits he did not take a direct appeal to the Ohio Supreme Court, but says because a void judgment can be attacked in Ohio at any time, his later collateral attack was timely and in any event considered by the court of appeals on the merits (Objections, Doc. No. 17, PageID 750-52). That is a misreading of the court of appeals decision which declined to hear these claims because of the Ohio doctrine of *res judicata* in criminal cases. *State v. Walker,* 2011-Ohio-4005, ¶ 23, 2011 Ohio App. LEXIS 3367, **7 (5th Dist. Aug. 10, 2011).

Walker asserts that his failure to file an appeal to the Ohio Supreme Court is excused by the appellate court's failure to appoint counsel. But Walker was not entitled to appointed counsel on appeal to the Ohio Supreme Court. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

Even assuming Walker had a constitutional right to have counsel appointed without request, he suffered no prejudice as a result of the failure to appoint because he timely appealed and then voluntarily dismissed the appeal. Under those circumstances, he suffered no prejudice. *State v. Duncan*, 2003-Ohio-3879, 2003 Ohio App. LEXIS 3495 (3rd Dist. Jul 21, 2003). In the absence of any prejudice, the failure to appoint counsel was harmless error. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946).

Accordingly it is again respectfully recommended that Grounds One and Two be dismissed with prejudice.

3

**Ground Three:  Failure of Appellate Court to Advise of Right to Appeal to Ohio Supreme Court**

In his Third Ground for Relief, Walker claims he was deprived of his constitutional rights when the Fifth District dismissed his direct appeal without advising him he had a right to appeal to the Supreme Court of Ohio.

The Report recommended this Ground for Relief be dismissed on the merits and Walker has made no objection.

**Ground Four:  Failure to Appoint Appellate Counsel in Case No 2010-CA-116**

In his Fourth Ground for Relief, Walker claims he was denied his Sixth Amendment rights when the Fifth District Court of Appeals refused to appoint counsel to represent him in Case No. 2010-CA-116. As noted in the Report, this claim differs from those made in Grounds One and Two because Walker clearly did request appointment of counsel on this appeal.

The Report recommended dismissal with prejudice because the constitutional right to counsel on appeal extends only to the first appeal of right.  (Report, Doc. No. 14, PageID 712, *citing Pennsylvania v. Finley, supra.*)  Walker's theory was that the appeal in 2010-CA-116 was his first appeal of right because the underlying criminal judgments were void and gave rise to no final appealable order.  Whether an order is a final appealable order is, of course, a matter of Ohio law and in this case the Fifth District Court of Appeals squarely decided against Walker, holding the first judgment against him was a final appealable order as was denial of his motion to withdraw his guilty plea.

> **[*P22]** We first note that appellant, having voluntarily dismissed his direct appeal in 2009, chose to challenge his guilty pleas by filing a motion under Crim.R. 32.1 and *State v. Sarkozy*, 117 Ohio

4

> St.3d 86, 881 N.E.2d 1224, 2008 Ohio 509. Said motion was separately denied by judgment entry on March 24, 2010. At that point, the denial of said post-sentence Crim.R. 32.1 motion to withdraw plea constituted a final appealable order. See, e.g., *State v. Damron*, Scioto App.No. 10CA3375, 2011 Ohio 165, ¶ 7 (additional citations omitted). As noted in our recitation of facts, appellant did not appeal therefrom. Likewise, the trial court had dealt with appellant's post-release control claims via a hearing (December 30, 2009) and judgment entry (July 28, 2010), from which appellant again did not appeal. Furthermore, the amended sentencing entry of September 7, 2010, from which appellant has appealed herein, does not open the door to a new round of direct appeal challenges to his 2009 convictions and sentences. The purpose of the amended sentencing entry was to clarify, at appellant's insistence, the issue of merger regarding a number of the counts. Because this amended entry was issued solely to memorialize additional aspects of the plea agreement concerning merger of offenses, we find it to be in the nature of a nunc pro tunc sentencing entry. However, nunc pro tunc entries generally do not extend the time in which to appeal. See *Pugh Shows, Inc. v. Pugh*, Fairfield App.No. 6-CA-91, 1991 Ohio App. LEXIS 6249, 1991 WL 302426, citing *State v. Shinkle* (1986), 27 Ohio App.3d 54, 27 Ohio B. 57, 499 N.E.2d 402

*State v. Walker, supra*.

In the Objections, Walker argues the Fifth District Court of Appeals was wrong in his case because the Fifth District "has repeatedly granted direct appeals and counsel on amended/revised sentencing entries." (Objections, Doc. No. 17, PageID 754-55, *citing State v. Jones*, 2011-Ohio-1202, 2011 Ohio App. LEXIS 1024 (5th Dist. 2011)). In *Jones*, the trial court had imposed sentence in a judgment which did not conform to Ohio R. Crim. P. 32(C) and had failed to advise the defendant of a mandatory term of post-release control. Contrary to Walker's assertion, Jones was not represented by appointed counsel, but appeared *pro se* on appeal. Furthermore, the two trial court errors identified by Jones were ones which the Ohio Supreme Court had previously held to be errors which prevented finality. *Jones, supra*, at ¶¶ 9-10, ¶¶ 15-19, *citing State v. Baker*, 119 Ohio St. 3d 197 (2008), and *State v. Sarkozy,* 117 Ohio St. 3d 86

(2008). As the court of appeals noted in Walker's case at the quoted paragraph, his claims about failure to notify of post-release control were dealt with in an entry from which he did not appeal. His claims about failure to be precise on merged counts was "in the nature of a nunc pro tunc entry," not giving rise to the right to appeal again. Certainly Walker's claims in the appeal in 2010-CA-116 do not come within either of the categories recognized in *State v. Jones*.

Accordingly, it is again recommended that Ground Four be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice.

April 30, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).