IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GARY D. WALKER,

        Petitioner,      :    Case No. 1:13-cv-159

  - vs -                                District Judge Michael R. Barrett
                                         Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                                        :

        Respondent.

## DECISION AND ORDER STRIKING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION OR STAY AND ABEYANCE

This habeas corpus case, brought under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Summary Judgment (Doc. No. 30) and Motion for Stay and Abeyance (Doc. No. 31).

While Petitioner is correct that summary judgment practice may be used in habeas corpus cases when not inconsistent with the Rules Governing § 2254 Cases, the instant Motion is completely untimely. This case has been fully briefed and is ripe for decision on the merits by Judge Barrett; it became ripe May 20, 2014, when Petitioner filed his objections (Doc. No. 22) to the Supplemental Report and Recommendations (Doc. No. 19). Petitioner's summary judgment motion amounts to a re-argument of the merits of his case, but was filed almost seven months after the deadline for arguing the merits. The Motion for Summary Judgment is therefore STRICKEN.

In the second motion before the Court, Petitioner asks this Court to stay final disposition of the case and hold it in abeyance pending exhaustion of the claims raised in his Amended

1

Petition for Post-Conviction Relief which he avers was filed in the Richland County Common Pleas Court on November 6, 2014 (Motion, Doc. No. 31, PageID 840).  He notes that he originally filed for post-conviction relief on January 14, 2010. *Id.* at note 1, PageID 840.

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims.  It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  "Staying  a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings.  *Id*.  It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.  The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d  377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Walker has not shown good cause for a stay.  He has not furnished this Court with a copy of his new state court petition, so this Court is unable to assess its likely merits or timeliness.

Furthermore, Ohio courts consider second post-conviction petitions under severe time constraints as well as the *res judicata* principle which apply to all final Ohio criminal judgments. In the absence of some demonstration that the new petition has any chance for success, the Motion for Stay and Abeyance is DENIED.

December 9, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge