# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY D. WALKER,

        Petitioner,    :    Case No. 1:13-cv-159

  - vs -                        District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                                       :

        Respondent.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 33) of the Court's Decision and Order (Doc. No. 32) Striking Motion for Summary Judgment and Denying Motion for Stay and Abeyance (Doc. Nos. 30, 31).

**Order Striking Motion for Summary Judgment**

The Court struck Petitioner's Motion for Summary Judgment (Doc. No. 30) because it was a re-argument of the merits of the case, but filed "almost seven months after the deadline for arguing the merits."  (Doc. No. 32, PageID 841).  In the instant Motion, Walker argues that (1) Fed. R. Civ. P. 56(b) permits filing a summary judgment motion anytime until thirty days after discovery closes, (2) there has been no discovery in this case, therefore (3) the time for filing a summary judgment motion never closes.

The Federal Rules of Civil Procedure do not of their own force apply to habeas corpus

1

cases.  Fed. R. Civ. P. 81(a)(4)(B) says the Civil Rules will apply to the extent that practice in habeas proceedings "has previously conformed to the practice in civil actions."  Conversely, Rule 12 of the Rules Governing § 2254 Proceedings says the Civil Rules "may be applied" to habeas proceedings.

Application of summary judgment practice is inappropriate in this case, as it would be in any civil case, after a magistrate judge has filed a report and recommendations on the merits. The Motion to Reconsider striking Petitioner's Motion for Summary Judgment is DENIED.

**Order Denying Motion for Stay and Abeyance**

In his Motion for Stay and Abeyance, Walker asked this Court to stay final disposition of this case pending state court exhaustion of his Amended Petition for Post-Conviction Relief, alleged to have been filed in the Richland County Common Pleas Court on November 6, 2014 (Doc. No. 31, PageID 840).  This Court denied the Motion because it did not meet the standards adopted by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005)(Decision, Doc. No. 32, PageID 842-43.)

To overcome that ruling, Walker submits his Amended Petition for Post-Conviction Relief (Doc. No. 33-1, PageID 848-903).  Moreover, he avers the Amended Petition is not a second post-conviction petition as this Court supposed, but an amended petition as permitted by Ohio Revised Code § 2953.21(A)(4) and is timely under Ohio Revised Code § 2953.21(F). *Id.* at PageID 846.

Walker claims that

> The original Petition for Post Conviction Relief was timely filed on January 14, 2010, although improperly captioned as a Motion to

2

> Dismiss for Lack of Jurisdiction of the Grand Jury co Return a Valid Indictment. This motion should have been recast as a Petition for Post Conviction Relief. Ohio Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged. *State v. Schlee,* 117 Ohio St.3d 153, 2008 Ohio 545, P12, 882 N.E.2d 431; *State v. Bush,* 96 Ohio St.3d 235, 2002 Ohio 3993, 773 N.E.2d 522.

(Amended Petition, Doc. No. 33-1, PageID 848, note.) No mention is made in the prior proceedings in this case of the Motion to Dismiss for Lack of Jurisdiction. It appears to the Court that, having admittedly improperly captioned that Motion as something entirely different, Walker is now attempting to benefit from his own error to avoid the statute of limitations on Ohio Revised Code § 2953.21 petitions as well as the limit on amending such petitions. Nevertheless, if Judge DeWeese, the presiding judge in the criminal case, accepts Walker's invitation to "re-cast" the Motion to Dismiss and agrees to treat that motion as a 2953.21 petition timely filed and properly amended without leave of court because never "answered," this Court would reconsider a stay until the post-conviction proceedings are concluded.

A stay at this time is inappropriate for the following reasons:

First, the Common Pleas Court has not yet accepted Walker's "re-casting" argument.

Second, Walker has not demonstrated diligence in pursuing the claims included in his Amended Petition. None of these are claims which arose after sentencing or forfeiture, yet Walker waited almost four years to amend his post-conviction petition and indeed twenty months after he filed his Petition here. As the Court wrote in denying a stay initially, the Supreme Court recognized our discretion to grant a stay is conditioned on finding a petitioner had good cause for failing to exhaust his claims in state court first. Walker's lack of diligence in amending in state court prevents any finding of good cause.

The Motion to Reconsider granting a stay is DENIED.

December 17, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge