UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gary D. Walker,

    Petitioner,

    v.                                                                Case No. 1:13cv159

Warden, Lebanon                                         Judge Michael R. Barrett
Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court upon the April 7, 2014 Magistrate Judge's Report and Recommendation ("R&R") recommending that Petitioner's case be dismissed with prejudice. (Doc. 14). Notice was given to the parties under 28 U.S.C. §636(b)(1)(C). On April 11, 2014, Petitioner filed objections to the R&R. (Doc. 15).[1] After the matter was recommitted to the Magistrate Judge, the Magistrate Judge entered a Supplemental R&R on April 30, 2014 which again recommended that Petitioner's case be dismissed with prejudice. (Doc. 19). Petitioner filed objections to the Supplemental R&R. (Docs. 20, 21, 22).

**I.  BACKGROUND**

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner brings four grounds for relief, all of which are based upon the denial of appellate counsel. As the Magistrate Judge explained in more detail, Petitioner filed his first direct appeal *pro se* on July 1, 2009. The appeal was assigned Case No.

---

[1] Petitioner filed the same objections twice. (See Doc. 17).

09-CA-88. A few months after it was filed, Petitioner filed a *pro se* motion to dismiss his appeal. Petitioner then filed several motions with the trial court, including a motion to withdraw his guilty plea. The motion to withdraw his guilty plea was denied on March 24, 2010. However, Petitioner filed several motions regarding his sentence, and the trial court resentenced Petitioner on December 30, 2009 and entered an Amended Sentencing Entry on September 7, 2010. Petitioner filed a *pro se* appeal of the Amended Sentencing Entry, and the appeal was assigned Case No. 10-CA-116.

On appeal, the Ohio Court of Appeals found that the March 24, 2010 denial of Petitioner's motion to withdraw his guilty plea was a final appealable order from which Petitioner did not appeal. The court found that the September 7, 2010 Amended Sentencing Entry was in the nature of a nunc pro tunc entry and did not extend the time in which to appeal his convictions and sentences.

## II. ANALYSIS

### A. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Grounds One and Two

The Magistrate Judge recommends that Grounds One and Two be dismissed as

procedurally defaulted. The Magistrate Judge explained that while it is clear that there is a right to have counsel appointed for indigent criminal defendants at the trial level, there is no support for Petitioner's argument that a state appeals court must appoint counsel on direct appeal when there has been no request for counsel. The Magistrate Judge noted that Ohio Rule of Criminal Procedure 32(B) provides that "[u]pon defendant's request, the court shall forthwith appoint counsel for appeal." The Magistrate Judge explained that Petitioner did not comply with this rule and request counsel while his direct appeal was pending in Case No. 09-CA-88. The Magistrate Judge found that the rule is an "adequate and independent" state ground. In addition, the Magistrate Judge found that Petitioner did not establish that there was cause for his failure to comply with the rule, and Petitioner did not present any new probative evidence of actual innocence.

The Magistrate Judge also found that Grounds One and Two were procedurally defaulted because Petitioner failed to appeal the dismissal of his first appeal to the Ohio Supreme Court. The Magistrate Judge noted that Petitioner claimed that his failure to appeal was due to his lack of knowledge of his right to appeal. However, the Magistrate Judge noted that cause must be something external to the petitioner. Moreover, the Magistrate Judge noted that Petitioner waited thirty-eight months to request a delayed appeal, and in the interim, Petitioner had filed other appeals with the Ohio Supreme Court.

Petitioner argues that his failure to file an appeal with the Ohio Supreme Court is excused by the appellate court's failure to appoint counsel. However, as the Magistrate Judge explained, the right to appointed counsel only extends to the first appeal of right.

While states must appoint counsel to represent indigent defendants, a state need not appoint counsel to aid a poor person in discretionary appeals to the state's highest court, or in petitioning for review in the United States Supreme Court. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005).

Petitioner also objects on the basis that he was never advised of his right to appeal by the trial court. The transcript from Petitioner's June 2, 2009 change of plea and sentencing hearing reveals that the trial court did not inform Petitioner of his right to appeal at that time. (Doc. 7-2). However, Ohio courts have held that where an appeal is precluded by law, the sentencing court is not required to advise the defendant of the right to appeal the defendant's sentence. *See State v. Houston*, 2004 WL 2785286, *1 (Ohio Ct. App. 2004) ("Where a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant of his appeal rights."); *State v. White*, 2003 WL 22451372, at *1 (Ohio Ct. App. Oct. 6, 2003); *Bd. v. Bradshaw*, No. 1:12 CV 00637, 2014 WL 700026, at *7 (N.D. Ohio Feb. 21, 2014) (explaining that Ohio courts have held that "there is no requirement to advise a defendant of a right to appeal from a plea agreement containing a recommended sentence."); *see also* Ohio Crim. R. 32(B)(2) (requiring the sentencing court to advise a defendant of the right to appeal or to seek leave to appeal "where applicable").² Moreover, as this Court

---

²One court has outlined when a defendant has a right to appeal:

the right to appeal is granted to all defendants in Ohio. Ohio Rev.Code § 2953.02. Even a defendant who has pled guilty has limited rights to appeal. It is true that a defendant who pled guilty may not appeal the factual basis of his conviction, except on the basis that his guilty plea was not entered knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747

4

has explained, "a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003) (citing *Peguero v. United States*, 526 U.S. 24, 29–30 (1999)); *see also Kelley v. Brunsman*, 625 F. Supp. 2d 586, 599-600 (S.D. Ohio 2009) ("a court's 'failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission.'") (quoting *Peguero*, 526 U.S. at 24).

Here, Petitioner signed a form entitled "Admission of Guilt/Judgment Entry." (Doc. 7-1, PAGEID # 169). In that document, Petitioner acknowledged that "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal by me must be filed within 30 days of my sentence." This same language appeared in a summary of rights form signed by a habeas petitioner in *Crouse v. Bradshaw*, No. 1:12 CV 970, 2013 WL 5774702, at *2 (N.D. Ohio Oct. 23, 2013). The

---

(1970); *Baker v. United States*, 781 F.2d 85 (6th Cir.1986). It is also true that a defendant who pled guilty may not appeal a sentence that was jointly recommended by the prosecution and the defense, or a sentence imposed for a conviction of murder (as the judge has no discretion on the sentence to impose for a murder conviction). Ohio Rev.Code § 2953.08(D). However, that defendant still retains some appellate rights. *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, 748 (1979) (citing and adopting *Menna v. New York*, 423 U.S. 61, 62, footnote 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)). A defendant who pled guilty may appeal his conviction on grounds that the statute on which his conviction is based is unconstitutional. *Id.* A defendant who pled guilty may appeal a sentence that is contrary to law. Ohio Rev.Code § 2953.08. At least one Ohio appellate court has held that all Ohio defendants who plead guilty have a right to a delayed appeal where notice of a right to appeal was not given by the trial court. *State v. Robinson*, 101 Ohio App.3d 238, 655 N.E.2d 276 (1995). Even though a right to appeal might be limited, the Fourteenth Amendment requires procedural safeguards to protect that limited right. *Wolfe*, 267 F.Supp.2d at 746 ("After deciding that a right to appeal is essential, the state cannot then deny [a] defendant due process.").

*McIntosh v. Hudson*, 632 F. Supp. 2d 725, 737-38 (N.D. Ohio 2009).

5

petitioner in *Crouse* signed the form during his change of plea and indicated to the trial court that he understood the form. *Id.* However, the trial court did not orally advise the petitioner of his right to appeal. *Id.* On habeas review, the court found that trial court's error in failing to orally advise the petitioner of his right to appeal constituted harmless error in light of the form signed by the petitioner, his statement that he understood the form and his timely filed notice of appeal. *Id.* at *15.

Petitioner signed the "Admission of Guilt/Judgment Entry" in court during his change of plea and sentencing hearing on June 2, 2009. (Doc. 7-1, PAGEID # 656-57). After reviewing the form with his attorney, Petitioner stated that he did not have any questions. (Id.) Moreover, as the Magistrate Judge explained, Petitioner did file a timely appeal in Case No. 09-CA-88.

Next, Petitioner objects on the basis that in *Swenson v. Bosler*, 386 U.S. 258 (1967), the Supreme Court held that the right to appointed counsel on appeal exists even in the absence of a request. As the Magistrate Judge explained, *Swenson* does not stand for the general proposition that appellate counsel must automatically be appointed in every case.[3] The Magistrate Judge noted that more recent decisions of the Supreme

---

[3] Instead, the question in *Swenson* was whether there was a knowing and intelligent waiver of the right to counsel on appeal. As the Eighth Circuit has recently explained:

> As the Supreme Court has made clear, "where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Carnley v. Cochran,* 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Likewise, waiver of the right to appellate counsel cannot be inferred simply from the defendant's failure to request appellate counsel. *Swenson v. Bosler,* 386 U.S. 258, 260, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) (per curiam):
>
> > When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of

Court would be inconsistent with *Swenson*. See *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (rejecting *per se* rule requiring attorney to file notice of appeal regardless of whether client asks).

However, Petitioner points out that Ohio Rule of Criminal Procedure 44(C) requires the waiver of counsel to be in writing, and there is no evidence in the record showing he signed a plea agreement explicitly waiving his right to appellate counsel.

Ohio Rule of Criminal Procedure 44(C) provides:

> Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

Ohio Crim. R. 44(C). A serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Ohio Crim.R. 2(C). In this instance, Petitioner plead guilty to multiple felony counts arising from a scheme to generate fraudulent payroll checks at Wal-Mart. However, there is no evidence in the record before this Court that Petitioner was informed of his right to appellate counsel.

As the Eighth Circuit has explained in *United States ex. rel. Smith v. McMann*: "The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does know is to tell him so." 417 F.2d 648, 654 (2nd Cir. 1969). While *McMann* is not binding

---

> appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.
>
> *Id.*

*Koenig v. N. Dakota*, 755 F.3d 636, 641-42 (8th Cir. 2014).


on this Court, another district court has noted that:

> The Sixth Circuit has cited to *McMann* with approval in a number of cases. *See United States v. Aloi*, 9 F.3d 438, 444 (6th Cir. 1993) ("Presumably, these [appellate] rights are worthless to a defendant who does not know they are available to him. The advice is necessary to guarantee that poverty does not make it more difficult for an indigent convicted defendant to engage the appellate process than for a convicted defendant with money"); *See also Henderson v. Cardwell*, 27 Ohio Misc. 4, 426 F.2d 150, 154 (6th Cir. 1970). A defendant's right to an appeal, as well as his right to appellate counsel, can only be waived knowingly and intelligently. *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); *United States ex. rel. Smith v. McMann*, 417 F.2d at 654-55. A criminal defendant's right to appeal and to the appointment of appellate counsel "are personal rights of Constitutional dimension." Therefore, such rights cannot be waived upon a silent record. *See Boyd v. Cowan*, 519 F.2d 182, 184 (6th Cir. 1975).

*Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 829 (E.D. Mich. 2004); *see also U. S. ex rel. Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir. 1971) ("we hold that the trial judge should have advised petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel on appeal if he is indigent. Failure to give such advice violated petitioner's right to equal protection under the fourteenth amendment and his sixth amendment right to counsel, incorporated through the due process clause of the fourteenth amendment."). As this Court has explained:

> In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White*, 180 F.3d at 652 (5th Cir. 1999), *Norris v. Wainwright*, 588 F.2d 130, 135 (5th Cir.), *cert. denied*, 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir.1974), *cert. denied*, 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975).

*Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003); *State v. Hunter*, 2010 WL

660364, *3 (Ohio Ct. App. Feb. 25, 2010) (finding that failure to inform the defendant of his appellate rights under Crim.R. 32, including the right to counsel, required the trial court to resentence the defendant advising him of these rights, thus reinstating the time within which he may file a timely notice of appeal on the resentencing).

While it does not appear from the record that Defendant was advised of his right to appellate counsel when he was originally sentenced on June 2, 2009.  However, Petitioner was resentenced on December 30, 2009 by video conference connection. (See Doc. 7-1, PAGEID # 240).   It does not appear that the transcript from that hearing is in the record before this Court.

The Court therefore returns this matter to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(b)(3) for purposes of completing the record and further analysis by the Magistrate Judge.

### C. Ground Three

The Magistrate Judge recommends that Ground Three be dismissed with prejudice.  The Magistrate Judge explained that there is no appeal of right from the decision of an Ohio intermediate court of appeals to the Ohio Supreme Court, and there is no obligation that a court of appeals must inform a defendant of the procedural right to ask the Ohio Supreme Court to take jurisdiction.

The Court finds no error in the recommendations of the Magistrate Judge, and therefore Petitioner's objections are OVERRULED.

### D. Ground Four

The Magistrate Judge recommends that Ground Four be dismissed with prejudice

because it is without merit. The Magistrate Judge explains that Petitioner did request appointment of counsel on his appeal in Case No. 2010-CA-116. However, the Magistrate Judge also explained that the Fifth District Court of Appeals decided that Case No. 2010-CA-116 was not his first appeal of right, and the constitutional right to counsel only extends to the first appeal of right.

The Court finds no error in the recommendations of the Magistrate Judge, and therefore Petitioner's objections are OVERRULED.

### III. CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS in PART** the April 7, 2014 Magistrate Judge's R&R (Doc. 14) and April 30, 2014 Supplemental R&R (Doc. 19) recommending that Grounds Three and Four be dismissed with prejudice; and **RETURNS** this matter to the Magistrate Judge for further analysis of Grounds One and Two consistent with this Order.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                           Michael R. Barrett, Judge
                                           United States District Court