# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

GARY D. WALKER,

|  |  |  |  |
|--|--|--|--|
| | Petitioner, | : | Case No. 1:13-cv-159 |
| - vs - | | | District Judge Michael R. Barrett |
| | | | Magistrate Judge Michael R. Merz |
| WARDEN, Lebanon Correctional Institution, | | : | |
| | Respondent. | | |

## REPORT AND RECOMMENDATIONS ON RECOMMITTAL

This habeas corpus case is before the Magistrate Judge on return from District Judge Barrett "for purposes of completing the record and further analysis" as to Grounds One and Two (Order, Doc. No. 39, PageID 927). The record was completed by the Warden's filing a transcript of the sentencing hearing of December 30, 2009 (Doc. No. 47). The parties were permitted to file additional memoranda on Grounds One and Two (Order, Doc. No. 41) and have done so (Doc. Nos. 54 and 55)[1]. Judge Barrett has also recommitted to the Magistrate Judge the Decision and Order Denying Judicial Notice (Doc. No. 38) along with the Objections Petitioner filed to that Decision (Doc. No. 42).

---

[1] Petitioner, having learned the Magistrate Judge calculated the ripeness date on remand as April 15, 2015, the deadline for filing the additional memoranda on Grounds One and Two, objected to the allowance of additional memoranda, argued the case had been ripe since April 2014, and moved to compel issuance of a report and recommendations (Motion to Compel or Immediately Discharge, Doc. No. 58). Walker has now withdrawn that Motion (Doc. No. 59).

## Procedural History in the Ohio Courts

Walker was indicted by a Richland County grand jury in January 2009 on multiple criminal counts arising from a scheme to generate fraudulent payroll checks at Wal-Mart. He was appointed counsel and a jury trial commenced, but was terminated by a negotiated guilty plea. Walker was then sentenced to an aggregate term of twelve years imprisonment.[2]

Walker filed a timely *pro se* notice of appeal to the Fifth District Court of Appeals on July 1, 2009 (Return of Writ, Doc. No. 7-1, PageID 175). The appeal was assigned case No. 09-CA-88. The next thing in the record is Walker's September 4, 2009, Walker, Motion to Dismiss Appeal which reads in its entirety:

> Gary Walker, Appellant, moves this Court for an order dismissing the appeal currently pending before this Court. Mr. Walker was unable to meet the filing deadline as mandated and furthermore has not exhausted his vital claims in the common pleas court to date. Therefore it would be premature to file the instant appeal. [R]elief is accordingly sought.

*Id.* at PageID 176. The court of appeals granted that Motion on September 24, 2009. *Id.* at PageID 178. At no time while the appeal was pending did Walker in any way (e.g., directly or by filing *in forma pauperis* papers) request appointment of counsel.

Four days after the dismissal, Walker moved for re-sentencing in the trial court, arguing that the prior sentence was void for improper imposition of post-release control. *Id.* at PageID 180. The State agreed the sentence was voidable and that Walker should be re-sentenced. *Id.* at

---

[2] The Warden reports that Walker is serving sentences imposed in Ashland and Cuyahoga Counties (Doc. No. 55, PageID 1056) Those convictions are not before this Court, nor are they relevant to the issues involved here.

PageID 186-93.  Judge DeWeese conducted a re-sentencing hearing on December 30, 2009 (Transcript, Doc. No. 47).  The next day Walker filed a motion to withdraw his guilty plea.  *Id.* at PageID 203, et seq.  Judge DeWeese overruled that motion on March 24, 2010 (Judgment Entry, Return of Writ, Doc. No. 7-1, PageID 239).  On July 28, 2010, Judge DeWeese filed Findings and a Journal Entry on the December 30, 2009, hearing, overruling the request for re-sentencing (Return of Writ, Doc. No. 7-1, PageID 250-53).  Walker filed a new Motion for Re-Sentencing to Correct Void Sentence on August 27, 2010. *Id.*  at PageID 256.  On September 7, 2010, Judge DeWeese entered an Amended Sentencing Entry. *Id.*  at PageID 278.

On September 28, 2010, Walker took an appeal from that entry and it was assigned Case No. 10-CA-116 in the Fifth District Court of Appeals. *Id.*  at PageID 281.  The Notice recites that Walker is proceeding *pro se* and does not request appointment of counsel.  On January 21, 2011, Walker filed an Appellant's Revised/Supplemented Brief in which he styles himself counsel *in propria persona*. *Id.* at PageID 283 et seq.  He styled the proceeding as his direct appeal as of right from the September 7, 2010, judgment.  *Id.*  at PageID 294.  The Fifth District decided the appeal as follows:

> **[\*P21]** In his present Assignments of Error, appellant essentially raises three claims regarding (1) acceptance of his guilty pleas, (2) ineffective assistance of trial counsel, and (3) aspects of his sentence. However, in light of the procedural history of this case and the spate of appellant's motions filed after his 2009 conviction and sentences, we find none of these claims are properly before this Court.
>
> **[\*P22]** We first note that appellant, having voluntarily dismissed his direct appeal in 2009, chose to challenge his guilty pleas by filing a motion under Crim.R. 32.1 and *State v. Sarkozy*, 117 Ohio St.3d 86, 881 N.E.2d 1224, 2008 Ohio 509. Said motion was separately denied by judgment entry on March 24, 2010. At that point, the denial of said post-sentence Crim.R. 32.1 motion to withdraw plea constituted a final appealable order. See, e.g., *State v. Damron*, Scioto App.No. 10CA3375, 2011 Ohio 165, ¶ 7

(additional citations omitted). As noted in our recitation of facts, appellant did not appeal therefrom. Likewise, the trial court had dealt with appellant's post-release control claims via a hearing (December 30, 2009) and judgment entry (July 28, 2010), from which appellant again did not appeal. Furthermore, the amended sentencing entry of September 7, 2010, from which appellant has appealed herein, does not open the door to a new round of direct appeal challenges to his 2009 convictions and sentences. The purpose of the amended sentencing entry was to clarify, at appellant's insistence, the issue of merger regarding a number of the counts. Because this amended entry was issued solely to memorialize additional aspects of the plea agreement concerning merger of offenses, we find it to be in the nature of a nunc pro tunc sentencing entry. However, nunc pro tunc entries generally do not extend the time in which to appeal. See *Pugh Shows, Inc. v. Pugh*, Fairfield App.No. 6-CA-91, 1991 Ohio App. LEXIS 6249, 1991 WL 302426, citing *State v. Shinkle* (1986), 27 Ohio App.3d 54, 27 Ohio B. 57, 499 N.E.2d 402.

**[\*P23]** Accordingly, we hold the issues raised by appellant in the present appeal are unreviewable by this Court under the doctrine of *res judicata.* Appellant's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error are overruled.

*State v. Walker*, 2011-Ohio-4005, 2011 Ohio App. LEXIS 3367 (5th Dist. Aug. 10, 2011).  The

Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Walker*,

131 Ohio St. 3d 1459 (2012).  Walker sought reconsideration in the court of appeals on the

grounds that the 2010 amended sentencing entry was the first final appealable order in the case

because the June 2009 sentencing entry did not dispose of the "odd" numbered counts (Return of

Writ, Doc. No. 7-1, Motion for Reconsideration, PageID 386).  Walker also argued the July 28,

2010, Findings and Journal Entry did not constitute a final appealable order because they were

deficient under Ohio R. Crim. P. 32(C).  *Id.*  The court of appeals summarily denied

reconsideration on October 25, 2011 (Judgment Entry, Doc. No. 7-1, PageID 389).  Walker

appealed to the Ohio Supreme Court, claiming the Fifth District deprived him of his right to

counsel on direct appeal when it denied his request for counsel in **Case No. 10-CA-116**

(Memorandum in Support of Jurisdiction, Doc.No. 7-1, PageID 403).  The attachments show a motion for appointment of counsel on April 15, 2011 (PageID 423) and a denial on May 4, 2011. *Id*. at PageID 425.  On October 21, 2011, the Ohio Supreme Court granted Walker's motion to voluntarily dismiss his subsequent appeal to that court. *Id*. at PageID 453.  On November 28, 2011, Walker appealed from the Fifth District's denial of reconsideration. *Id*. at PageID 454.  On February 22, 2012, the Ohio Supreme Court declined jurisdiction. *Id*. at PageID 499.  On June 1, 2012, Walker filed a Motion to Vacate Void Judgment and Re-instate Direct Appeal in the Fifth District. *Id*. at PageID 592, et seq.  That Motion was denied June 13, 2012.  *Id*. at PageID 602. Walker again appealed to the Ohio Supreme Court (PageID 603) and that court again declined to exercise jurisdiction. *Id*. at PageID 630.  On November 8, 2012, Walker sought a delayed direct appeal to the Ohio Supreme Court of his original conviction (PageID 631) which that court denied on February 8, 2013.  *Id*. at PageID 648.  Walker filed his habeas corpus Petition in this Court a month later on March 8, 2013 (Doc. No. 1).

## Procedural History in this Court

Walker's First and Second Grounds for Relief as pled in his Petition read as follows:

> **Ground One:** Petitioner, an indigent, rights to Due Process and Equal Protection under the Fourteenth Amendment to the United States Constitution was violated when, Ohio Fifth District Court of Appeals completely denied/deprived petitioner of appellate counsel on petitioner's first direct appeal of right from his criminal conviction in violation of *Douglas y, California,* 372 U.S. 353, 9 L.Ed. 2d 811, 83 S.Ct. 814, in Ohio Fifth District Court of Appeals Case No. 2009-CA-0088.

> **Supporting Facts:** Petitioner, an indigent, filed a timely pro se notice of appeal from his criminal conviction and sentence. The

Ohio Fifth District Court of Appeals never appointed appellate counsel to prosecute petitioner's appeal, and petitioner acting pro se, improvidently dismissed his only direct appeal as of right because petitioner could not file a timely pro se brief and petitioner was under the false impression claims could be raised in the trial court without an appeal. It must be noted, petitioner did not waive counsel on direct appeal. Petitioner, is being held in violation of his rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States, as more fully described in the memorandum in support filed herewith and incorporated herein by reference.

**Ground Two:** Petitioner, an indigent, was denied his right to the Si[x]th Amendment to the United States Constitution when Ohio's Fifth District Court of Appeals completely deprived petitioner of appellate counsel on petitioner's first direct appeal of right from his criminal conviction in violation of *Evitts v. Lucey*, 469 U.S. 387, 83 L.Ed. 2d 821, 105 S.Ct. 830 (1985), in Ohio Fifth District Court of Appeals Case No. 2009-CA-0088.

**Supporting Facts:** Petitioner, an indigent, filed a timely pro se notice of appeal from his criminal conviction and sentence. The Ohio Fifth District Court of Appeals never appointed appellate counsel to prosecute petitioner's appeal, and petitioner acting pro se, improvidently dismissed his only direct appeal as of right because petitioner could not file a timely pro se brief and petitioner was under the false impression claims could be raised in the trial court without an appeal. It must be noted, petitioner did not waive counsel on direct appeal. Petitioner, is being held in violation of his rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States, as more fully described in the memorandum in support filed herewith and incorporated herein by reference.

(Petition, Doc. No. 3).

The Warden filed an Answer (Doc. No. 7) and Walker filed a Reply (Doc. Nos. 8 and 9). The case was thus ripe for decision when the reference was transferred to the undersigned from Magistrate Judge Bowman on March 31, 2014 (Doc. No. 13).

The Warden had argued Grounds One and Two[3] were procedurally defaulted.  Walker

---

[3] The Warden also argued Grounds Three and Four were procedurally defaulted.  The original Report and

responded that the right to counsel on direct appeal cannot be procedurally defaulted because it is an "absolute" right and failure to appoint counsel on direct appeal renders the judgment of the court of appeals void (Reply, Doc. No. 8, PageID 675-75). The Original Report found Walker procedurally defaulted on Grounds One and Two by never requesting appointment of counsel (Doc. No. 14, PageID 706-10). In the Supplemental Report the Magistrate Judge reached the same conclusion, finding Walker's failure to request an attorney was not excused by failure of the trial court to notify him of his right to appeal after his guilty plea (Doc. No. 19, PageID 758-60).

On review Judge Barrett focused at some length on Walker's claim that his failure to request a lawyer was excused by the trial court's failure to advise him of his right to appeal (Order, Doc. No. 39, PageID 922-27). The District Judge returned the case to the Magistrate Judge for further analysis of Grounds One and Two in light of that discussion. *Id.* at PageID 927.

# ANALYSIS

In his Third Amended Memorandum in Support of Grounds for Relief One and Two (the "Memorandum," Doc. No. 54), Walker has combined those two grounds for relief to read:

**Ground for Relief One and Two**

The Petitioner, Gary D. Walker, was completely deprived of his right to appellate counsel on his initial appeal of right in Ohio's Fifth District Court of Appeals, Case No. 09CA0088, in violation of the Sixth and Fourteenth Amendment [sic] to the United States Constitution.

---

Recommendations (the "Original Report," Doc. No. 14) accepted that position and Judge Barrett has adopted that recommendation (Order, Doc. No. 39, PageID 927-28).

*Id.* at PageID 1035.  This is an accurate and appropriate condensation of the first two Grounds for Relief.

**Procedural Default by Failure to Request that Counsel Be Appointed**

The Warden argues Walker procedurally defaulted on his claim regarding appointed appellate counsel by failing to comply with Ohio Crim. R. 32(B) which requires a request for appointment.

As a background matter, there is no federal constitutional right to appeal criminal verdicts for error review.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005).  "Due process does not require a State to provide appellate process at all."  *Goeke v. Branch*, 514 U.S. 115, 120 (1995).  Of course when it does provide a right to appeal, the State cannot discriminate against the poor in doing so. The Supreme Court early held the States must provide the indigent with a transcript for appeal if a transcript is required. *Griffin v. Illinois*, 351 U.S. 12 (1956). In 1963 the Court required both appointed counsel for indigent criminal defendants both at trial, *Gideon v. Wainwright*, 372 U.S. 335 (1963), and on appeal. *Douglas v. California*, 372 U.S. 353 (1963).  Without question Walker was entitled to appointed counsel on his initial direct appeal.[4]

It is undisputed that no lawyer was ever appointed for Walker on his direct appeal.  If Walker were correct that the right to appellate counsel is "absolute" so that a judgment rendered without counsel would be void, that would be the end of this case and Walker would be entitled to a new direct appeal with appointed counsel.  But Walker points to no Ohio or federal

_____

[4] Apparently Wallker's indigent status at the time is not in question.  He was represented by appointed counsel at trial.

constitutional case law that reaches that result.

Rather the Warden asserted and the Magistrate Judge concluded in the Report that Walker procedurally defaulted his claim to an appointed appellate attorney by never requesting one.  In reaching that conclusions, the Repot applied the four-step procedural default analysis required by *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  The Magistrate Judge first determined there was a relevant procedural rule, Ohio R. Crim. P. 32(B), which provides in pertinent part, "Upon defendant's request, the court shall forthwith appoint counsel for appeal.  Walker admits that he did not make such a request.

However, Walker also argues his failure to request an attorney is immaterial because he also never waived counsel.  He notes that Ohio R. Crim. P. 44(C) provides "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22.  In addition, in serious offense cases the waiver shall be in writing."  This is, of course, a serious offense case and there is neither a written waiver of counsel nor any record that such a waiver took place in open court.

Walker's arguments elides the distinction between a waiver of a right and a forfeiture of the right by failure to exercise it.  The Supreme Court, however, has noted the distinction: "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment of a known right."  *United States v. Olano*, 507 U.S. 725, 733 (1993), see also *Freytag v. C.I.R.*, 501 U.S. 868, 895 (1991)(acknowledging that the Supreme Court has so often used the words interchangeably that it may be too late to introduce precision.)  The Supreme Court explained again recently, "[A] constitutional right or a right of any other sort 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to

determine it." *Henderson v. United States*, 568 U.S. ___, 133 S. Ct. 1121, *; 185 L. Ed. 2d 85 (2013), *quoting Yakus v. United States*, 321 U.S. 414, 444 (1944).

Examples abound.  Litigants have a right not to have hearsay testimony introduced against them, but forfeit that right unless they make a contemporaneous objection.  Criminal defendants have a right to prevent prosecutors from misconduct in closing argument, but the right is lost if no contemporaneous objection is made.  The Sixth Circuit has repeatedly held the contemporaneous objection rule is an adequate and independent ground of state decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir.  2012),*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v.  Bradshaw*, 482 F.3d 442 (6th Cir.  2007); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).  As a matter of inexact usage, it might well be said a party has "waived" a hearsay objection by not objecting, but it is really a forfeiture:  the trial judge does not interrupt the proceedings to ask a defendant if he understands what hearsay is and that the last answer was hearsay and if he wants to give up his objection.

Walker's argument quoting Ohio Criminal Rule 44(C) suggests that loss of the right to appointed appellate counsel requires a knowing, intelligent, and voluntary waiver such as is required for waiver of a jury trial or grand jury indictment or the right to trial itself upon a change of plea.  But Criminal Rule 32(B) says there must be a request for appointed counsel.

This federal court should read those two Rules, both adopted by the Ohio Supreme Court, consistently with one another if possible. We should read Rule 44(C) as intended to ensure that a criminal defendant's election to proceed *pro se* in a felony case as recognized in *Faretta v. California,* 422 U.S. 806, 812-13 (1975), is valid. The Supreme Court has been very protective of the right to counsel at trial so that any waiver of the right to counsel at trial must be knowing, intelligent, and voluntary. *Johnson v. Zerbst,* 304, U.S. 458, 464 (1938). Warnings of the pitfalls of proceeding to trial without counsel must be rigorously conveyed. *Patterson v. Illinois,* 487 U.S. 285, 298 (1988); *Faretta v. California,* 422 U.S. 806, 835 (1975). But while the Supreme Court has protected the right to counsel for the indigent on appeal, it has never held the right must be formally waived.

Judge Barrett's Order of recommittal reflects lower court law holding there is a right to be advised of the right to appointed counsel on appeal. See Doc. No. 39 at PageID 926, citing *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 829 (E.D. Mich 2004); *U.S. ex rel Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir. 1971); and *Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003)(Spiegel, D.J., adopting Report of Sherman, M.J.). The logic of these cases is that the right to appeal and the corollary right to counsel for appeal is of little use if an indigent defendant does not know of the right.

In response, the Warden cites different authority expressly holding there is no constitutional right to be advised of the right to appeal following a guilty plea[5] (Respondent's Memorandum, Doc. No. 55, PageID 1057, citing *United States v. Holt*, 701 F. 2d 182 (6th Cir. 1982); Carey v. Leverette, 605 F.2d 745 (4th Cir. 1979); *United States v. Drummond,* 903 F.2d 1171 (8th Cir. 1990); *Davis v. Wainright,* 462 F.2d 462 F.2d 1354, 1355 (5th Cir. 1972); and from

---

[5] Fed. R. Crim. P. 32(j)(1)(A) only requires advising a defendant of his or her right to appeal if the case has gone to trial and resulted in a conviction. Presumably the Supreme Court would not have promulgated that rule if there were a constitutional right to be advised of the right to appeal after a guilty plea.

our own Court *Poindexter v. Hurley*, 2003 U.S. Dist. LEXIS 27230 (S.D. Ohio July 7, 2003)(Smith, D.J., adopting Report of Abel, M.J.)

Faced with such evenly-based lines of authority, the Court might, in a non-habeas case, choose which line it found more persuasive. But in habeas cases after adoption of the AEDPA, only rights recognized in holdings of the United States Supreme Court can provide the basis for relief.

The Supreme Court has elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> > (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> >
> > "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120

> S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor,* supra, at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005).

In determining whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may look only to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003); *Williams*, 529 U.S. at 412. A circuit court may not use circuit precedent "to refine or sharpen a general rule of Supreme Court jurisprudence into a specific rule that" the Supreme

Court has not announced.  *Lopez v. Smith*, 574 U.S. ___, 190 L. Ed. 2d 1, (2014)(per curiam);

*Marshall v. Rodgers*, 569 U.S. ___, 133 S. Ct. 1446; 185 L. Ed. 2d 540 (2013)(per curiam).

If a circuit court may not look to its own precedent recognizing constitutional rights, *a fortiori* this Court may not look to its own precedents to do so, ruling out reliance on *Wolf v. Randle, supra*, or for that matter *Poindexter v. Hurley, supra*.  The conclusion of the Fifth District Court of Appeals that Walker procedurally defaulted his right to appointed counsel on appeal by not requesting counsel is neither contrary to nor an objectively unreasonable interpretation of Supreme Court precedent regarding appointment of appellate counsel, e.g., *Douglas v. California, supra*, or *Evitts v. Lucey, supra*.  The Court should therefore dismiss Grounds One and Two as barred by Walker's failure to request appointment of counsel.

**Procedural Default by Failure to Appeal to the Ohio Supreme Court**

As Judge Barrett's Order notes, the Warden also argued Walker further defaulted on his claim in Grounds One and Two by not appealing to the Ohio Supreme Court (Doc. No. 39, PageID 921-22).  The Magistrate Judge adopted that position in the Original and Supplemental Reports. *Id.*  However, based on the analysis in this section, that position is in error.  Walker had nothing to appeal to the Ohio Supreme Court when his motion to dismiss his direct appeal was granted.

Walker also asserts that if he had been appointed counsel on his initial direct appeal, that attorney would have had an obligation to advise him of his right to appeal further to the Supreme Court of Ohio (Third Amended Memorandum, Doc. No. 54, PageID 1042-44).  Walker is correct that notifying a client of an adverse decision at the court of appeals level is part of the duty of

appellate counsel and failure to do so is ineffective assistance of appellate counsel. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006). If Walker had had counsel on the initial direct appeal, appointed or retained, and had suffered an adverse decision, that lawyer would have been under a duty to advise Walker of the adverse decision.

However, this rule has no impact on the current case because Walker did not suffer an adverse decision on his initial direct appeal. Instead, he moved to dismiss the appeal and the court of appeals granted that decision. When one asks a court for a particular form of relief and that relief is granted, there is no right to appeal at all because it is not an adverse decision. Of course, Walker's decision to dismiss the appeal voluntarily had adverse consequences to his case later on, but that would not have made it appealable.

If granting the requested dismissal was an error, it would have to be treated as an invited error. A party cannot take advantage of an error he invited or induced. *State v. Seiber*, 56 Ohio St. 3d 4, 17 (1990); *accord State v. Murphy*, 91 Ohio St. 3d 516, 535 (2001); *State v. Cassano*, 96 Ohio St. 3d 94, 105 (2002). A party cannot obtain federal habeas corpus relief from invited error. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002); *Fields v.Bagley*, 275 F.3d 478, 486 (6th Cir. 2001).

Walker did not procedurally default on these two claims by not appealing to the Ohio Supreme Court. This second basis for procedural default raised by the Warden should be overruled.


**New Claims Made in the Third Amended Memorandum**


In addition to restating and condensing Grounds One and Two, Walker added another

15

claim in the body of his Memorandum, to wit, that he was denied counsel at his December 30, 2009, re-hearing (Memorandum Doc. No. 54, PageID 1044).  He also claims he was not advised at that hearing of his right to appeal from the re-sentencing.  *Id.*  at PageID 1046.

The Respondent notes that Walker's claims of denial of counsel at the resentencing hearing and failure to inform of a right to counsel on appeal from that resentencing are new claims, not made before in this case, unexhausted, and untimely.  (Doc. No. 55, PageID 1055).

The factual basis for these claims is clear:  Walker plainly requested representation of counsel at the resentencing hearing (Transcript, Doc. No. 47, PageID 952, 954).  Judge DeWeese advised him he could appeal from the rulings made at the December 30, 2009, hearing, but did not advise Walker that he was entitled to appointed counsel for such an appeal. *Id.*  PageID 954.

28 U.S.C. § 2244 enacts a one-year statute of limitations for federal habeas corpus claims.  The time runs from the date on which the conviction becomes final.  In this case, the Amended Sentencing Entry resulting from the December 30, 2009, hearing became final ninety days after the Ohio Supreme Court declined to exercise jurisdiction over the appeal from the resentencing on February 22, 2012.  *See State v. Walker*, 131 Ohio St. 3d 1459 (2012).  The statute runs from the last day on which a defendant could have sought review by the United States Supreme Court by writ of certiorari.  *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000);  *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998);  *see also Clay v. United States*, 537 U.S. 522 (2003)(as to § 2255),  *Lawrence v. Florida*, 549 U.S. 327  (2007)(indicating *Clay* analysis would also apply to § 2244).   In this case the time to apply for certiorari expired May 22, 2012.  Walker did not file his Memorandum raising these new claims until April 14, 2015, more than three years later.  The claims do not relate back to the prior filing because they are not based on the same facts relied on in the Petition.  *Mayle v. Felix*, 545 U.S. 644 (2005).  Procedurally,

Walker could not add claims just by inserting them in such a Memorandum, but would instead have to move for leave to amend under Fed. R. Civ. P. 15.  However, such a motion would be denied as futile because the new claims are barred by the statute of limitations.

**Recommittal of Denial of Judicial Notice**

Judge Barrett has also recommitted (Doc. No. 42) the Magistrate Judge's Decision and Order denying judicial notice of Ohio R. Crim P. 44(C)(Doc. No. 40) for reconsideration in light of Walker's Objections (Doc. No. 40).

Walker moved the Court to take judicial notice of Ohio R. Crim P. 44(C) on March 3, 2015 (Doc.No. 38).  The Magistrate Judge denied the Motion "because it is a transparent attempt to add argument to the record many months after Walker's time to object to the pending Supplemental Report and Recommendations expired."  (Doc. No. 38, PageID 915.)

Walker objects that it is perfectly proper for this Court to take judicial notice of the content of a relevant Ohio Rule of Practice  (Objections, Doc. No. 40).  Fed. R. Evid. 201 allows a federal court to take judicial notice of adjudicative facts.  Ohio Criminal Rule 44 is not a "fact," it is part of the law of Ohio and therefore not a proper subject for judicial notice in any event.  Furthermore in his Objections Walker admits he spent a good deal of his Motion to Take Judicial Notice presenting his interpretation of Ohio R. Crim. P. 44, argument he had not made previously.  While he says the Motion was not an attempt to add argument after the deadline, he does not deny (1) the Motion contains significant argument, (2) that argument was not made in his Objections to the Supplemental Report and Recommendations, and (3) the Motion was filed ten months after the Supplemental Report and Recommendations and after Walker had already

filed three sets of Objections to that Report (Doc. Nos. 20, 21, 22).

The Magistrate Judge recommends denial of Walker's Objections related to the Motion for Judicial Notice. Furthermore, it is noted that Judge Barrett has nevertheless considered Walker's arguments about Rule 44(C).

## Conclusion

It is again respectfully recommended that Grounds One and Two be dismissed with prejudice on account of Walker's procedural default in not requesting appointment of counsel on appeal. Because of the division of authority cited above, the Magistrate Judge believes reasonable jurists could disagree on that conclusion and recommends that Walker be granted a certificate of appealability on Grounds One and Two.

May 26, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

18

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).