IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GARY D. WALKER, | ) | Case No. 1:13-CV-159 |
| Petitioner, | ) | |
| | ) | District Judge Michael R. Barrett |
| vs. | ) | Magistrate Judge Michael R. Merz |
| | ) | |
| ERNIE L. MOORE, Warden | ) | |
| Respondent. | ) | |

## PETITIONER'S CORRECTED OBJECTIONS TO THE MAY 25, 2015, REPORT & RECOMMENDATION ON RECOMMITAL[*]

Now comes the Petitioner, Gary D. Walker, and respectfully submit his Objections to the May 26, 2015, Report & Recommendations on Recommittal. A memorandum supporting the basis of these objections is attached hereto and is incorporated herein by reference.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

SCANNED AT LCI and E-Mailed
to USDC OHSD on 5-29-
2015 by _____
No. of Pgs. 33

---

[*] The Petitioner mistakenly submitted a rough draft of his Objections to the May 25, 2015, Report & Recommendation on Recommittal on May 28, 2015, and ask that this Corrected Objections to the May 25, 2015, Report & Recommendation on Recommittal, supersede and nullify the former filing.

## MEMORANDUM

Pursuant to Fed Rules Civ. R. 72(b), the Petitioner, Gary D. Walker, respectfully submit this

Memorandum in support of his Objections.

### OBJECTION NO. 1

1. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the state court did not rely on a failure to comply with Criminal Rule 32(B)(3)(d) as an independent basis of denying relief or its basis of disposing of the Petitioner's case under *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.**

The Report & Recommendation on Recommittal finding that the Petitioner procedurally

defaulted is impermissible in light of the United States Supreme Court decision in *Harris v. Reed*,

489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308, which held,

> "On a petition for a writ of habeas corpus, a federal court may review a federal claim rejected by the state appellate court "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." 489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. At 4227.."

Additionally, the *Harris* Court held,

> "The mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: 'the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'"[1]

In this case, when the Ohio Fifth District Court of Appeals dismissed the Petitioner's initial

appeal of right on September 24, 2009,[2] the Ohio Fifth District Court of Appeals did not rely on

Ohio Criminal Rule 32(B)(3)(d), as an independent basis for its disposition of the Petitioner's

---

1  *Id*. at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. at 4226.

2  PageID 178

case.'"[3]

Thus *Harris* make clear that,

> A "plain statement" that the affirmance is based on a state procedural default is required in order to bar federal habeas review.[4] An affirmance without opinion does not "clearly and expressly" indicate whether the appellate court relied upon the merits of the claim or the procedural default in rendering its judgment.[5]

Here, as the state court did not rely on Ohio Criminal Rule 32(B)(3)(d) as a procedural grounds in denying Walker's initial appeal of right, habeas review is not barred and there is no need for Walker to demonstrate "cause" and "prejudice" before this Court can decide the merits of the petitioner's denial of appellate counsel claim.[6]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report & Recommendation on Recommittal finding that the failure of the Petitioner to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) was a procedural default because the Ohio Fifth District Court of Appeals did not rely on Ohio Criminal Rule 32(B)(3)(d), as an independent basis or procedural default for its disposition of the Petitioner's case;[7] and,

■ Find this petition for habeas corpus is not barred from review pursuant to *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.[8]

### OBJECTION NO. 2

---

3  *Id.* at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. At 4226, and See, September 24, 2009, Judgment Entry, at PageID 178

4  489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. at 4226.

5  *Id.* at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. at 4227. See also *Ulster County Court v. Allen*, 442 U.S. 140, 152, 99 S. Ct. 2213, 2222, 60 L. Ed. 2d 777 (1979)(holding a procedural default bars the consideration of the merits of an issue in federal court only when the state court itself applies the procedural default rule).

6  Compare with *Stacey v. Warden*, Apalachee Correctional Inst., 854 F.2d 401, 1988 U.S. App. LEXIS 12018 (11th Cir. Ala. 1988)(finding as the state court did not rely on procedural grounds in denying Stacey's *coram nobis* petition, there is no need for Stacey to demonstrate cause and prejudice before the district court can hear his ineffective assistance claim).

7  This finding is appropriate under *Harris* because the Ohio Fifth District Court of Appeals did not rely on Ohio Criminal Rule 32(B)(3)(d), as an independent basis for its disposition of the Petitioner's case.

8  If relief is denied grant a COA on this objection.

2. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), because the Ohio Supreme Court bar such a finding in the absence of a state court judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, pursuant to *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.**

In the event this Court reject the Petitioner's first Objection, the Petitioner submit that the Report & Recommendation on Recommittal finding that the Petitioner procedurally defaulted by failing to request the appointment of appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) is impermissible pursuant to *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.

The Ohio Supreme Court held in *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109,

In the absence of a judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, a judgment either dismissing the appeal or affirming the judgment of conviction will not amount to an adjudication of any claims of error that were or could have been raised on that appeal.

In this case, its indisputable that the Petitioner did not have appellate counsel on his initial direct appeal, and there is no judicial determination from the state courts that the petitioner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction.

In the absence of a judicial determination that the petitioner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, the Fifth District Court of Appeals judgment dismissing the Petitioner's appeal can not amount to an adjudication of any claims of error that were or could have been raised on that appeal.[9]

---

9  *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report& Recommendation on Recommittal finding that the failure of the Petitioner to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) was a procedural default because there is no judicial determination from the state courts that the petitioner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction and using the failue to request counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) is impermissible under *State v. Catlino*, 10 Ohio St. 2d 183,  226 N.E.2d 109;[10]

- Find this petition for habeas corpus is not barred from review pursuant to *State v. Catlino*, 10 Ohio St. 2d 183,  226 N.E.2d 109.[11]

### OBJECTION NO. 3

3. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), because an indigent defendant's failure to request appellate counsel is not a procedural default or "waiver" of counsel pursuant to *Swenson v. Bosler,* 1966, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33.**

The Petitioner submit that the Report & Recommendation on Recommittal finding that the Petitioner procedurally defaulted by failing to request the appointment of appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) is impermissible pursuant to *Swenson v. Bosler,* 1966, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33.

In *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S. Ct. 996, the Supreme Court held,

> We think the documents contained in this transcript demonstrate that respondent did indicate to the Missouri courts his desire for counsel on appeal. But even if such a request had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled "that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Carnley v. Cochran*, 369 U.S. 506, 513, 82 S. Ct. 884, 8 L. Ed. 2d 70. When a defendant whose indigency and desire to appeal are manifest does not have

---

10 This finding is appropriate under *Catlino*.

11 If relief is denied grant a COA on this objection.

the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel. (Emphasis supplied.)

Pursuant to *Swenson*, this Court should not find that the failure of the Petitioner to request appellate should be considered a waiver of counsel or a procedural default.[12]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report& Recommendation on Recommittal finding that the failure of the Petitioner to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) was a procedural default because an indigent defendant's failure to request appellate counsel is not a procedural default or "waiver" of counsel pursuant to *Swenson v. Bosler*, 1966, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33.[13]

## OBJECTION NO. 4

4. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the Petitioner demonstrated "cause" and "prejudice" which excused any purported procedural default, and the procedural default occurred as a proximate result of the trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b) and breaching its duty to inform the Petitioner of his obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).**

In the event this Court reject the Petitioner's Objections submitted above, the Petitioner submit any procedural default should be "excused" because the Petitioner has sufficiently demonstrated "cause" and "prejudice" excusing any procedural default as a proximate result of

---

12 See, *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S. Ct. 996, held, When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.

13 If relief is denied grant a COA on this objection.

the trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b),[14] and of Petitioner's obligation to request appellate counsel under Ohio Criminal Rule 32(B)(3)(d).[15]

Ohio Criminal Rule 32(B) provides:

### (B) Notification of right to appeal.

(1) After imposing sentence in a serious offense that has gone to trial, the court shall advise the defendant that the defendant has a right to appeal the conviction.

(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) <u>That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost</u>;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

Upon defendant's request, the court shall forthwith appoint counsel for appeal.

---

14 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. *People v. Garcia*, 93 N.Y.2d 42, and the trial court's failure to comply with Ohio Criminal Rule 32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of of the due process clause of the Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

15 See, *State v. Hunter*, 2010-Ohio-657 (holding under Crim.R. 32(B), a trial court is not required to appoint counsel unless the defendant asks for it, but appointment of counsel is not the only issue in this matter. The issue is whether the trial court advised *Hunter* of his appellate rights at all, including the right to counsel. Based upon the record, it did not. Without such an advisement as required by Crim.R. 32, *Hunter* was unable to even request counsel to assist with his appeal).

6

In *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2nd Cir. 1969), cert. denied,

397 U.S. 925 (1970), the Second Circuit stated:

> We think the only practical, logical and fair interpretation to be given to Douglas v. California is that it imposes upon the state a duty to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent. The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does know is to tell him so.[16]

The Sixth Circuit has cited to *McMann, supra.,* with approval in a number of cases.[17] This

Court has explained:

> In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White*, 180 F.3d at 652 (5th Cir. 1999), *Norris v. Wainwright*, 588 F.2d 130, 135 (5th Cir.), cert. denied, 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir.1974), cert. denied, 421 U.S. 919, 95

---

16 The Seventh Circuit held:

> The right to appeal is ineffectual if a defendant is ignorant of this right, and it is incumbent on the trial judge to inform indigent defendants of this right. Constitutionally concomitant to the right to be advised of appeal is the right of an indigent to be advised that if he desires to prosecute the appeal, a court-appointed lawyer will be provided. *United States ex rel. Williams v. La Vallee*, 487 F.2d 1006, 1973 U.S. App. LEXIS 6915 (2d Cir. N.Y. 1973).

17 See *United States v. Aloi*, 9 F.3d 438, 444 (6th Cir. 1993) ("Presumably, these [appellate] rights are worthless to a defendant who does not know they are available to him. The advice is necessary to guarantee that poverty does not make it more difficult for an indigent convicted defendant to engage the appellate process than for a convicted defendant with money"); See also *Henderson v. Cardwell*, 27 Ohio Misc. 4, 426 F.2d 150, 154 (6th Cir. 1970); *Lovelace v. Haskins*, 474 F.2d 1254, 1973 U.S. App. LEXIS 10992 (6th Cir. Ohio 1973); Also see this Court's decision in *Wolfe v. Randle*, 2002 U.S. Dist. LEXIS 26703 (S.D. Ohio Dec. 3, 2002). See also *U. S. ex rel. Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir. 1971) ("holding that the trial judge should have advised petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel on appeal if he is indigent. Failure to give such advice violated petitioner's right to equal protection under the fourteenth amendment and his sixth amendment right to counsel, incorporated through the due process clause of the fourteenth amendment.").

S.Ct. 1583, 43 L.Ed.2d 786 (1975).

*Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003); see also *Walker v. Warden*, 2015 U.S. Dist. LEXIS 29908 (S.D. Ohio Mar. 11, 2015) citing *State v. Hunter*, 2010-Ohio-657, 2010 WL 660364, *3 (Ohio Ct. App. 2010) (finding that failure to inform the defendant of his appellate rights under Crim.R. 32, including the right to counsel, required the trial court to resentence the defendant advising him of these rights, thus reinstating the time within which he may file a timely notice of appeal on the resentencing).

The United States District Court for the Northern District of Ohio, in *Thompson v. Wilson*, 523 F. Supp. 2d 626 held,

> The trial court did not notify Thompson of his appellate rights. (Doc. 1, at 2-3; doc. 9, RX 3; doc. 12, at 12; doc. 15, at 2.)
> ***
> The court finds that the failure of the trial court to advise Thompson of his right to an attorney on appeal, amounted to a constitutional violation which was contrary to clearly established federal law.

The *Thompson* Court went on to find that due to failure of the court to inform *Thompson* of his right to counsel, amongst other rights, was sufficient to demonstrate "cause" and "prejudice."[18]

Like *Thompson* the record in this case demonstrate that the Petitioner did not request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of the trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b).[19]

Additionally, in this case the record demonstrate the Petitioner did not possess

---

18 *Id.*, 523 F. Supp. 2d 640.

19 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. *People v. Garcia*, 93 N.Y.2d 42, and the trial court's failure to comply with Ohio Criminal Rule 32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of of the due process clause of the Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

independent knowledge of his right to **appellate counsel** under *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985),[20] when the Petitioner was sentenced and when the Petitioner filed his *pro se* notice of appeal.

Furthermore, the record in this case demonstrate the Petitioner was not aware of his obligation to request the appointment of appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of the trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b)[21] and of Petitioner's obligation to request appellate counsel under Ohio Criminal Rule 32(B)(3)(d).[22]

Like *Thompson*, the Petitioner believe he has substantially shown unto this Court that the trial court breaching its duty by failing to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b),[23] and of Petitioner's obligation to request

---

20 In *Peguero v. United States*, 526 U.S. 23, 119 S. Ct. 961, 143 L. Ed. 2d 18 (1999), the Supreme Court deemed a trial court's failure to advise a criminal defendant of his appellate rights harmless when the defendant possessed independent knowledge of his ability to appeal. In this case, the error was not harmless because the Petitioner did not possess independent knowledge of his right to **appellate counsel**, although the Petitioner did have knowledge of his right to appeal. The Sixth Circuit in *Davis v. United States*, 464 F.2d 1009; 1972 U.S. App. LEXIS 8222, July 26, 1972, held:

> The previous criminal experience of a defendant is not a factual springboard from which courts may perfunctorily catapult to the conclusion that the defendant possesses the requisite knowledge to prosecute his appeal within the narrow confines of the rules. The mere failure of such defendant to assert effectively his rights does not justify a finding of a knowing and intelligent waiver.

21 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. *People v. Garcia*, 93 N.Y.2d 42, and the trial court's failure to comply with Ohio Criminal Rule 32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of the due process clause of the Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

22 See, *State v. Hunter*, 2010-Ohio-657 (holding under Crim.R. 32(B), a trial court is not required to appoint counsel unless the defendant asks for it, but appointment of counsel is not the only issue in this matter. The issue is whether the trial court advised *Hunter* of his appellate rights at all, including the right to counsel. Based upon the record, it did not. Without such an advisement as required by Crim.R. 32, *Hunter* was unable to even request counsel to assist with his appeal).

23 The trial court's failure to comply with Ohio Criminal Rule 32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of of the due process clause of the

appellate counsel under Ohio Criminal Rule 32(B)(3)(d) was the "cause" of the Petitioner failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).

Furthermore, like *Thompson* the Petitioner believe that he has substantially show unto this Court that he was "prejudiced" by the trial court's breaching its duty by failing to advise the Petitioner of his right to appellate counsel in compliance under Ohio Criminal Rule 32(B)(3)(b), as the Petitioner's was *completely deprived of his right to appellate counsel* on his only direct appeal of right[24] due to the lack of knowledge that the Petitioner had a right to counsel on appeal,[25] and had the Petitioner been made aware of his right to appellate counsel the Petitioner would have timely requested the appointment of appellate counsel

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

---

Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

24 In *Penson v. Ohio*, the Supreme Court adhered to the principle that if there has been a denial of the constitutional right to counsel on appeal, and not merely a flaw in counsel's performance, the defect is not subject to the cause-and-prejudice test established by *Strickland v. Washington*, because prejudice resulting from the denial of counsel is to be presumed:

> As we stated in *Strickland*, the "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. at 692. Our decision in *United States v. Cronic*, likewise, makes clear that "the presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S. at 659 (footnote omitted). Similarly, *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967)] recognizes that the right to counsel is "so basic to a fair trial that [its] infraction can never be treated as harmless error." 386 U.S. at 23 and n.8. And more recently, in *Satterwhite v. Texas*, 486 U.S. 249, 256, 100 L. Ed. 2d 284, 108 S. Ct. 1792 (1988), we stated that a pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error. Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, . . . the presumption of prejudice must extend as well to the denial of counsel on appeal. *Penson v. Ohio*, 488 U.S., at 88.

25 See *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970))(holding the federal Constitution is violated if a convicted defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel).

- Reject the Report& Recommendation on Recommittal finding the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d); and,

- Find that the Petitioner sufficiently demonstrated "cause" and "prejudice" excusing the procedural default under Ohio Criminal Rule 32(B)(3)(d), as the proximate result of the trial court breaching its duty by failing to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b),[26] and of Petitioner's obligation to request the appointment of appellate counsel.[27]

## OBJECTION NO. 5

**5. The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the Petitioner demonstrated "cause" excusing any procedural default when trial counsel failed to inform the Petitioner of his right to appellate counsel and of Petitioner's obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).**

In the event this Court reject the Petitioner's Objections submitted above, the Petitioner submit that ineffective assistance of counsel can serve as cause for his procedural default.[28] If the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State.[29] "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the

---

26 See *State v. Hunter*, 2010-Ohio-657, 2010 WL 660364, at ¶¶ 18 and 19. See, also *People v. Garcia*, 93 N.Y.2d 42 (holding the ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State).

27 If relief is denied grant a COA on this objection.

28 Ineffective assistance of counsel can serve as cause to overcome procedural default. *Smith v. Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006) (citing *Deitz*, 391 F.3d at 809); *Murray v. Carrier*, 477 U.S. 478, 488-89, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986); *Rosenwald v. United States*, 898 F.2d 585, 587 (7th Cir. 1990).

29 *Murray v. Carrier*, 477 U.S. 478, 488-89, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986) citing *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).

11

petitioner's efforts to comply with the state's procedural rule.[30]

In this case, cause for Walker's failure to request the appointment of appellate counsel is the proximate result of Petitioner's trial counsel failing to inform the Petitioner that he had a right to appellate counsel and that the Petitioner had an obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b).[31]

The Petitioner assert any purported procedural default should be "excused" because trial counsel was ineffective under the Sixth Amendment to the United States Constitution when trial counsel failed to inform the Petitioner of his right to appellate counsel on his initial appeal of right and of Petitioner's obligation to request appellate under Ohio Criminal Rule 32(B)(3)(d).

It is well-established, that the failure of trial counsel to advise a client of his right to have appointed counsel on appeal violate a defendant's right to effective assistance of counsel.[32] In *Lumpkin v. Smith*, 439 F.2d 1084, the Fifth Circuit stated:

> "An indigent accused is denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, *and of his right to appointed counsel on appeal*."

The United States District Court for the Northern District of Ohio, in *Thompson v. Wilson*,

523 F. Supp. 2d 626, excused Thompson's procedural default when the District Court found,

> The first issue is whether counsel's failure to advise *Thompson* of his appellate rights falls below an "objective standard of reasonableness." In Ohio, a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed. Ohio Rev. Code § 2953.08(A). The court does not find counsel's failure

---

30 *Coleman*, 501 U.S. at 753.

31 See, *United States v. Camargo*, 119 Fed. Appx. 670 (holding that trial counsel has a duty to inform a defendant of their right to appellate counsel); *Sanders v. Craven*, 488 F.2d 478 (9th Cir. 1973) (same); *United States ex rel. Randazzo v. Follette*, 444 F.2d 625, 628 (2d Cir.), cert. denied, 404 U.S. 916 (1971)(same); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971)(same).

32 *United States v. Camargo*, 119 Fed. Appx. 670; *Sanders v. Craven*, 488 F.2d 478 (9th Cir. 1973); *United States ex rel. Randazzo v. Follette*, 444 F.2d 625, 628 (2d Cir.), cert. denied, 404 U.S. 916 (1971); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971).

> to advise him of this fundamental right to be within the scope of
> reasonable professional representation.
>
> \*\*\*
>
> The court concluded that Thompson has shown to the court's
> satisfaction that "there is a reasonable probability that, but for
> counsel's unprofessional errors, the result of the proceeding would
> have been different." Had counsel advised him of his appellate
> rights, there is a reasonable probability that Thompson would
> have filed a timely appeal, and his appeal would not have gone
> unheard. Although Thompson may or may not have prevailed on
> appeal, the rights at issue here are his right to effective assistance
> of counsel, and his right to be advised of his appellate rights.

Like *Thompson's* trial counsel, Petitioner's trial counsel did not inform the Petitioner of his

right to appellate counsel. This court should not infer that because the Petitioner filed a timely

*pro se* notice of appeal or the fact the Petitioner was previously convicted of other crimes that the

Petitioner knew of his right to appellate counsel.[33]

The record in this case demonstrate that the Petitioner did not request appellate counsel

in compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of trial counsel failing

to inform the Petitioner of his right to have appellate counsel.[34]  Finally, the record in this case

demonstrate the Petitioner was not aware of his obligation to request the appointment of

appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of

---

33 Furthermore, the Petitioner assert and the record demonstrate the Petitioner did not possess independent knowledge of his constitutional right to appellate counsel under *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2D 821 (1985), when the Petitioner was sentenced and when Petitioner filed his notice of appeal. The Sixth Circuit in *Davis v. United States*, 464 F.2d 1009; 1972 U.S. App. LEXIS 8222, July 26, 1972, held:

> The previous criminal experience of a defendant is not a factual
> springboard from which courts may perfunctorily catapult to the
> conclusion that the defendant possesses the requisite knowledge to
> prosecute his appeal within the narrow confines of the rules. The mere
> failure of such defendant to assert effectively his rights does not justify
> a finding of a knowing and intelligent waiver.

34 See, *United States v. Camargo*, 119 Fed. Appx. 670(holding that trial counsel has a duty to inform a defendant of there right to appellate counsel); *Sanders v. Craven*, 488 F.2d 478 (9th Cir. 1973) (same); *United States ex rel. Randazzo v. Follette*, 444 F.2d 625, 628 (2d Cir.), cert. denied, 404 U.S. 916 (1971)(same); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971)(same).

trial counsel breaching his duty to inform the Petitioner of his right to appellate counsel and of Petitioner's obligation to request appellate counsel under Ohio Criminal Rule 32(B)(3)(d).

Like *Thompson*, the Petitioner believe he has substantially shown unto this Court that trial counsel was the "cause" of the Petitioner failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), and the Petitioner believe that he has sufficiently shown unto this Court that the Petitioner was "prejudiced" by trial counsel breaching his duty to advise the Petitioner of his right to appellate counsel, as the Petitioner's was *completely deprived of his right to appellate counsel* on his only direct appeal of right due to the failure of trial counsel to inform the Petitioner of his right to appellate counsel.[35]

This Court should also look to *Penson v. Ohio*,[36] in which the Supreme Court adhered to the principle that if there has been a denial of the constitutional right to counsel on appeal, and not merely a flaw in counsel's performance, the defect is not subject to the cause-and-prejudice test established by *Strickland v. Washington*, because prejudice resulting from the denial of counsel is to be presumed:

> As we stated in *Strickland*, the "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. at 692. Our decision in *United States v. Cronic*, likewise, makes clear that "the presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S. at 659 (footnote omitted). Similarly, *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967)] recognizes that the right to counsel is "so basic to a fair trial that [its] infraction can never be treated as harmless error." 386 U.S. at 23 and n.8. And more recently, in *Satterwhite v. Texas*, 486 U.S. 249, 256, 100 L. Ed. 2d 284, 108 S. Ct. 1792 (1988), we stated that a pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error.

---

35 See *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970))(holding the federal Constitution is violated if a convicted defendant is denied an appeal by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel).

36 *Penson v. Ohio*, 488 U.S., at 88.

14

> Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, . . . the presumption of prejudice must extend as well to the denial of counsel on appeal. *Penson v. Ohio*, 488 U.S., at 88.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report& Recommendation on Recommittal finding there was a procedural default for failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d); and,

■ Find that the Petitioner sufficiently demonstrated "cause" and "prejudice" excusing the procedural default under Ohio Criminal Rule 32(B)(3)(d), as the proximate result of trial counsel being ineffective under the Sixth Amendment to the United States Constitution by breaching his duty to inform the indigent Petitioner of his right to appellate counsel on his initial appeal of right,[37] and failing to inform the Petitioner of his obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).[38]

## OBJECTION NO. 6

**6. The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner "invited error" and deprived himself of appellate counsel when the Petitioner dismissed his appeal, when the deprivation of appellate counsel occurred prior to Petitioner dismissing his appeal.**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" and somehow caused himself to be deprived of appellate counsel on direct appeal is incorrect and wrong.

The Petitioner never invited the state courts to deprive him of appellate counsel.[39] In fact,

---

37 *See, Lumpkin v. Smith*, 439 F.2d 1084,were the Fifth Circuit held:

> "An indigent accused is denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, *and of his right to appointed counsel on appeal*."

38 If relief is denied grant a COA on this objection.

39 The word *induce* is commonly understood to mean to lead on, prevail upon or to move a party by persuasion or influence. See, *Carrothers v. Hunter*, 23 Ohio St. 2d 99 citing the Oxford English

the Petitioner was deprived of appellate counsel prior to the dismissal of the appeal. The Respondent or the Magistrate Judge never explained how dismissing the appeal **after** being deprived appellate counsel invited the state court to deprive the Petitioner of appellate counsel.

No explanation was provided in support of the "invited error" defense, because it is illogical to argue that the Petitioner "invited error" by dismissing his appeal, when the constitutional violations complained of occurred before the dismissal of the appeal.

Additionally, even if the Petitioner somehow "invited error"[40] this Court would be barred from using the "invited error doctrine" pursuant to *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.

The Ohio Supreme Court held in *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109,

> In the absence of a judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, a judgment either dismissing the appeal or affirming the judgment of conviction will not amount to an adjudication of any claims of error that were or could have been raised on that appeal.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report & Recommendation on Recommittal finding the Petitioner "invited error" into the case by dismissing his appeal, because the dismissal of the appeal occurred after the Petitioner was deprived appellate counsel.[41]

### OBJECTION NO. 7

7. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner "invited error" because the Petitioner can not invite the state court to act without jurisdiction.**

---

Dictionary (1961 Edition); See also Webster's Third New International Dictionary. The word *induce* connotes the use of persuasion or influence by a party on another to effect a result. In the case at bar, nothing in the record indicates that the Petitioner in any manner persuaded or influenced the state courts to knowingly, intelligently, or voluntarily deprive the Petitioner of appellate counsel.

40 Which the Petitioner did not.

41 If relief is denied grant a COA on this objection.

16

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" should be rejected because the Petitioner can not invite the state court to act without jurisdiction.

The United States Supreme Court in *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, held,

> A court's jurisdiction at the beginning of trial may be lost in the course of the proceedings due to failure to complete the court -- as U.S. Const. amend. VI requires -- by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of U.S. Const. amend. VI is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus. A judge of the United States -- to whom a petition for habeas corpus is addressed -- should be alert to examine the facts for himself when if true as alleged they make the trial absolutely void.

The Supreme Court also held,

> The fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage", the presumption of prejudice extends to the denial of counsel on appeal.[42]

Because the fundamental importance of the assistance of counsel does not come to an abrupt halt as the prosecutorial process moves from the trial to the appellate stage", the presumption of prejudice extends to the denial of counsel on appeal,[43] and depriving the Petitioner of his right to appellate counsel without a knowing, intelligent, and voluntary waiver results in a void judgment.[44]

As the Supreme Court of Ohio pointed out in *Davis v. Wolfe*, 92 Ohio St.3d 549, 2001 Ohio 1281, 751 N.E.2d 1051, the doctrine of invited error is not applicable to subject matter jurisdiction. Under [the doctrine of invited error], a party is not permitted to take advantage of

---

42 *Penson v. Ohio*, 488 U.S. 88.
43 *Penson v. Ohio*, 488 U.S. 88.
44 *Johnson v. Zerbst*, 304 U.S. 458.

an error that he himself invited or induced the court to make. This doctrine, however, is merely a branch of the waiver doctrine.[45] And the issue of subject-matter jurisdiction cannot be waived.[46]

Therefore, the mere fact that the Petitioner requested that his appeal be dismissed does not preclude the Petitioner from raising his claims with this Court, because the Ohio Fifth District Court of Appeals lacked subject-matter jurisdiction over the appeal once the Petitioner was completely deprived of appellate counsel absent a knowing, intelligent, and voluntary waiver of appellate counsel.[47]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report& Recommendation on Recommittal finding the Petitioner "invited error" because the Petitioner can not invite the state court to act without jurisdiction.[48]

## OBJECTION NO. 8

8. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner "invited error" because the Petitioner never waived his right to appellate counsel.**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" should be rejected, because invited error is merely a branch of the waiver doctrine.[49]

The United States Supreme Court has defined a waiver as "an intentional relinquishment

---

45 See, *State v. Taogaga*, 2002-Ohio-5062, at ¶ 34.

46 See, *State v. Taogaga*, 2002-Ohio-5062, at ¶ 34.

47 Parties to an action cannot, through invited error, confer jurisdiction where none exists. E.g., *Davis v. Wolfe*, 92 Ohio St.3d 549, 552, 2001 Ohio 1281, 751 N.E.2d 1051 (stating that the invited error is "merely a branch of the waiver doctrine" and did not preclude the argument that the trial court lacked subject matter jurisdiction); *State v. Purnell*, 171 Ohio App.3d 446, 450-51, 2006 Ohio 6160, ¶12, 871 N.E.2d 613 (invited error did not apply to allow court to hold a second restitution hearing and to modify valid final judgment); *State v. Taogaga*, Cuyahoga App. No. 79845, 2002 Ohio 5062 (invited error doctrine did not apply to give trial court jurisdiction to resentence the defendant while his appeal was pending).

48 If relief is denied grant a COA on this objection.

49 See, *State v. Taogaga*, 2002-Ohio-5062, at ¶ 34 (holding the doctrine of invited error is merely a branch of the waiver doctrine).

or abandonment of a known right or privilege."[50] Further, "[c]ourts indulge every reasonable presumption against waiver of the fundamental right to assistance of counsel." [51]

Waivers of appellate counsel must be knowing, intelligent, and voluntary.[52] A waiver qualifies as knowing and intelligent where the defendant possesses "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."[53]

The standard for waiver is the same for both trial and appellate counsel.[54] Whether there is a proper waiver should be clearly determined by the court, "and it would be fitting and appropriate for that determination to appear upon the record."[55]

In *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed. 2d 70 (1962), the United States Supreme Court stated:

> "presuming waiver of counsel from a silent record is impermissible, and there must be shown by the State record or evidence that the accused was offered counsel but intelligently and understandingly rejected the same. Anything less is not waiver."[56]

Supreme Court precedent does not dictate any specific procedure--such as a hearing--for finding waiver. However, the Sixth Circuit has indicated that because appellate courts do not

---

50 *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461, 146 A.L.R. 357 (1938).

51 *Id.*; see also *Brewer v. Williams*, 430 U.S. 387, 404, 51 L. Ed. 2d 424, 97 S. Ct. 1232 (1977) (stating that this "strict standard applies" at all critical stages).

52 *Forster v. Steward*, (6th Cir.) 360 Fed. Appx. 604 citing *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33 (1967) (per curiam).

53 *Forster v. Steward*, (6th Cir.) 360 Fed. Appx. 604 citing *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986).

54 See *Swenson v. Bosler*, 386 U.S. 258, 260, 18 L. Ed. 2d 33, 87 S. Ct. 996 (1967) (holding that waiver of the right to counsel on appeal must be "knowingly and intelligently" made).

55 *Id.* at 465., and *Carnley v. Cochran*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962); See also Crim. R. 44(C). Criminal Rule 44(C) provides that the "waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." (Emphasis added.) Criminal Rule 44 (C). Criminal Rule 22 provides, in pertinent part, that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded * * * " (Emphasis added.) Criminal Rule 22. These requirements are mandatory, and failure to comply with these procedures constitutes error. A written waiver of counsel is not sufficient to comply with these procedures. *State v. Dyer*, 117 Ohio App. 3d 92, 689 N.E.2d 1034, 1996 Ohio App. LEXIS 5969 (Ohio Ct. App., Greene County 1996).

56 See also *Swenson v. Bosler,* 386 U.S. 258, 260, 18 L. Ed. 2d 33, 87 S. Ct. 996 (1967) citing *Carnley v. Cochran*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962).

engage in face-to-face dialogue with defendants a waiver of the right to appellate counsel generally is accomplished through written communication rather than a hearing.[57] Moreover, in Ohio, a criminal defendant may waive his right to appellate counsel only in open court and in writing.[58]

It's noteworthy, one cannot waive a right he does not know exists, and there is nothing in this record from which it can be said that the Petitioner knew or should have known of his right, thus leaving little room for the argument that the Petitioner deliberately and intelligently waived his right to counsel.[59]

The record in this case is ominously silent upon the question of whether the Petitioner, Gary D. Walker, understandingly and intelligently waived his constitutional right to appellate counsel in compliance with the standard of waiver set forth by the United States Supreme Court in *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, and Ohio Criminal Rule 44(C).

Because the record does not show that the Petitioner, Gary D. Walker, was offered appellate counsel nor that he intelligently and understandingly rejected the same, this Court should not presume a waiver from the silent record;[60] and this Court should appropriately determine the Petitioner, Gary D. Walker, did not knowingly, intelligently, or voluntarily waive his

---

57 *Beatty v. Caruso*, 64 Fed. Appx. 945, 2003 U.S. App. LEXIS 9695 (6th Cir. Mich. 2003). See also the Seventh Circuit in *Oimen v. McCaughtry*, 130 F.3d 809, 812 (7th Cir. 1997). The Wisconsin Court of Appeals has recently said the same. See, *State v. Thornton*, 259 Wis. 2d 157, 656 N.W.2d 45, 2002 WI App. 294, P22. The federal courts of appeal have adopted similar standards. See, e.g., *United States v. Sandles*, 23 F.3d 1121, 1126 (7th Cir. 1994). In *State v. Thornton*, the Wisconsin Court of Appeals adopted similarly strict standards for waiver of appellate counsel. 259 Wis. 2d 157, 656 N.W.2d 45, 2002 WI App. 294, P P 21-23.

58 See, Crim.R.44(C), which holds Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing. This requirement is mandatory. See, *State v. Haag* (1976), 49 Ohio App. 2d 268, 270.

59 *United States ex rel. Musil v. Pate*, 296 F. Supp. 1139; See, also *State v. Hunter*, 2010-Ohio-657,at ¶ 18, (holding failing to advise of right to appellate counsel as required by Crim.R. 32, prevented *Hunter* from requesting counsel to assist with his appeal).

60 See *Carnley v. Cochran*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962) (holding presuming waiver of counsel from a silent record is impermissible).

right to appellate counsel.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report & Recommendation on Recommittal finding the Petitioner "invited error" because the Petitioner never knowingly, intelligently, or voluntarily waived his right to appellate counsel.[61]

## PRAYER FOR RELIEF

The Petitioner, Gary D. Walker, respectfully moves this Court to Order his immediate discharge from custody, because the Petitioner has served an extended and unjustifiable period of incarceration,[62] and the record in this case, demonstrate a blatant pattern of disregard and disrespect for the United States Constitution by the Ohio judges, Attorney General's Office, and Richland County Prosecutor.[63]

The federal courts have barred retrial of successful habeas petitioners in only the rarest of circumstances. The courts have done so in three situations: (1) where the act of retrial itself would violate petitioner's constitutional rights, for example, by subjecting him to double jeopardy; (2) where a conditional writ has issued and the petitioner has not been re-tried within the time period specified by the court; and (3) "**where the petitioners had served extended and potentially unjustifiable periods of incarceration before the writ was granted.**"[64]

---

61 If relief is denied grant a COA on this objection.

62 *Cf. Bragg v. Norris,* 128 F. Supp. 2d 587.

63 *Morales v. Portuondo,* 165 F. Supp. 2d 601; *Bragg v. Norris,* 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams,* 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent,* 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

64 *Morales v. Portuondo,* 165 F. Supp. 2d 601; *Bragg v. Norris,* 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams,* 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent,* 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

21

Walker's right to be informed of his right to appellate counsel is deeply rooted in federal law.[65] More importantly, Walker's right to have appellate counsel on his initial appeal of right is clearly established federal law pronounced in *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

In *Evitts v. Lucey*, 469 U.S. 387 (1985), the Supreme Court stated:

> "In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that -- like a trial -- is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant -- like an unrepresented defendant at trial -- is unable to protect the vital interests at stake." *Id.*, at 396.

Three years after the Supreme Court established that defendant's had a Sixth Amendment right to counsel on their initial appeal of right in *Evitts*, the Supreme Court eloquently elaborated on the importance of appellate counsel in *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300. In *Penson* the Supreme Court stated:

> The right to be represented by counsel is among the most fundamental of rights. We have long recognized that "lawyers in criminal courts are necessities, not luxuries." *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). As a general matter, it is through counsel that all other rights of the accused are protected: "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Schaefer, Federalism and State Criminal Procedure, 70 Harv. L. Rev. 1, 8 (1956); see also *Kimmelman v. Morrison*, 477 U.S. 365, 377 (1986); *United States*

---

65 See also *Henderson v. Cardwell*, 27 Ohio Misc. 4, 426 F.2d 150, 154 (6th Cir. 1970).See also *U. S. ex rel. Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir. 1971) ("holding that the trial judge should have advised petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel on appeal if he is indigent. Failure to give such advice violated petitioner's right to equal protection under the fourteenth amendment and his sixth amendment right to counsel, incorporated through the due process clause of the fourteenth amendment."). See also *People v. Garcia*, 93 N.Y.2d 42 (holding the ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State).

*v. Cronic,* 466 U.S. 648, 654 (1984). The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth -- as well as fairness -- is "'best discovered by powerful statements on both sides of the question.'" *Kaufman, Does the Judge Have a Right to Qualified Counsel?*, 61 A. B. A. J. 569, 569 (1975) (quoting Lord Eldon); see also *Cronic,* 466 U.S., at 655; *Polk County v. Dodson,* 454 U.S. 312, 318-319 (1981). Absent representation, however, it is unlikely that a criminal defendant will be able adequately to test the government's case, for, as Justice Sutherland wrote in *Powell v. Alabama,* 287 U.S. 45 (1932), "[e]ven the intelligent and educated layman has small and sometimes no skill in the science of law." *Id.*, at 69.

In this case, the trial court judge,[66] Ohio's Appellate Fifth District judge's, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor had a duty to assure Walker had a right to counsel on his initial appeal of right.[67] The duly elected trial court judge, Ohio's Fifth Appellate District judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor are all licensed attorneys. In Ohio, a properly licensed attorney is presumed competent,[68] and all judges are presumed to know the laws.[69]

Armed with this knowledge, its presumed the Ohio judge's, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor were cognizant of the fact

---

66 Equal protection clause can be violated if state trial judge neglects to advise indigent of his right to appeal. *Thompson v Black* (DC Ky) 320 F Supp 593.

67 Once a criminal defendant has manifested his indigency and desire to appeal, "the burden shifts to the state to properly process his appeal." *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968). Here, the Ohio Fifth Appellate District had the obligation to satisfy itself that the petitioner was represented or had waived counsel as a matter of record. When it was discerned that petitioner was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, the Court should not have proceeded (see, *Swenson v Bosler*, 386 US 258, 260). This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal. See, *People v. Garcia*, 93 N.Y.2d 42.

68 *Vaughn v. Maxwell* (1965), 2 Ohio St. 2d 299.

69 *State v. Foust*, 105 Ohio St. 3d 137, 2004 Ohio 7006, 823 N.E.2d 836, 2004 Ohio LEXIS 3060 (2004), at ¶128 (holding judges are presumed to know the law); *State v. Olah*, 146 Ohio App. 3d 586, 2001 Ohio 1641, 767 N.E.2d 755, 2001 Ohio App. LEXIS 4753 (Ohio Ct. App., Lorain County 2001)(holding a judge is presumed to know the law *** and there is nothing in the record that would overcome this presumption).

that the petitioner had a constitutional right to be informed of his right to appellate counsel on his initial appeal of right,[70] and had a Sixth and Fourteenth Amendment right to appellate counsel as clearly established by the United States Supreme court in *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

Furthermore, all of these elected judicial officers were cognizant that the right to appellate counsel in Ohio could only be waived in compliance with Ohio Criminal Rule 44(C).[71] However, none of the Ohio judges, Attorney General's Office acting through Assistant Attorney General Kenneth Egbert, Jr., nor James J. Mayer of the Richland County Prosecutor,[72] protected, preserved, or enforced the United States Constitution and Ohio law in this case.

Subsequent to the breach of duty in Petitioner's initial appeal of right, the trial court judge and Richland County Prosecutor's Office by through Assistant Attorney General and Special Prosecutor Kenneth Egbert, Jr., once again capriciously and arbitrarily denied the petitioner his right to counsel under the Sixth Amendment to the United States Constitution at the December 30, 2009, Re-sentencing Hearing.[73]

---

70 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. *People v. Garcia*, 93 N.Y.2d 42. Also, the Ohio Fifth Appellate District had the obligation to satisfy itself that the petitioner was represented or had waived counsel as a matter of record. When it was discerned that petitioner was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, the Court should not have proceeded (see, *Swenson v Bosler*, 386 US 258, 260). This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal. See, *People v. Garcia*, 93 N.Y.2d 42.

71 Criminal Rule 44(C) provides. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

72 There were five judicial officers in total involved in this case, not including Ken Egbert, Jr., (Ken Egbert, Jr., was the Special Prosecutor at the trial court stage), Gene Park and Jerri Fosnaught of the Ohio Attorney General Office who defended the Warden on this habeas corpus and made several overt attempts to perpetuate the constitutional error, by arguing no violation occurred thereby preventing, hindering, and thwarting justice from being expeditiously administered.

73 This Court requested that the December 30, 2009, Resentencing Hearing transcripts be included in the record in the March 11, 2015, Order.

The December 30, 2009, Re-sentencing Hearing transcripts reads verbatim:

> THE DEFENDANT: Your Honor, can I get a lawyer in this case? Can I have a lawyer before we proceed with this, because I feel that I need to talk with a lawyer before we go into this. I have a right to have a lawyer. (Doc. No. 47, page 952, line 20-21).

In response, the trial court stated verbatim:

> THE COURT: You filed your motion pro se you didn't ask for a lawyer when you filed that motion. All you are entitled to, if you are entitled to anything at all, and I don't think you are entitled to anything extra, is the notification of your Post Release Control. It doesn't effect your sentence,[74] and if you think that's wrong then I guess you can just file a notice of appeal. (Doc. No. 47, page 952, line 25, and page 953, lines 1-7).

The Petitioner responded to the trial court, and stated:

> THE DEFENDANT: I can't get an attorney in this hearing? I would like to have an attorney before we have this hearing. I was supposed to have an attorney present. (Doc. No. 47, page 954, line 5-8).

The Petitioner's last plea for counsel was denied by the trial court. Federal and State courts recognize that re-sentencing hearings are critical stages where the right to counsel attaches.[75] The Ohio Supreme Court in *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970, (2014), held:

> "Re-sentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a "critical

---

74 This is an incorrect statement of law. Contrary to the trial court's statement, it's well settled that post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *State v. Griffin*, 2004 Ohio 4344, 2004 Ohio App. LEXIS 3961 (Ohio Ct. App., Cuyahoga County Aug. 19, 2004); *State v. Jones* (May 24, 2001), Cuyahoga App. No. 77657, 2001 Ohio App. LEXIS 2330; and, *State v. Perry,* Cuyahoga App. No. 82085, 2003 Ohio 6344.

75 *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970 (2014), and see, *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir. 1992) (finding that constructive absence of counsel at re-sentencing hearing was prejudicial per se); *Hall v. Moore*, 253 F.3d 624, 2001 U.S. App. LEXIS 11762 (11th Cir. Fla. 2001) (habeas corpus granted when denied counsel at re-sentencing hearing); *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978) (ruling that reversal is automatic when a defendant is denied counsel during a critical stage or throughout the prosecution of a capital offense).

stage" of a criminal proceeding."[76]

Because the December 30, 2009, Re-sentencing Hearing was a critical stage of the proceedings, the trial court had a duty to provide constitutional mandated counsel at the December 30, 2009, Re-sentencing Hearing.[77]

Notwithstanding the complete denial of counsel at the December 30, 2009, Re-sentencing Hearing, the trial court once again failed to advise Walker of his right to appellate counsel from the December 30, 2009, Re-sentencing hearing.[78] The complete denial of counsel at the December 30, 2009, Re-sentencing hearing, illustrate a pattern of deliberate indifference on behalf of the State of Ohio, and the Ohio courts to adhere to clearly established federal law that a defendant has a Sixth and Fourteenth Amendment right to counsel at any "critical stage of the proceedings."[79]

Following these United States Constitutional violations, Walker remained persistent[80] although unaware of his right to appellate counsel. During Walker's torturous journey through the Ohio courts, no judge nor prosecutor intervened and protected, helped, or corrected the United States Constitutional violations that occurred and that was apparent from the record. What these judges and prosecutors did do was misrepresent facts, suppress the truth, and transformed the

---

76 *Id.*, at ¶ 15.

77 *Carnley v. Cochran*, 369 U.S. 506, at 513, 82 S. Ct. 884, at 889, 8 L. Ed. 2D 70 (1962)(holding where the [effective] assistance of counsel is a constitutional requisite, the right to be furnished [adequate] counsel does not depend on a request).

78 *State v. Hunter*, 2010-Ohio-657, 2010 WL 660364, *3 (Ohio Ct. App. 2010) (finding that failure to inform the defendant of his appellate rights under Crim.R. 32, including the right to counsel, at the resentencing hearing violated Crim.R. 32(B) and required the trial court to resentence the defendant advising him of these rights, thus reinstating the time within which he may file a timely notice of appeal on the resentencing).

79 The Court explained that sentencing is a critical stage of the proceedings, *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) and the Ohio Supreme Court applied *Gardner* to re-sentencing hearings in *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970.

80 Walker has done everything he could reasonably do. It should be recalled that Walker proceeded *pro se* since sentencing, and has navigated the state courts *pro se*. Walker also litigated this federal writ of habeas corpus *pro se* despite the fact that "[f]ederal habeas corpus happens to be one of the most complex areas of American law." *Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007).

26

Ohio tribunals into a forum of human treachery where a destitute citizen of the United States of America suffered at the hands of the individuals who were elected and took an oath to uphold, preserve, and protect the United States Constitution.

The United States Constitution prohibits such reprehensible conduct. Moreover, Ohio law prohibits this sort of illicit conduct. Ohio Revised Code § 2921.44, Dereliction of duty, state:

> (E) No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office.

Ohio Revised Code § 2921.45. Interfering with civil rights, state:

> (A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

The Ohio judges, Ohio Attorney General Office, and Richland County Prosecutor recklessly failing to prosecute the Petitioner's appeal, and appoint appellate counsel in compliance with *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985), unequivocally violated Ohio Revised Code § 2921.44(E).

Moreover, the Ohio judges, Ohio Attorney General Office, and Richland County Prosecutor knowingly deprived Walker of his right to appellate counsel on his initial appeal of right in violation of the Sixth and Fourteenth Amendments to the United States Constitution which unequivocally violated Ohio Revised Code § 2921.45(A).

In this case, the Ohio judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, the Richland County Prosecutor took a stance against the United States Constitution, violated Ohio laws and engaged in a pattern of egregious, unacceptable, and unlawful behavior which is inconsistent with the values and integrity of the judicial system.

The Ohio judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor, failing to protect Walker's right to appellate counsel on his initial appeal of right, then subsequently failing to correct the constitutional violation when the error was presented, not only delayed justice, but illustrated a deliberate indifference to protect, preserve, and uphold the United States Constitution.

This clearly established pattern of abuse, which is unconscionable, should not be rewarded with merely granting a conditional writ of habeas corpus, which in effect, would be tantamount to rewarding the State of Ohio with a second bite at the apple. The consequence of these elected judicial officials' actions has caused justice to not only be delayed for more than 6 years, but has resulted in the petitioner unlawfully languishing in prison for more than half a decade. To reward such flagrant conduct by merely granting a conditional writ would encourage, inspire, and promote the State of Ohio and its judicial officers to engage in the same unlawful conduct in the future.

Granting the immediate discharge of the petitioner would not only be the appropriate antidote, but would send a strong, firm, and stern message that such unconstitutional and unlawful conduct on behalf of judicial officers will not be tolerated, rewarded, nor reinforced.

The Petitioner, Gary D. Walker, respectfully moves this Honorable Court to Order his immediate unconditional discharge from unlawful custody due to the unconscionable pattern of abuse of United States Constitutional rights by the State of Ohio.

Furthermore, the Petitioner moves this Court to Order his immediate unconditional discharge from unlawful confinement because the Petitioner has served an extended and unjustifiable periods of incarceration before the writ was granted and has remained unconstitutionally confined for over 6 years as a sole result of the State of Ohio's malfeasance and unconstitutional actions and conduct which should not be rewarded with granting a conditional

28

writ.[81]

In the alternative to granting the immediate unconditional discharge of the Petitioner due to the egregious nature of this case and blatant pattern of abuse of fundamental United States Constitutional rights by the State of Ohio, and the Ohio court, this Court should grant the Petitioner immediate unconditional discharge from custody pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996). In *Boria*, the Second Circuit Court noted and held that:

> "The Petitioner having already served six years in prison -- at least twice as long as would have been possible had he accepted the offered plea bargain -- we shall order that the sentence be reduced to time served and that the petitioner be discharged, but the judgment of conviction will not be disturbed."[82]

In this case, its undisputed that the Petitioner was offered a plea deal of four years and two months,[83] and unintelligently rejected the offer as a result of ineffective assistance of trial counsel. On the Petitioner's direct appeal in Fifth District Court of Appeals, Case No. 2009-CA-0088, with the assistance of appellate counsel, the Petitioner could have raised:

> *The Petitioner, Gary D. Walker, was denied effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to explain (1) the advantages and disadvantages of accepting or declining the four (4) years and two (2) months in prison plea offer; and (2) the sentencing or other consequences that could result based on conviction, and the Petitioner unintelligently rejected a favorable plea offer he would*

---

81  *Morales v. Portuondo,* 165 F. Supp. 2d 601; *Bragg v. Norris*, 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams*, 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

82  See also *Lewandowski v. Makel*, 949 F.2d 884, 889 (6th Cir. 1991) (holding since petitioner would have been paroled by this time if he had effective assistance of counsel, only avenue to place him in position prior to constitutional violation was unconditional release).

83  See, (Doc. No. 55-1, PAGEID # 1087-1095).

> *have otherwise accepted and later as a result of ineffective assistance*
> *of counsel received twelve years in prison.*[84]

Had the Petitioner raised this error on direct appeal, *with the assistance of appellate counsel,* and had the appeal been successful, the Petitioner would have been released no later than August of 2016, a year ago, which makes unconditionally releasing the Petitioner from custody appropriate. Because the Petitioner has been incarcerated for almost seven years which is more than a year after the date in which the Petitioner would have been released from prison if he would have been successful in prosecuting his direct appeal *with the assistance of appellate counsel*, an unconditional release should be awarded.

In the alternative to granting the immediate discharge of the Petitioner for the reasons first mentioned, or reducing the Petitioner's prison sentence to time served pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996), the proper course to be taken by this Court is to award the petitioner the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it. This can be accomplished by directing that the petitioner be accorded a new trial, if the state desires to retry him for the indictment, and otherwise that he be released from custody. Such a disposition will vindicate the petitioner's constitutional rights and operate to correct the constitutional error committed against him.[85]

---

84 See, Brief of Plaintiff-Appellee, State of Ohio, filed in Ohio Fifth District Court of Appeals, Case No. 2015-CA-0011, on April 27, 2015, which reads verbatim:

> "The issues argued by the Appellant were known to the Appellant at the time of his direct appeal and could have been and should have been raised on appeal. Accordingly, these argument are now barred by *res judicata*."

85 *Cf. Sutton v. Lash*, 576 F.2d 738, 1978 U.S. App. LEXIS 11071 (7th Cir. Ind. 1978)(granting re-trial as opposed to a new appeal); *Meadows v. Beto*, 331 F. Supp. 1017, 1971 U.S. Dist. LEXIS 11609 (E.D. Tex. 1971)(same); *Bowers v. Coiner*, 309 F. Supp. 1064, 1970 U.S. Dist. LEXIS 12998 (S.D. W. Va. 1970)(same); *Turrner v. North Carolina*, 412 F.2d 486, 1969 U.S. App. LEXIS 11925 (4th Cir. N.C. 1969)(same); *Coffman v. Bomar*, 220 F. Supp. 343, 1963 U.S. Dist. LEXIS 7381 (M.D. Tenn. 1963)(same).

Other federal courts have granted this sort of relief,[86] and it would be appropriate in this case due to the fact 6 years has elapsed since the constitutional violations occurred, and had an appeal been taken with the assistance of appellate counsel a vacation of the convictions and sentences could have been had 6 years ago.[87] Placing the Petitioner in the same position (by merely granting a new appeal) six years later would not redress the constitutional wrongs that occurred, because the Petitioner has served six long years in prison in violation of the United States Constitution.

For the reasons stated herein, the Petitioner respectfully moves this Honorable Court to:

- Order the Petitioner immediate unconditional release from custody pursuant because the Petitioner has served an extended and unjustifiable period of incarceration before the writ was granted;[88] or,

- Reduce the Petitioner's sentence to time served pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996), and order the immediate discharged; or,

- Vacate the pleas and convictions and order a re-trial.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

---

86 *Cf. Sutton v. Lash*, 576 F.2d 738, 1978 U.S. App. LEXIS 11071 (7th Cir. Ind. 1978)(granting re-trial as opposed to a new appeal); *Meadows v. Beto*, 331 F. Supp. 1017, 1971 U.S. Dist. LEXIS 11609 (E.D. Tex. 1971)(same); *Bowers v. Coiner*, 309 F. Supp. 1064, 1970 U.S. Dist. LEXIS 12998 (S.D. W. Va. 1970)(same); *Turrner v. North Carolina*, 412 F.2d 486, 1969 U.S. App. LEXIS 11925 (4th Cir. N.C. 1969)(same); *Coffman v. Bomar*, 220 F. Supp. 343, 1963 U.S. Dist. LEXIS 7381 (M.D. Tenn. 1963)(same).

87 As pointed out in *Dowd v. United States ex rel. Cook*, 340 U.S. 206, 95 L. Ed. 215, 71 S. Ct. 262 (1950) "the District Court has power in a habeas corpus proceeding to dispose of the matter as law and justice require." See, also 28 U.S.C., § 2243.

88 *Morales v. Portuondo*, 165 F. Supp. 2d 601; *Bragg v. Norris*, 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams*, 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

## CERTIFICATE OF SERVICE

I, Gary D. Walker, hereby certify that a true and accurate copy of the foregoing *Corrected Objection to the Report & Recommendation on Recommittal* was electronically filed, and sent to the Ohio Attorney General, at his respective address, via regular U.S. Mail, postage prepaid, this 29th day of May, 2015.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

32