IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GARY D. WALKER, )  Case No. 1:13-CV-159
     Petitioner, )
      )  District Judge Michael R. Barrett
vs. )  Magistrate Judge Michael R. Merz
      )
ERNIE L. MOORE, Warden )
     Respondent. )

---

## PETITIONER'S REVISED OBJECTIONS TO THE MAY 26, 2015, REPORT & RECOMMENDATION ON RECOMMITAL[*]

---

Now comes the Petitioner, Gary D. Walker, and respectfully submit his Objections to the

May 26, 2015, Report & Recommendations on Recommittal.

A memorandum supporting the basis of these objections is attached hereto and is

incorporated herein by reference.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

SCANNED AT LCI and E-Mailed
to USDC OHSD on 6-2-
20/5 by B Bach

No. of Pgs. 52

---

[*] The Petitioner received that May 26, 2015, Report & Recommendation on Recommittal in the mail on June 1, 2015, and after fully critiquing the document and conducting further research the Petitioner submit the instant filing which is to supersede the former filing. The Petitioner is only attempting to preserve his arguments, and ensure this Court has an adequate record to review the Petitioner's Writ of Habeas Corpus. Additionally, the Respondent has suffered no prejudice by Petitioner submitting this Revised Objections because the Respondent have not responded to the former filings.

## MEMORANDUM

Pursuant to Fed Rules Civ. R. 72(b), the Petitioner, Gary D. Walker, respectfully submit this

Memorandum in support of his Objections.

### OBJECTION NO. 1

1. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the state court did not rely on a failure to comply with Criminal Rule 32(B)(3)(d) as an independent basis of denying relief or its basis of disposing of the Petitioner's case under *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.**

The Report & Recommendation on Recommittal finding that the Petitioner procedurally

defaulted by failing to comply Ohio Criminal Rule 32(B)(3)(d), should be rejected pursuant to the

United States Supreme Court decision in *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed.

2d 308, which held,

> "On a petition for a writ of habeas corpus, a federal court may review a federal claim rejected by the state appellate court "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." 489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. At 4227.."

Additionally, the *Harris* Court held,

> "The mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: 'the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'"[1]

In this case, when the Ohio Fifth District Court of Appeals dismissed the Petitioner's initial

---

1 *Id.* at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. At 4226; See, also *Felix v. Johnson*, 1992 U.S. Dist. LEXIS 11309; *Montego v. Miller*, 1996 U.S. App. LEXIS 31290; *Maiorino v. Scully*, 746 F. Supp. 331, 1990 U.S. Dist. LEXIS 11535 (S.D.N.Y. 1990).

appeal of right on September 24, 2009,[2] the Ohio Fifth District Court of Appeals did not rely on Ohio Criminal Rule 32(B)(3)(d), as a procedural bar or as an independent basis for its disposition of the Petitioner's case."[3]

> The September 24, 2009, Judgment Entry reads verbatim,

>> This matter came before the Court for consideration of Appellant, Gary D. Walker's motion to voluntarily dismiss the within appeal filed on July 1, 2009. Pursuant to Appellant's request, the within appeal is hereby dismissed.[4]

*Harris* make clear that,

> A "plain statement" that the affirmance is based on a state procedural default is required in order to bar federal habeas review,[5] and an affirmance without opinion does not "clearly and expressly" indicate whether the appellate court relied upon the merits of the claim or the procedural default in rendering its judgment.

Here, as the state court did not rely on Ohio Criminal Rule 32(B)(3)(d), as a procedural default or procedural bar in disposing of Walker's initial appeal of right in the September 24, 2009, Judgment Entry,[6] habeas review is not barred and there is no need for Walker to demonstrate "cause" and "prejudice" before this Court can decide the merits of the petitioner's denial of appellate counsel claim.[7]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

---

2  PageID 178.

3  *Id.* at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. At 4226, and See, also the September 24, 2009, Judgment Entry, at PageID 178.

4  See, Doc No. 7-1, PAGEID# 647.

5  489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. at 4226.

6  *Id.* at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. At 4226, and See, also the September 24, 2009, Judgment Entry, at PageID 178.

7  Compare with *Stacey v. Warden*, Apalachee Correctional Inst., 854 F.2d 401, 1988 U.S. App. LEXIS 12018 (11th Cir. Ala. 1988)(finding as the state court did not rely on procedural grounds in denying Stacey's *coram nobis* petition, there is no need for Stacey to demonstrate cause and prejudice before the district court can hear his ineffective assistance claim). See also *Ulster County Court v. Allen*, 442 U.S. 140, 152, 99 S. Ct. 2213, 2222, 60 L. Ed. 2d 777 (1979)(holding a procedural default bars the consideration of the merits of an issue in federal court only when the state court itself applies the procedural default rule).

2

■ Reject the Report & Recommendation on Recommittal that erroneously determined that the failure of the Petitioner to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), was a procedural default because the Ohio Fifth District Court of Appeals did not rely on Ohio Criminal Rule 32(B)(3)(d), as an independent basis or procedural default for its disposition of the Petitioner's case;[8] and,

■ Find this petition for habeas corpus is not barred from review pursuant to *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.[9]

### OBJECTION NO. 2

2. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), because the Ohio Supreme Court bar such a finding in the absence of a state court judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, pursuant to *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.**

In the event this Court reject the Petitioner's first Objection, the Petitioner submit that the Report & Recommendation on Recommittal finding that the Petitioner procedurally defaulted by failing to request the appointment of appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), is clearly erroneous, and is impermissible pursuant to *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.

The Ohio Supreme Court held in *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109,

In the absence of a judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, a judgment either dismissing the appeal or affirming the judgment of conviction will not amount to an adjudication of any claims of error that were or could have been raised on that appeal.

In this case, its indisputable that the Petitioner did not have appellate counsel on his initial

---

8   This finding is appropriate under *Harris* because the Ohio Fifth District Court of Appeals did not rely on Ohio Criminal Rule 32(B)(3)(d), as an independent basis for its disposition of the Petitioner's case.

9   If relief is denied grant a COA on this objection.

direct appeal, and there is no judicial determination from the state courts that the petitioner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction.

In the absence of a judicial determination that the petitioner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, the Fifth District Court of Appeals judgment dismissing the Petitioner's appeal can not amount to an adjudication of any claims of error that were or could have been raised on that appeal.[10]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report & Recommendation on Recommittal that erroneously determined that the failure of the Petitioner to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), was a procedural default because there is no judicial determination from the state courts that the petitioner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction and using the failure to request counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) is impermissible pursuant to the Ohio Supreme Court decision in *State v. Catlino*, 10 Ohio St. 2d 183,  226 N.E.2d 109;[11]

- Find this petition for habeas corpus is not barred from review pursuant to *State v. Catlino*, 10 Ohio St. 2d 183,  226 N.E.2d 109.[12]

### OBJECTION NO. 3

3. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), because an indigent defendant's failure to request appellate counsel is not a procedural default or "waiver" of counsel pursuant to *Swenson v. Bosler*, 1966, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33.**

The Petitioner submit that the Report & Recommendation on Recommittal erroneously finding that the Petitioner procedurally defaulted by failing to request the appointment of

---

10 *State v. Catlino*, 10 Ohio St. 2d 183,  226 N.E.2d 109.

11 This finding is appropriate under *Catlino*.

12 If relief is denied grant a COA on this objection.

appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) is impermissible pursuant to

*Swenson v. Bosler,* 1966, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33.

In *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S. Ct. 996, the Supreme Court held,

> We think the documents contained in this transcript demonstrate that respondent did indicate to the Missouri courts his desire for counsel on appeal. But even if such a request had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled "that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Carnley v. Cochran*, 369 U.S. 506, 513, 82 S. Ct. 884, 8 L. Ed. 2d 70. When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel. (Emphasis supplied.)

Pursuant to *Swenson*, this Court should not find that the failure of the Petitioner to request

appellate should be considered a waiver of counsel or a procedural default.[13]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report & Recommendation on Recommittal that erroneously determined that the failure of the Petitioner to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d) was a procedural default because an indigent defendant's failure to request appellate counsel is not a procedural default or "waiver" of counsel pursuant to *Swenson v. Bosler,* 1966, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33.[14]

### OBJECTION NO. 4

4. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the Petitioner demonstrated "cause" and "prejudice" which excused any purported procedural default, and the**

---

13 See, *Swenson v. Bosler,* 386 U.S. 258, 260, 87 S. Ct. 996, held, When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.

14 If relief is denied grant a COA on this objection.

> procedural default occurred as a proximate result of the
> trial court breaching its duty to inform the Petitioner of
> his right to appellate counsel in compliance with Ohio
> Criminal Rule 32(B)(3)(b) and breaching its duty to
> inform the Petitioner of his obligation to request
> appellate counsel in compliance with Ohio Criminal Rule
> 32(B)(3)(d).

In the event this Court reject the Petitioner's objections submitted above, the Petitioner

submit any procedural default should be "excused" because the Petitioner has sufficiently

demonstrated "cause" and "prejudice" excusing any procedural default as a proximate result of the

trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance

with Ohio Criminal Rule 32(B)(3)(b),[15] and of Petitioner's obligation to request appellate counsel

under Ohio Criminal Rule 32(B)(3)(d),[16]

Based on the sufficient showing of cause and prejudice, the Report & Recommendation on

Recommittal should be rejected as being clearly erroneous.

Ohio Criminal Rule 32(B) provides:

**(B) Notification of right to appeal.**

(1) After imposing sentence in a serious offense that has gone to
trial, the court shall advise the defendant that the defendant has a
right to appeal the conviction.

(2) After imposing sentence in a serious offense, the court shall
advise the defendant of the defendant's right, where applicable, to
appeal or to seek leave to appeal the sentence imposed.

(3) If a right to appeal or a right to seek leave to appeal applies

---

15 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the
State. *People v. Garcia*, 93 N.Y.2d 42, and the trial court's failure to comply with Ohio Criminal Rule
32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of of the due
process clause of the Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447
U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

16 See, *State v. Hunter*, 2010-Ohio-657 (holding under Crim.R. 32(B), a trial court is not required to
appoint counsel unless the defendant asks for it, but appointment of counsel is not the only issue in this
matter. The issue is whether the trial court advised *Hunter* of his appellate rights at all, including the
right to counsel. Based upon the record, it did not. Without such an advisement as required by Crim.R.
32, *Hunter* was unable to even request counsel to assist with his appeal).

under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) **That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;**

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

Upon defendant's request, the court shall forthwith appoint counsel for appeal.

In *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2nd Cir. 1969), cert. denied,

397 U.S. 925 (1970), the Second Circuit stated:

We think the only practical, logical and fair interpretation to be given to Douglas v. California is that it imposes upon the state a duty to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent. The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does know is to tell him so.[17]

The Sixth Circuit has cited to *McMann, supra.*, with approval in a number of cases.[18] This

---

17 The Seventh Circuit held:

The right to appeal is ineffectual if a defendant is ignorant of this right, and it is incumbent on the trial judge to inform indigent defendants of this right. Constitutionally concomitant to the right to be advised of appeal is the right of an indigent to be advised that if he desires to prosecute the appeal, a court-appointed lawyer will be provided. *United States ex rel. Williams v. La Vallee*, 487 F.2d 1006, 1973 U.S. App. LEXIS 6915 (2d Cir. N.Y. 1973).

18 See *United States v. Aloi*, 9 F.3d 438, 444 (6th Cir. 1993) ("Presumably, these [appellate] rights are worthless to a defendant who does not know they are available to him. The advice is necessary to guarantee that poverty does not make it more difficult for an indigent convicted defendant to engage the appellate process than for a convicted defendant with money"); See also *Henderson v. Cardwell*, 27 Ohio Misc. 4, 426 F.2d 150, 154 (6th Cir. 1970); *Lovelace v. Haskins*, 474 F.2d 1254, 1973 U.S. App. LEXIS 10992 (6th Cir. Ohio 1973);  Also see this Court's decision in *Wolfe v. Randle*, 2002 U.S. Dist.

7

Court has explained:

> In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White*, 180 F.3d at 652 (5th Cir. 1999), *Norris v. Wainwright*, 588 F.2d 130, 135 (5th Cir.), cert. denied, 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir.1974), cert. denied, 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975).

*Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003); see also *Walker v. Warden*, 2015 U.S. Dist. LEXIS 29908 (S.D. Ohio Mar. 11, 2015) citing *State v. Hunter*, 2010-Ohio-657, 2010 WL 660364, *3 (Ohio Ct. App. 2010) (finding that failure to inform the defendant of his appellate rights under Crim.R. 32, including the right to counsel, required the trial court to resentence the defendant advising him of these rights, thus reinstating the time within which he may file a timely notice of appeal on the resentencing).

The United States District Court for the Northern District of Ohio, in *Thompson v. Wilson*, 523 F. Supp. 2d 626 held,

> The trial court did not notify Thompson of his appellate rights. (Doc. 1, at 2-3; doc. 9, RX 3; doc. 12, at 12; doc. 15, at 2.)
> ***
> The court finds that the failure of the trial court to advise Thompson of his right to an attorney on appeal, amounted to a constitutional violation which was contrary to clearly established federal law.

The *Thompson* Court went on to find that due to failure of the court to inform *Thompson* of his right to counsel, amongst other rights, was sufficient to demonstrate "cause" and "prejudice."[19]

---

LEXIS 26703 (S.D. Ohio Dec. 3, 2002). See also *U. S. ex rel. Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir. 1971) ("holding that the trial judge should have advised petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel on appeal if he is indigent. Failure to give such advice violated petitioner's right to equal protection under the fourteenth amendment and his sixth amendment right to counsel, incorporated through the due process clause of the fourteenth amendment.").

19 *Id.*, 523 F. Supp. 2d 640.

Like *Thompson* the record in this case demonstrate that the Petitioner did not request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of the trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b).[20]

Additionally, in this case the record demonstrate the Petitioner did not possess independent knowledge of his right to **appellate counsel** under *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985),[21] when the Petitioner was sentenced and when the Petitioner filed his *pro se* notice of appeal.

Furthermore, the record in this case demonstrate the Petitioner was not aware of his obligation to request the appointment of appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of the trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b)[22] and of

---

20 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. *People v. Garcia*, 93 N.Y.2d 42, and the trial court's failure to comply with Ohio Criminal Rule 32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of of the due process clause of the Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

21 In *Peguero v. United States*, 526 U.S. 23, 119 S. Ct. 961, 143 L. Ed. 2d 18 (1999), the Supreme Court deemed a trial court's failure to advise a criminal defendant of his appellate rights harmless when the defendant possessed independent knowledge of his ability to appeal. In this case, the error was not harmless because the Petitioner did not possess independent knowledge of his right to **appellate counsel**, although the Petitioner did have knowledge of his right to appeal. The Sixth Circuit in *Davis v. United States*, 464 F.2d 1009; 1972 U.S. App. LEXIS 8222, July 26, 1972, held:

> The previous criminal experience of a defendant is not a factual springboard from which courts may perfunctorily catapult to the conclusion that the defendant possesses the requisite knowledge to prosecute his appeal within the narrow confines of the rules. The mere failure of such defendant to assert effectively his rights does not justify a finding of a knowing and intelligent waiver.

22 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. *People v. Garcia*, 93 N.Y.2d 42, and the trial court's failure to comply with Ohio Criminal Rule 32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of the due process clause of the Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

Petitioner's obligation to request appellate counsel under Ohio Criminal Rule 32(B)(3)(d).[23] Like *Thompson*, the Petitioner believe he has substantially shown unto this Court that the trial court breaching its duty by failing to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b),[24] and of Petitioner's obligation to request appellate counsel under Ohio Criminal Rule 32(B)(3)(d) was the "cause" of the Petitioner failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).

Like *Thompson* the Petitioner believe that he has substantially show unto this Court that he was "prejudiced" by the trial court's breaching its duty by failing to advise the Petitioner of his right to appellate counsel in compliance under Ohio Criminal Rule 32(B)(3)(b), as the Petitioner's was *completely deprived of his right to appellate counsel* on his only direct appeal of right[25] due to the

---

23 See, *State v. Hunter*, 2010-Ohio-657 (holding under Crim.R. 32(B), a trial court is not required to appoint counsel unless the defendant asks for it, but appointment of counsel is not the only issue in this matter. The issue is whether the trial court advised *Hunter* of his appellate rights at all, including the right to counsel. Based upon the record, it did not. Without such an advisement as required by Crim.R. 32, *Hunter* was unable to even request counsel to assist with his appeal).

24 The trial court's failure to comply with Ohio Criminal Rule 32(B)(3)(b) which resulted in the deprivation of Petitioner's liberty constitutes a violation of of the due process clause of the Fourteenth Amendment to the United States Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175, 1980 U.S. LEXIS 114 (1980).

25 In *Penson v. Ohio*, the Supreme Court adhered to the principle that if there has been a denial of the constitutional right to counsel on appeal, and not merely a flaw in counsel's performance, the defect is not subject to the cause-and-prejudice test established by *Strickland v. Washington*, because prejudice resulting from the denial of counsel is to be presumed:

> As we stated in *Strickland*, the "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. at 692. Our decision in *United States v. Cronic*, likewise, makes clear that "the presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S. at 659 (footnote omitted). Similarly, *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967)] recognizes that the right to counsel is "so basic to a fair trial that [its] infraction can never be treated as harmless error." 386 U.S. at 23 and n.8. And more recently, in *Satterwhite v. Texas*, 486 U.S. 249, 256, 100 L. Ed. 2d 284, 108 S. Ct. 1792 (1988), we stated that a pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error. Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, . . . the presumption of prejudice must extend as well to the denial of counsel on appeal. *Penson*

lack of knowledge that the Petitioner had a right to counsel on appeal,[26] and had the Petitioner been made aware of his right to appellate counsel the Petitioner would have timely requested the appointment of appellate counsel

    Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report & Recommendation on Recommittal which erroneously determined the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d); and,

- Find that the Petitioner sufficiently demonstrated "cause" and "prejudice" excusing the procedural default under Ohio Criminal Rule 32(B)(3)(d), as the proximate result of the trial court breaching its duty by failing to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b),[27] and of Petitioner's obligation to request the appointment of appellate counsel.[28]

### OBJECTION NO. 5

5. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the Petitioner demonstrated "cause" excusing any procedural default when trial counsel failed to inform the Petitioner of his right to appellate counsel and of Petitioner's obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).**

    In the event this Court reject the Petitioner's Objections submitted above, the Petitioner submit that ineffective assistance of counsel can serve as cause for his procedural default.[29] If the

---

        *v. Ohio,* 488 U.S., at 88.

26 See *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir. 1970))(holding the federal Constitution is violated if a convicted defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel).

27 See *State v. Hunter,* 2010-Ohio-657, 2010 WL 660364, at ¶¶ 18 and 19. See, also *People v. Garcia,* 93 N.Y.2d 42 (holding the ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State).

28 If relief is denied grant a COA on this objection.

29 Ineffective assistance of counsel can serve as cause to overcome procedural default. *Smith v. Ohio Dep't of Rehab. and Corr.,* 463 F.3d 426, 432 (6th Cir. 2006) (citing *Deitz,* 391 F.3d at 809); *Murray v. Carrier,* 477 U.S. 478, 488-89, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986); *Rosenwald v. United States,* 898 F.2d 585, 587 (7th Cir. 1990).

procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State.[30] "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.[31]

In this case, cause for Walker's failure to request the appointment of appellate counsel is the proximate result of Petitioner's trial counsel failing to inform the Petitioner that he had a right to appellate counsel and that the Petitioner had an obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b).[32]

The Petitioner assert any purported procedural default should be "excused" because trial counsel was ineffective under the Sixth Amendment to the United States Constitution when trial counsel failed to inform the Petitioner of his right to appellate counsel on his initial appeal of right and of Petitioner's obligation to request appellate under Ohio Criminal Rule 32(B)(3)(d).

It is well-established, that the failure of trial counsel to advise a client of his right to have appointed counsel on appeal violate a defendant's right to effective assistance of counsel.[33] In *Lumpkin v. Smith*, 439 F.2d 1084, the Fifth Circuit stated:

> "An indigent accused is denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, *and of his right to appointed counsel on appeal*."

The United States District Court for the Northern District of Ohio, in *Thompson v. Wilson*,

---

30 *Murray v. Carrier*, 477 U.S. 478, 488-89, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986) citing *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).

31 *Coleman*, 501 U.S. at 753.

32 See, *United States v. Camargo*, 119 Fed. Appx. 670 (holding that trial counsel has a duty to inform a defendant of their right to appellate counsel); *Sanders v. Craven*, 488 F.2d 478 (9th Cir. 1973)(same); *United States ex rel. Randazzo v. Follette*, 444 F.2d 625, 628 (2d Cir.), cert. denied, 404 U.S. 916 (1971) (same); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971)(same).

33 *United States v. Camargo*, 119 Fed. Appx. 670; *Sanders v. Craven*, 488 F.2d 478 (9th Cir. 1973); *United States ex rel. Randazzo v. Follette*, 444 F.2d 625, 628 (2d Cir.), cert. denied, 404 U.S. 916 (1971); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971).

523 F. Supp. 2d 626, excused Thompson's procedural default when the District Court found,

> The first issue is whether counsel's failure to advise *Thompson* of his appellate rights falls below an "objective ·standard of reasonableness." In Ohio, a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed. Ohio Rev. Code § 2953.08(A). The court does not find counsel's failure to advise him of this fundamental right to be within the scope of reasonable professional representation.
>
> ***
>
> The court concluded that Thompson has shown to the court's satisfaction that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Had counsel advised him of his appellate rights, there is a reasonable probability that Thompson would have filed a timely appeal, and his appeal would not have gone unheard. Although Thompson may or may not have prevailed on appeal, the rights at issue here are his right to effective assistance of counsel, and his right to be advised of his appellate rights.

Like *Thompson's* trial counsel, Petitioner's trial counsel did not inform the Petitioner of his

right to appellate counsel. This court should not infer that because the Petitioner filed a timely *pro*

*se* notice of appeal or the fact the Petitioner was previously convicted of other crimes that the

Petitioner knew of his right to appellate counsel.[34]

The record in this case demonstrate that the Petitioner did not request appellate counsel in

compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of trial counsel failing to

inform the Petitioner of his right to have appellate counsel.[35]  Finally, the record in this case

---

34 Furthermore, the Petitioner assert and the record demonstrate the Petitioner did not possess independent knowledge of his constitutional right to appellate counsel under *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2D 821 (1985), when the Petitioner was sentenced and when Petitioner filed his notice of appeal. The Sixth Circuit in *Davis v. United States*, 464 F.2d 1009; 1972 U.S. App. LEXIS 8222, July 26, 1972, held:

> The previous criminal experience of a defendant is not a factual springboard from which courts may perfunctorily catapult to the conclusion that the defendant possesses the requisite knowledge to prosecute his appeal within the narrow confines of the rules. The mere failure of such defendant to assert effectively his rights does not justify a finding of a knowing and intelligent waiver.

35 See, *United States v. Camargo*, 119 Fed. Appx. 670(holding that trial counsel has a duty to inform a defendant of there right to appellate counsel); *Sanders v. Craven*, 488 F.2d 478 (9th Cir. 1973)(same);

13

demonstrate the Petitioner was not aware of his obligation to request the appointment of appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as a proximate result of trial counsel breaching his duty to inform the Petitioner of his right to appellate counsel and of Petitioner's obligation to request appellate counsel under Ohio Criminal Rule 32(B)(3)(d).

Like *Thompson*, the Petitioner believe he has substantially shown unto this Court that trial counsel was the "cause" of the Petitioner failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), and the Petitioner believe that he has sufficiently shown unto this Court that the Petitioner was "prejudiced" by trial counsel breaching his duty to advise the Petitioner of his right to appellate counsel, as the Petitioner's was *completely deprived of his right to appellate counsel* on his only direct appeal of right due to the failure of trial counsel to inform the Petitioner of his right to appellate counsel.[36]

This Court should also look to *Penson v. Ohio*,[37] in which the Supreme Court adhered to the principle that if there has been a denial of the constitutional right to counsel on appeal, and not merely a flaw in counsel's performance, the defect is not subject to the cause-and-prejudice test established by *Strickland v. Washington*, because prejudice resulting from the denial of counsel is to be presumed:

> As we stated in *Strickland*, the "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. at 692. Our decision in *United States v. Cronic*, likewise, makes clear that "the presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S. at 659 (footnote omitted). Similarly, *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967)] recognizes that the right to

---

*United States ex rel. Randazzo v. Follette,* 444 F.2d 625, 628 (2d Cir.), cert. denied, 404 U.S. 916 (1971) (same); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971)(same).

36 See *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970))(holding the federal Constitution is violated if a convicted defendant is denied an appeal by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel).

37 *Penson v. Ohio*, 488 U.S., at 88.

14

counsel is "so basic to a fair trial that [its] infraction can never be treated as harmless error." 386 U.S. at 23 and n.8. And more recently, in *Satterwhite v. Texas*, 486 U.S. 249, 256, 100 L. Ed. 2d 284, 108 S. Ct. 1792 (1988), we stated that a pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error. Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, . . . the presumption of prejudice must extend as well to the denial of counsel on appeal. *Penson v. Ohio*, 488 U.S., at 88.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- ■ Reject the Report& Recommendation on Recommittal which erroneous determined the Petitioner procedurally defaulted for failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d); and,

- ■ Find that the Petitioner sufficiently demonstrated "cause" and "prejudice" excusing the procedural default under Ohio Criminal Rule 32(B)(3)(d), as the proximate result of trial counsel being ineffective under the Sixth Amendment to the United States Constitution by breaching his duty to inform the indigent Petitioner of his right to appellate counsel on his initial appeal of right,[38] and failing to inform the Petitioner of his obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).[39]

### OBJECTION NO. 6

6. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" when the Petitioner dismissed his appeal thereby causing the state court to deprive the Petitioner of appellate counsel, when the state court did not rely on Ohio's "invited error doctrine" as an independent basis for depriving the Petitioner of appellate counsel in its September 24, 2009, Judgment Entry,[40] and habeas review is not barred pursuant to *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.**

---

38 *See, Lumpkin v. Smith*, 439 F.2d 1084,were the Fifth Circuit held:

"An indigent accused is denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, *and of his right to appointed counsel on appeal*."

39 If relief is denied grant a COA on this objection.

40 PageID 178.

The Report & Recommendation on Recommittal finding that the Petitioner procedurally defaulted under Ohio's "invited error doctrine"[41] should be rejected pursuant to the United States Supreme Court decision in *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308, which held,

> "On a petition for a writ of habeas corpus, a federal court may review a federal claim rejected by the state appellate court "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." 489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. At 4227.."

Additionally, the *Harris* Court held,

> "The mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: 'the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'"[42]

In this case, the Ohio Fifth District Court of Appeals dismissed the Petitioner's initial appeal of right on September 24, 2009, Judgment Entry,[43] however, the Ohio Fifth District Court of Appeals did not rely on Ohio's "invited error doctrine" as an independent basis for depriving the Petitioner of appellate counsel in its disposition of the Petitioner's case in the September 24, 2009, Judgment Entry.[44]

The September 24, 2009, Judgment Entry reads verbatim,

> This matter came before the Court for consideration of Appellant,

---

41 For the purposes of habeas corpus, the invited error doctrine is considered a "procedural bar." See, *Ruiz v. Barnes*, 2012 U.S. Dist. LEXIS 165873 ; See *Leavitt v. Arave*, 383 F.3d 809, 832-33 (9th Cir. 2004) (stating "[t]here is no reason that we should treat the invited error rule differently from other state procedural bars"); *Wilson v. Ozmint*, 357 F.3d 461, 467 (4th Cir. 2004); *Coleman v. O'Leary*, 845 F.2d 696, 699-701 (7th Cir. 1988); *Francois v. Wainwright*, 741 F.2d 1275, 1282 (11th Cir. 1984); *Tillman v. Cook*, 25 F. Supp. 2d 1245, 1274-76 (D. Utah 1998).

42 *Id.* at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. at 4226; See, also *Felix v. Johnson*, 1992 U.S. Dist. LEXIS 11309; *Montego v. Miller*, 1996 U.S. App. LEXIS 31290; *Maiorino v. Scully*, 746 F. Supp. 331, 1990 U.S. Dist. LEXIS 11535 (S.D.N.Y. 1990).

43 PageID 178.

44 PageID 178.

Gary D. Walker's motion to voluntarily dismiss the within appeal filed on July 1, 2009. Pursuant to Appellant's request, the within appeal is hereby dismissed.[45]

*Harris* make clear that,

A "plain statement" that the affirmance is based on a state procedural default is required in order to bar federal habeas review,[46] and an affirmance without opinion does not "clearly and expressly" indicate whether the appellate court relied upon the merits of the claim or the procedural default in rendering its judgment.[47]

Here, as the state court did not rely on Ohio's "invited error doctrine" as a procedural bar

or as an independent basis for its disposition of Walker's initial appeal of right in the September

24, 2009, Judgment Entry,[48] habeas review is not barred,[49] and this Court can decide the merits of

the petitioner's denial of appellate counsel claim.[50]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report& Recommendation on Recommittal that erroneously determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" when the Petitioner dismissed his appeal thereby causing the state court to deprive the Petitioner of appellate counsel, because the state court did not rely on Ohio's "invited error doctrine" as an independent basis for depriving the Petitioner of appellate counsel in its September 24, 2009, Judgment Entry; and,

■ Find this petition for habeas corpus is not barred from review under Ohio's "invited error doctrine" pursuant to *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed.

---

45 See, Doc No. 7-1, PAGEID# 647.

46 489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. at 4226.

47 *Id.* at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. at 4227. See also *Ulster County Court v. Allen*, 442 U.S. 140, 152, 99 S. Ct. 2213, 2222, 60 L. Ed. 2d 777 (1979)(holding a procedural default bars the consideration of the merits of an issue in federal court only when the state court itself applies the procedural default rule).

48 PageID 178.

49 See *Leavitt v. Arave*, 383 F.3d 809, 832 & n.6 (9th Cir. 2004) (noting that the invited-error rule can serve as a state procedural bar but declining to apply the doctrine to the instant case because the state court did not actually hold that the petitioner had invited the error); See also *Austria v. Glebe*, 2009 U.S. Dist. LEXIS 95775 (W.D. Wash. Aug. 26, 2009) (finding that the state court did not rely on or apply the "invited error doctrine," and habeas review is not barred).

50 Compare with *Stacey v. Warden*, Apalachee Correctional Inst., 854 F.2d 401, 1988 U.S. App. LEXIS 12018 (11th Cir. Ala. 1988)(finding as the state court did not rely on procedural grounds in denying Stacey's *coram nobis* petition, there is no need for Stacey to demonstrate cause and prejudice before the district court can hear his ineffective assistance claim).

2d 308.[51]

## OBJECTION NO. 7

7. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" when the Respondent "waived" their "invited error" defense by failing to Object to the former Report & Recommendation that abandoned the "invited error" defense.**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" depriving himself of appellate counsel, is "clearly erroneous," and should be rejected, because the Respondent "waived" their "invited error" defense by failing to Object to the former April 7, 2014, Report & Recommendation and April 30, 2014, Supplement Report & Recommendation that abandoned the "invited error" defense.

Failure to file objections within the specified time "waives" the right to appeal the Magistrate Judge's recommendation.[52] The Magistrate Judge did not find that the Petitioner "invited error" in the April 7, 2014, Report & Recommendation or in the April 30, 2014, Supplement Report & Recommendation, and the Respondent did not object to this finding pursuant to Fed. Civ. R. 72(b)(2).

Pursuant to Fed. Civ. R. 72(b)(2), *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), the Respondent "waived"

---

51 This finding is appropriate under *Harris* because the Ohio Fifth District Court of Appeals did not rely on Ohio "invited error doctrine," as an independent basis for its disposition of Petitioner's case. See *Leavitt v. Arave*, 383 F.3d 809, 832 & n.6 (9th Cir. 2004) (noting that the invited-error rule can serve as a state procedural bar but declining to apply the doctrine to the instant case because the state court did not actually hold that the petitioner had invited the error); See also *Austria v. Glebe*, 2009 U.S. Dist. LEXIS 95775 (W.D. Wash. Aug. 26, 2009) (finding that the state court did not rely on or apply the "invited error doctrine," and habeas review is not barred). Additionally, if relief is denied the Petitioner request this Court grant a COA on this objection.

52 See, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

the "invited error" defense.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report & Recommendation on Recommittal that erroneously determined the Petitioner procedurally defaulted under Ohio's "invited error doctrine" because the Respondent "waived" their "invited error" defense by failing to Object to the former Report & Recommendations that abandoned the "invited error" defense; and,

- Find this petition for habeas corpus is not barred from review under Ohio's "invited error doctrine" because the Respondent "waived" their "invited error" defense by failing to Object to the former Report & Recommendations that abandoned the "invited error" defense.[53]

### OBJECTION NO. 8

8. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" and deprived himself of appellate counsel when the Petitioner dismissed his appeal, when the state "invited error" and is barred from asserting the "invited error defense."**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" depriving himself of appellate counsel, is "clearly erroneous," and should be rejected. The Petitioner submit to this Court that the State "invited error" in this case, and should not be permitted to use Ohio's "invited error doctrine" to insulate error they invited and induced the Petitioner to commit. Additionally, the State should not be permitted to use Ohio's "invited error doctrine" to insulate their breach of duty.

The law is well settled that,

> Once a criminal defendant has manifested his indigency[54] and desire to appeal, "the burden shifts to the State to properly process his appeal." *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968).

---

53 If relief is denied grant a COA on this objection.

54 In this case, its undisputed that the Petitioner was indigent. See the May 26, 2015, Report & Recommendation on Recommittal, at FN 4.

Here, the State of Ohio, and the Ohio courts had the obligation to satisfy itself that the Petitioner was represented or had waived counsel as a matter of record. When it was discerned that Petitioner was unrepresented on appeal, absent record evidence that Petitioner was informed of his right to counsel and that he waived that right, the State of Ohio and the Ohio courts should not have proceeded.[55] This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal.[56]

Under the settled principle of invited error, a litigant may not "take advantage of an error which he himself invited or induced."[57] The doctrine of "invited error" refers to the principle that a party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to commit.[58]

In this case, the burden shifted to the State to properly process Petitioner's appeal, once the Petitioner manifested his indigency and desire to appeal,[59] and the failure of the State to process the Petitioner's appeal, and appoint appellate "invited error" into the appellate proceedings and induced the Petitioner to unknowingly and unintelligently proceed *pro se*. While the Petitioner was acting *pro se*, although unintelligently, and unaware of the fact that the State had the duty to process his appeal and appoint counsel, the Petitioner unintelligently dismissed his only direct appeal of right.

The State breached its duty by failing to process the Petitioner's appeal, which induced the Petitioner to act *pro se*, and now the State is seeking to invoke the "invited error doctrine" to insulate error that the State invited and provoked the Petitioner commit. The Respondent should

---

55  (see, *Swenson v Bosler*, 386 US 258, 260).

56  See, *People v. Garcia*, 93 N.Y.2d 42.

57  *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co*. (1986), 28 Ohio St. 3d 20, 28 Ohio B. Rep. 83, 502 N.E.2d 590, paragraph one of the syllabus, citing *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 Ohio Op. 280, 50 N.E.2d 145, paragraph one of the syllabus.

58  *See* 5 Am. Jur. 2d § 713 (1962).

59  *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968).

not be permitted to use the "invited error doctrine" to insulate errors they invited and induced the

Petitioner to commit by breaching their duty to prosecute the Petitioner's appeal.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report & Recommendation on Recommittal that erroneously determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" and,

- Find this petition for habeas corpus is not barred from review under Ohio's "invited error doctrine" because the State "invited error" and is not permitted to use the "invited error doctrine" to insulate error the State invited or induced the Petitioner to commit.

## OBJECTION NO. 9

9. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner "invited error" and deprived himself of appellate counsel when the Petitioner dismissed his appeal, when the State "invited error" and is barred from asserting the "invited error defense" against the Petitioner under Ohio's "clean hands doctrine."**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error"

depriving himself of appellate counsel, is "clearly erroneous," and should be rejected. The

Petitioner assert that the state "invited error" in this case, and should not be permitted to use

Ohio's "invited error doctrine" under Ohio's "clean hands doctrine."

The **clean hands doctrine** provides:

> "He who comes into equity must come with clean hands." This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be "the abettor of iniquity." Thus while "equity does not demand that its suitors shall have led blameless lives," as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.

21

> This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." Accordingly one's misconduct need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor.

*Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814-15, 89 L. Ed. 1381, 65 S. Ct. 993 (1945) (citations omitted). A well-established principle of the law of equity requires one to come before the court with "clean hands."[60]

The clean hands doctrine is one which the court applies, not for the protection of the parties, but for its own protection. Its basis was well stated by Professor Pomeroy (Equity Jurisprudence, 4th Ed., sec. 397) as follows: '

> It assumes that the suitor asking the aid of a court of equity has himself been guilty of conduct in violation of the fundamental conceptions of equity jurisprudence, and therefore refuses him all recognition and relief with reference to the subject-matter or transaction in question. It says that whenever a party, who, as actor seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.' Another passage by this authoritative writer on equity jurisprudence, thus states the rule (Sec. 404): 'It is not alone fraud or illegality which will prevent a suitor from entering a court of equity; any really unconscientious conduct, connected with the controversy to which he is a party, will repel him from the forum whose very foundation is good conscience.'

The law is well settled that,

> Once a criminal defendant has manifested his indigency[61] and desire

---

60 *Seminatore v. Climaco, Climaco, Lefkowitz & Garofolia Co., LPA.*, 8th Dist. No. 81568, 2003 Ohio 3945, ¶ 26, citing *Marinaro v. Major Indoor Soccer League*, 81 Ohio App.3d 42, 45, 610 N.E.2d 450 (9th Dist.1991).

61 In this case, its undisputed that the Petitioner was indigent. See the May 26, 2015, Report &

> to appeal, "the burden shifts to the State to properly process his appeal." *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968).

Here, the State of Ohio, and the Ohio courts had the obligation to satisfy itself that the Petitioner was represented or had waived counsel as a matter of record. When it was discerned that Petitioner was unrepresented on appeal, absent record evidence that Petitioner was informed of his right to counsel and that he waived that right, the State of Ohio and the Ohio courts should not have proceeded.[62] This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal.[63]

The State who has acted with "unclean hands" by failing to abide by the law and process the Petitioner's appeal,[64] and appoint appellate counsel, and is now asking this Court to protect its malfeasance and breach of duty by applying the "invited error doctrine" to deny the Petitioner relief. The law declares that "to receive equity, [a person] must do equity."[65]

In this case, the burden shifted to the State to properly process Petitioner's appeal, once the Petitioner manifested his indigency and desire to appeal,[66] and the failure of the State to process the Petitioner's appeal, and appoint appellate counsel "invited error" into the appellate proceedings and induced the Petitioner to unknowingly and unintelligently proceed *pro se.*

Ohio's "unclean hands doctrine" bars the Respondent from asserting the "invited error doctrine" defense, as the Respondent acted with unclean hands and is now seeking to take advantage of an error they induced.

---

Recommendation on Recommittal, at FN 4.

62 (see, *Swenson v Bosler,* 386 US 258, 260).

63 See, *People v. Garcia,* 93 N.Y.2d 42.

64 *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968).

65 *Krumme v. Moody,* 1995 OK 140, 910 P.2d 993, 996 (Okla. 1995).

66 *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968).

Based on the foregoing, this Court should decline to enforce the "invited error doctrine" against the Petitioner because the Respondent acted with unclean hands which bars their usage of the "invited error doctrine."

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report& Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" and,

■ Find this petition for habeas corpus is not barred from review under Ohio's "invited error doctrine" because Ohio's "clean hands doctrine" prevent Respondent from using the "invited error" to insulate their own malfeasance.

<u>OBJECTION NO. 10</u>

10. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" and deprived himself of appellate counsel when the Petitioner dismissed his appeal, when the deprivation of appellate counsel occurred prior to Petitioner dismissing his appeal.**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" and somehow caused himself to be deprived of appellate counsel on direct appeal is "clearly erroneous," and should be rejected.

The Petitioner never "invited error" or induced the state courts to deprive him of appellate counsel.[67] In fact, the Petitioner was deprived of appellate counsel **prior to** the dismissal of his appeal on September 24, 2009. The Respondent or the Magistrate Judge never explained how dismissing the appeal **after** being deprived appellate counsel invited the state court to deprive the Petitioner of appellate counsel. No explanation was provided in support of the "invited error"

---

67 The word *induce* is commonly understood to mean to lead on, prevail upon or to move a party by persuasion or influence. See, *Carrothers v. Hunter*, 23 Ohio St. 2d 99 citing the Oxford English Dictionary (1961 Edition); See also Webster's Third New International Dictionary. The word *induce* connotes the use of persuasion or influence by a party on another to effect a result. In the case at bar, nothing in the record indicates that the Petitioner in any manner persuaded or influenced the state courts to knowingly, intelligently, or voluntarily deprive the Petitioner of appellate counsel.

defense, because it is illogical to argue that the Petitioner "invited error" by dismissing his appeal, when the deprivation of appellate counsel occurred before the dismissal of the appeal. In fact, the Petitioner case had been pending in the Court of Appeals from July 1, 2009 until September 24, 2009. The Petitioner did not have appellate counsel for almost 3 months prior to the dismissal of the appeal, thereby negating the Respondent's argument that the Petitioner "invited error" by dismissing his appeal.

Additionally, even if the Petitioner somehow "invited error"[68] this Court would be barred from using the "invited error doctrine" pursuant to *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.

The Ohio Supreme Court held in *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109,

> In the absence of a judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, a judgment either dismissing the appeal or affirming the judgment of conviction will not amount to an adjudication of any claims of error that were or could have been raised on that appeal.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report & Recommendation on Recommittal erroneously finding the Petitioner "invited error" into the case by dismissing his appeal, because the Petitioner was deprived of appellate counsel before the appeal was dismissed.[69]

### OBJECTION NO. 11

**11. The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" because the Petitioner can not invite the state court to act without jurisdiction.**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" should be rejected because the Petitioner can not invite the state court to act without jurisdiction.

---

68 Which the Petitioner did not.
69 If relief is denied grant a COA on this objection.

The United States Supreme Court in *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, held,

> A court's jurisdiction at the beginning of trial may be lost in the course of the proceedings due to failure to complete the court -- as U.S. Const. amend. VI requires -- by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of U.S. Const. amend. VI is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus. A judge of the United States -- to whom a petition for habeas corpus is addressed -- should be alert to examine the facts for himself when if true as alleged they make the trial absolutely void.

The Supreme Court also held,

> The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over.[70]

Because the fundamental importance of the assistance of counsel does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage, the presumption of prejudice extends to the denial of counsel on appeal,[71] and depriving the Petitioner of his right to appellate counsel without a knowing, intelligent, and voluntary waiver results in a void judgment.[72]

As the Supreme Court of Ohio pointed out in *Davis v. Wolfe*, 92 Ohio St.3d 549, 2001 Ohio 1281, 751 N.E.2d 1051, the doctrine of invited error is not applicable to subject matter jurisdiction. Under [the doctrine of invited error], a party is not permitted to take advantage of an error that he himself invited or induced the court to make. This doctrine, however, is merely a

---

70 *Penson v. Ohio*, 488 U.S. 85.

71 *Penson v. Ohio*, 488 U.S. 88.

72 *Johnson v. Zerbst*, 304 U.S. 458.

26

branch of the waiver doctrine.[73] And the issue of subject-matter jurisdiction cannot be waived.[74]

Therefore, the mere fact that the Petitioner requested that his appeal be dismissed does not preclude the Petitioner from raising his claims with this Court, because the Ohio Fifth District Court of Appeals lacked subject-matter jurisdiction over the appeal once the Petitioner was completely deprived of appellate counsel absent a knowing, intelligent, and voluntary waiver of appellate counsel.[75]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report& Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" because the Petitioner cannot invite the state court to act without jurisdiction.[76]

### OBJECTION NO. 12

12. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" because the Petitioner never waived his right to appellate counsel.**

The Report & Recommendation on Recommittal finding that the Petitioner "invited error" should be rejected as being clearly erroneous, because invited error is merely a branch of the waiver doctrine.[77]

The United States Supreme Court has defined a waiver as "an intentional relinquishment or

---

73 See, *State v. Taogaga*, 2002-Ohio-5062, at ¶ 34.

74 See, *State v. Taogaga*, 2002-Ohio-5062, at ¶ 34.

75 Parties to an action cannot, through invited error, confer jurisdiction where none exists. E.g., *Davis v. Wolfe*, 92 Ohio St.3d 549, 552, 2001 Ohio 1281, 751 N.E.2d 1051 (stating that the invited error is "merely a branch of the waiver doctrine" and did not preclude the argument that the trial court lacked subject matter jurisdiction); *State v. Purnell*, 171 Ohio App.3d 446, 450-51, 2006 Ohio 6160, ¶12, 871 N.E.2d 613 (invited error did not apply to allow court to hold a second restitution hearing and to modify valid final judgment); *State v. Taogaga*, Cuyahoga App. No. 79845, 2002 Ohio 5062 (invited error doctrine did not apply to give trial court jurisdiction to resentence the defendant while his appeal was pending).

76 If relief is denied grant a COA on this objection.

77 See, *State v. Taogaga*, 2002-Ohio-5062, at ¶ 34 (holding the doctrine of invited error is merely a branch of the waiver doctrine).

abandonment of a known right or privilege."[78] Further, "[c]ourts indulge every reasonable presumption against waiver of the fundamental right to assistance of counsel." [79]

Waivers of appellate counsel must be knowing, intelligent, and voluntary.[80] A waiver qualifies as knowing and intelligent where the defendant possesses "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."[81]

The standard for waiver is the same for both trial and appellate counsel.[82] Whether there is a proper waiver should be clearly determined by the court, "and it would be fitting and appropriate for that determination to appear upon the record."[83]

In *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed. 2d 70 (1962), the United States Supreme Court stated:

> "presuming waiver of counsel from a silent record is impermissible, and there must be shown by the State record or evidence that the accused was offered counsel but intelligently and understandingly rejected the same. Anything less is not waiver."[84]

Supreme Court precedent does not dictate any specific procedure--such as a hearing--for finding waiver. However, the Sixth Circuit has indicated that because appellate courts do not

---

78 *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461, 146 A.L.R. 357 (1938).

79 *Id.*; see also *Brewer v. Williams*, 430 U.S. 387, 404, 51 L. Ed. 2d 424, 97 S. Ct. 1232 (1977) (stating that this "strict standard applies" at all critical stages).

80 *Forster v. Steward*, (6th Cir.) 360 Fed. Appx. 604 citing *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33 (1967) (per curiam).

81 *Forster v. Steward*, (6th Cir.) 360 Fed. Appx. 604 citing *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986).

82 See *Swenson v. Bosler*, 386 U.S. 258, 260, 18 L. Ed. 2d 33, 87 S. Ct. 996 (1967) (holding that waiver of the right to counsel on appeal must be "knowingly and intelligently" made).

83 *Id.* at 465., and *Carnley v. Cochran*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962); See also Crim. R. 44(C). Criminal Rule 44(C) provides that the "waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." (Emphasis added.) Criminal Rule 44 (C). Criminal Rule 22 provides, in pertinent part, that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded * * * *" (Emphasis added.) Criminal Rule 22. These requirements are mandatory, and failure to comply with these procedures constitutes error. A written waiver of counsel is not sufficient to comply with these procedures. *State v. Dyer*, 117 Ohio App. 3d 92, 689 N.E.2d 1034, 1996 Ohio App. LEXIS 5969 (Ohio Ct. App., Greene County 1996).

84 See also *Swenson v. Bosler*, 386 U.S. 258, 260, 18 L. Ed. 2d 33, 87 S. Ct. 996 (1967) citing *Carnley v. Cochran*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962).

engage in face-to-face dialogue with defendants a waiver of the right to appellate counsel generally is accomplished through written communication rather than a hearing.[85] Moreover, in Ohio, a criminal defendant may waive his right to appellate counsel only in open court and in writing.[86]

It's noteworthy, one cannot waive a right he does not know exists, and there is nothing in this record from which it can be said that the Petitioner knew or should have known of his right, thus leaving little room for the argument that the Petitioner deliberately and intelligently waived his right to counsel.[87]

The record in this case is ominously silent upon the question of whether the Petitioner, Gary D. Walker, understandingly and intelligently waived his constitutional right to appellate counsel in compliance with the standard of waiver set forth by the United States Supreme Court in *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, and Ohio Criminal Rule 44(C).

Because the record does not show that the Petitioner, Gary D. Walker, was offered appellate counsel nor that he intelligently and understandingly rejected the same, this Court should not presume a waiver from the silent record;[88] and this Court should appropriately determine the Petitioner, Gary D. Walker, did not knowingly, intelligently, or voluntarily waive his right to appellate counsel.

---

85 *Beatty v. Caruso*, 64 Fed. Appx. 945, 2003 U.S. App. LEXIS 9695 (6th Cir. Mich. 2003). See also the Seventh Circuit in *Oimen v. McCaughtry*, 130 F.3d 809, 812 (7th Cir. 1997). The Wisconsin Court of Appeals has recently said the same. See, *State v. Thornton*, 259 Wis. 2d 157, 656 N.W.2d 45, 2002 WI App. 294, P22. The federal courts of appeal have adopted similar standards. See, e.g., *United States v. Sandles*, 23 F.3d 1121, 1126 (7th Cir. 1994). In *State v. Thornton*, the Wisconsin Court of Appeals adopted similarly strict standards for waiver of appellate counsel. 259 Wis. 2d 157, 656 N.W.2d 45, 2002 WI App. 294, P P 21-23.

86 See, Crim.R.44(C), which holds Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing. This requirement is mandatory. See, *State v. Haag* (1976), 49 Ohio App. 2d 268, 270.

87 *United States ex rel. Musil v. Pate*, 296 F. Supp. 1139; See, also *State v. Hunter*, 2010-Ohio-657,at ¶ 18, (holding failing to advise of right to appellate counsel as required by Crim.R. 32, prevented *Hunter* from requesting counsel to assist with his appeal).

88 See *Carnley v. Cochran*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962) (holding presuming waiver of counsel from a silent record is impermissible).

29

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report & Recommendation on Recommittal erroneously finding the Petitioner "invited error" because the Petitioner never knowingly, intelligently, or voluntarily waived his right to appellate counsel.[89]

### OBJECTION NO. 13

13. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" because the Petitioner sufficiently demonstrated cause and prejudice excusing any procedural default.**

In the event this Court reject the Petitioner's Objections submitted above, the State "caused" the Petitioner to procedurally default. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.[90]

In *Restrepo v. Kelly*, 178 F.3d 634, the Court held:

A "violation of petitioner's right to counsel . . . must be seen as an external factor," *i.e.*, as one imputed to the state because the "'constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the State in obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law,'" *id.* at 754 (quoting *Evitts v. Lucey,* 469 U.S. at 396) (brackets in *Coleman*).

The law is well settled that,

Once a criminal defendant has manifested his indigency[91] and desire to appeal, "the burden shifts to the State to properly process his appeal." *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968).

Here, the State of Ohio, and the Ohio courts had the obligation to satisfy itself that the

---

89 If relief is denied grant a COA on this objection.

90 *Coleman*, 501 U.S. at 753.

91 In this case, its undisputed that the Petitioner was indigent. See the May 26, 2015, Report & Recommendation on Recommittal, at FN 4.

Petitioner was represented or had waived counsel as a matter of record. When it was discerned that Petitioner was unrepresented on appeal, absent record evidence that Petitioner was informed of his right to counsel and that he waived that right, the State of Ohio and the Ohio courts should not have proceeded.[92] This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal.[93]

The State breached its duty by failing to to process the Petitioner's appeal and appoint appellate counsel, which served as "cause" for the Petitioner being forced to represent himself *pro se* on his only direct appeal of right. The State's breach of duty, causing the Petitioner's to act *pro se* and unintelligently dismiss his only direct appeal of right.

The Petitioner was "prejudiced" by the State breach of duty, when the Petitioner was not only forces to represent himself *pro se* on his only direct appeal when the Petitioner had an absolute right to appellate counsel,[94] but also unintelligently dismissed his only direct appeal of right.[95]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report & Recommendation on Recommittal that erroneously determined the Petitioner procedurally defaulted under Ohio's invited error doctrine; and,

- Find that the Petitioner sufficiently demonstrated "cause" and "prejudice" excusing the procedural default under Ohio's invited error doctrine, as the proximate result of the State failing to process the Petitioner appeal in accordance with the United States Constitution and depriving the Petitioner of appellate counsel.[96]

---

92 (see, *Swenson v Bosler*, 386 US 258, 260).

93 See, *People v. Garcia*, 93 N.Y.2d 42.

94 A defendant has an **"absolute"** right to be represented by counsel on his first appeal of right from his conviction. *Douglas v. California*, 372 U.S. 353, 356, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988)

95 A "violation of petitioner's right to counsel . . . must be seen as an external factor," *i.e.*, as one imputed to the state because the "'constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the State in obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law,'" *id.* at 754 (quoting *Evitts v. Lucey*, 469 U.S. at 396) (brackets in *Coleman*).

96 *Restrepo v. Kelly*, 178 F.3d 634; additionally, if relief is denied grant a COA on this objection.

## OBJECTION NO. 14

14. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "forfeited" his right to appellate counsel, because the state court did not rely on a "forfeiture" as an independent basis of denying relief or its basis of disposing of the Petitioner's case under *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308, in its September 24, 2009, Judgment Entry.[97]**

The Report & Recommendation on Recommittal erroneously finding that the Petitioner

"forfeited" his right to appellate counsel, should be rejected pursuant to the United States Supreme

Court decision in *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308, which held,

> "On a petition for a writ of habeas corpus, a federal court may review a federal claim rejected by the state appellate court "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." 489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. At 4227.."

Additionally, the *Harris* Court held,

> "The mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: 'the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'"[98]

In this case, when the Ohio Fifth District Court of Appeals dismissed the Petitioner's initial

appeal of right on September 24, 2009,[99] the Ohio Fifth District Court of Appeals did not rely on

"forfeiture," as a procedural bar or as an independent basis for its disposition of the Petitioner's

case.'"[100]

---

97 See, (Doc No. 7-1), PAGEID 647.

98 *Id*. at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316; See, also *Felix v. Johnson*, 1992 U.S. Dist. LEXIS 11309; *Montego v. Miller*, 1996 U.S. App. LEXIS 31290; *Maiorino v. Scully*, 746 F. Supp. 331, 1990 U.S. Dist. LEXIS 11535 (S.D.N.Y. 1990).

99 PageID 178.

100 *Id*. at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. At 4226, and See, also the September 24, 2009, Judgment Entry, at PageID 178.

The September 24, 2009, Judgment Entry reads verbatim,

> This matter came before the Court for consideration of Appellant, Gary D. Walker's motion to voluntarily dismiss the within appeal filed on July 1, 2009. Pursuant to Appellant's request, the within appeal is hereby dismissed.[101]

*Harris* make clear that,

> A "plain statement" that the affirmance is based on a state procedural default is required in order to bar federal habeas review,[102] and an affirmance without opinion does not "clearly and expressly" indicate whether the appellate court relied upon the merits of the claim or the procedural default in rendering its judgment.

Here, as the state court did not rely on "forfeiture" as a procedural default in disposing of

Walker's initial appeal of right in the September 24, 2009, Judgment Entry,[103] habeas review in this

case is not barred and there is no need for Walker to demonstrate "cause" and "prejudice" before

this Court can decide the merits of the petitioner's denial of appellate counsel claim.[104]

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- ■ Reject the Report& Recommendation on Recommittal that erroneously determined that the Petitioner "forfeited" his right to appellate counsel because the state court did not rely on a "forfeiture" as an independent basis for denying relief or its basis of disposing of the Petitioner's case under *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308;[105] and,

- ■ Find this petition for habeas corpus is not barred from review pursuant to *Harris v.*

---

101See, Doc No. 7-1, PAGEID# 647.

102489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d at 317, 57 U.S.L.W. at 4226.

103*Id.* at 261, 109 S. Ct. at 1042, 103 L. Ed. 2d at 316, 47 U.S.L.W. At 4226, and See, also the September 24, 2009, Judgment Entry, at Doc No. 7-1, PAGEID# 647.

104Compare with *Stacey v. Warden*, Apalachee Correctional Inst., 854 F.2d 401, 1988 U.S. App. LEXIS 12018 (11th Cir. Ala. 1988)(finding as the state court did not rely on procedural grounds in denying Stacey's *coram nobis* petition, there is no need for Stacey to demonstrate cause and prejudice before the district court can hear his ineffective assistance claim). See also *Ulster County Court v. Allen*, 442 U.S. 140, 152, 99 S. Ct. 2213, 2222, 60 L. Ed. 2d 777 (1979)(holding a procedural default bars the consideration of the merits of an issue in federal court only when the state court itself applies the procedural default rule).

105This finding is appropriate under *Harris* because the Ohio Fifth District Court of Appeals did not rely on "forfeiture" as an independent basis for its disposition of the Petitioner's case.

33

*Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.[106]

### OBJECTION NO. 15

15. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "forfeited" his right to counsel because the Respondent "waived" this affirmative defense by failing to assert this defense in their initial response to Petitioner's writ of habeas corpus.**

The Report & Recommendation on Recommittal finding that the Petitioner "forfeited" his right to appellate counsel, should be rejected as being clearly erroneous. The law is well-settled that the Respondent waived affirmative defenses where the Respondent failed to assert those affirmative defenses in its initial answer to a habeas petition.[107]

In this case, the Respondent did not raise the Petitioner "forfeited appellate counsel" as an affirmative defense it his initial answer to the Petitioner's writ of habeas corpus, and in fact, the Respondent has never asserted the Petitioner "forfeited appellate counsel" as an affirmative defense.

Thus, the Respondent "waived" any defense that the Petitioner "forfeited appellate counsel" when the Respondent failed to raised this defense in his initial answer to Petitioner's habeas corpus.

---

106If relief is denied grant a COA on this objection.

107*See, Gray v. Netherland*, 518 U.S. 152, 116 S. Ct. 2074, 135 L. Ed. 2d 457; *Whiting v. Burt*, 266 F. Supp. 2d 640; See also *Nwankwo v. Reno*, 819 F. Supp. 1186, 1191-1192 (E.D.N.Y. 1993)((holding government waived defense of failure to effect proper service upon the custodians of deportable aliens, where government did not make any procedural objection in their answer to the habeas petitions). See, also *Dickens v. Jones*, 203 F. Supp. 2D 354 (finding respondent's assertions that petitioner's claims are noncognizable and waived because of petitioner's alleged misrepresentation or failure to object are themselves waived, because respondent failed to assert these affirmative defenses in his initial answer to the habeas petition); The Sixth Circuit held that a respondent to a habeas petition waived a statute of limitations defense by failing to raise it in the first responsive pleading. *Scott v. Collins*,2002 U.S. App. LEXIS 4744, 2002 WL 453399, * 3 (6th Cir. March 25, 2002). Other courts have held that respondents have waived a procedural default defense by failing to raise the issue in their response to the habeas petition. See e.g. *Dubria v. Smith*, 224 F.3d 995, 1000-1001 (9th Cir. 2000); *Reese v. Nix*, 942 F.2d 1276, 1280 (8th Cir. 1991); Hardaway v. Withrow, 147 F. Supp. 2d 697, 704, fn. 1 (E.D. Mich. 2001).

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

■ Reject the Report & Recommendation on Recommittal that erroneously determined that the Petitioner "forfeited" his right to appellate counsel because the Respondent "waived" this affirmative defense by failing to raise it in his initial response to the Petitioner's habeas corpus.

### OBJECTION NO. 16

16. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which** *sua sponte* **invoked a procedural bar against the Petitioner, contrary to** *Scott v. Collins*, **286 F.3d 923, (6th Cir. 2002).**

The Report & Recommendation on Recommittal which *sua sponte* invoked a procedural bar against the Petitioner finding that the Petitioner "forfeited" his right to appellate counsel, should be rejected as being clearly erroneous.

As stated above, the Respondent did not raise that the Petitioner "forfeited" his right to appellate counsel in his initial answer to Petitioner's habeas corpus. Pursuant to current federal law, the "forfeited" defense was considered waived.[108]

As the judge in *Benoit*[109] indicated,

With the exception of the exhaustion issue, "the Sixth Circuit strongly discourages the *sua sponte* invocation of procedural affirmative defenses that were not raised by the respondent." *Id.* citing to *Scott v. Collins*, 286 F.3d 923, 928-929 (6th Cir. 2002).

Thus, although the issue of exhaustion must be expressly waived by respondent, "the same is not true for the affirmative defense of procedural default."[110] In this case, the Magistrate Judge's *sua sponte* invocation of the "forfeiture" defense is strongly discouraged by the Sixth Circuit.

Moreover, the Magistrate Judge's *sua sponte* invoking this "forfeiture" defense, when the Respondent "waived" this affirmative defense by failing to raise it completely, and when the state

---

108*Whiting v. Burt*, 266 F. Supp. 2d 640; See also *Nwankwo v. Reno*, 819 F. Supp. 1186, 1191-1192 (E.D.N.Y. 1993).
109*Benoit v. Bock*, 237 F. Supp. 2d at 807.
110*Id.*

court did not rely on a "forfeiture" as an independent basis for denying relief or its basis of disposing of the Petitioner's case under *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308, should demonstrate to this Court that the Magistrate Judge decision to *sua sponte* invoke a "waived" and inapplicable "forfeiture" defense is not guided by law, but by an eagerness to deny relief in this case.

Given the fact the Respondent waived the "forfeiture" defense by failing to assert this defense in his initial answer, the Magistrate Judge has not provided any reason why he would *sua sponte* invoke a procedural bar against a *pro se* prisoner, who has already been forced to litigant *pro se*, and without the aid of constitutional mandated counsel since sentencing.

It would be nonsensical to *sua sponte* invoke a procedural default defense against the Petitioner, who is an indigent prisoner, and who has been completely deprived of appellate counsel. If any defenses should be *sua sponte* invoked, it should be against the Respondent who has all of the intellectual and financial resources to timely assert a "forfeiture" defense, but failed to do so.[111] Thus, this Court should reject the Report & Recommendations on Recommittal that erroneously *sua sponte* invoked a procedural bar against the Petitioner.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- Reject the Report & Recommendation on Recommittal erroneously *sua sponte* invoked a "forfeiture" procedural bar against the Petitioner.[112]

### OBJECTION NO. 17

17. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "forfeited" his right to appellate counsel.**

The Report & Recommendation on Recommittal finding that the Petitioner "forfeited" his

---

111 The Respondent is represented by the Ohio's Attorney General Office with all of its intellectual resources and
112 This would be appropriate in light of *Scott v. Collins*, 286 F.3d 923, (6th Cir. 2002).

right to appellate counsel, by failing to request appellate counsel should be rejected as being clearly erroneous.

First, the Magistrate Judge has not supported this "forfeited" defense with any case law.[113] The case law the Magistrate Judge did cited to did not involve the forfeiture of counsel as a result of a defendant failing to request counsel. There is no Supreme Court decisions involving forfeiture of the right to counsel, due to a failure of the defendant to request counsel.

Secondly, before a forfeiture of a fundamental right, like the right to appellate counsel can be made, there must be "notice" that such right exist.[114] That case commands that "the fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"[115]

The Magistrate Judge also asserted Walker's arguments elides the distinction between a waiver of a right and a forfeiture of the right by failure to exercise it. However, forfeiture is an affirmative defense that must be plead.[116] The "forfeited" defense did not need to be preserved by the Petitioner for its was prejudicial to the Respondent.[117]

Moving on,, the Petitioner was not aware of his right to appellate counsel and it would be hard to find that the Petitioner "forfeited" his right to appellate counsel, especially when the Petitioner does not know such right exist, and there is nothing in this record from which it can be said that the Petitioner knew or should have known of his right, thus leaving little room for the

---

113*United States ex. rel. Hindi v. Warden of McHenry County Jail*, 82 F. Supp. 2d 879, 883 (N.D. Ill. 2000) (argument for which respondent in habeas proceeding cited no supporting case law was waived and would not be addressed by district court).

114The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. So far as the meaning of "meaningful time" is concerned, a fundamental norm of the due process clause jurisprudence requires that before the government can constitutionally deprive a person of the protected liberty or property interest, it must afford him notice and hearing.Mathews v. Eldridge, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

115Id. at 333 (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)).

116*Prudential Ins. Co. v. Howard*, 18 Ohio L. Abs. 688.

117*State v. Breaston*, 83 Ohio App. 3d 410.

argument that the Petitioner deliberately and intelligently "forfeited" his right to counsel.[118]

Lastly, its important to note, the Magistrate Judge originated and invented this "forfeited" defense twenty-seven months after this habeas action was commences as a clever attempt to circumvent the U.S. Supreme Court's decision in *Swenson, supra*, and to deny the Petitioner relief.

In *Swenson v. Bosler, supra*, where, after judgment was rendered, the defendant's trial counsel filed a motion for a new trial and a notice of appeal, and thereupon withdrew. Notwithstanding the absence of counsel, the Missouri appellate court reviewed the conviction on the merits and affirmed. The Supreme Court reversed on the ground that the defendant had failed to receive "the assistance of appellate counsel in preparing and submitting a brief to the appellate court * * *."[119]

Though it was unclear whether defendant *Bosler* in fact had requested the assignment of counsel for his appeal, the Supreme Court ruled it irrelevant.

> "[Even] if such a request had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.' *Carnley v. Cochran*, 369 U.S. 506, 513, 82 S. Ct. 884, 889, 8 L. Ed. 2d 70. When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel." *Id.*, 386 U.S. at 260, 87 S. Ct. at 997.

This Court should not be guided by the Magistrate Judge's interpretation of his own law. The Magistrate Judge invented a "forfeited" defense against the Petitioner that was waived by the Respondent and not decided by the state court, and now urge this Court to deny relief. This Court should not do follow the Magistrate Judge's Report & Recommendation on Recommittal.

---

118 See, *State v. Hunter*, 2010-Ohio-657, at ¶ 18, (holding failing to advise of right to appellate counsel as required by Crim.R. 32, prevented Hunter from requesting counsel to assist with his appeal).

119 *Id.*, 386 U.S. at 259, 87 S. Ct. at 997.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- ■ Reject the Report & Recommendation on Recommittal which erroneously determined the Petitioner "forfeited" his right to counsel.

- ■ Find that the Petitioner could not have forfeited his right to appellate counsel because the right to appellate counsel was not known to the Petitioner.[120]

### OBJECTION NO. 18

18. **The Petitioner Object to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Ohio Fifth District Court of Appeals procedurally defaulted the Petitioner in its September 24, 2009, Judgment Entry.**

The Report & Recommendation on Recommittal erroneously determined that the Ohio Fifth District Court of Appeals procedurally defaulted the Petitioner in its September 24, 2009, Judgment Entry, and this Court should reject this finding as being clearly erroneous.

Specifically, the Report & Recommendation on Recommittal read verbatim,

> The conclusion of the Fifth District Court of Appeals that Walker procedurally defaulted his right to appointed counsel on appeal by not requesting counsel is neither contrary to nor an objectively unreasonable interpretation of Supreme Court precedent regarding appointment of appellate counsel, e.g., *Douglas v. California, supra*, or *Evitts v. Lucey, supra*. The Court should therefore dismiss Grounds One and Two as barred by Walker's failure to request appointment of counsel.[121]

The September 24, 2009, Judgment Entry reads verbatim,

> This matter came before the Court for consideration of Appellant, Gary D. Walker's motion to voluntarily dismiss the within appeal filed on July 1, 2009. Pursuant to Appellant's request, the within appeal is hereby dismissed.[122]

A clear reading of the September 24, 2009, Judgment Entry demonstrate that the Fifth District Court of Appeals did not conclude Walker procedurally defaulted his right to appointed

---

120If this Court denies relief, the Petitioner respectfully seeks COA on this objection.

121See, Doc. No. 60, at page 14.

122See, Doc. No. 7-1, PAGEID# 647.

counsel on appeal by not requesting counsel, as the Magistrate Judge erroneously determined.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

- ■ Reject the Report & Recommendation on Recommittal which erroneously determined that the Ohio Fifth District Court of Appeals procedurally defaulted the Petitioner in its September 24, 2009, Judgment Entry.[123]

## CONCLUSION

This Court should grant the Petitioner's immediate release from custody. In fact, the Magistrate Judge stated verbatim:

> If Walker were correct that the right to appellate counsel is "absolute" so that a judgment rendered without counsel would be void, that would be the end of this case and Walker would be entitled to a new direct appeal with appointed counsel.[124]

Holding the Magistrate Judge at his words, the Petitioner submit to this Court that he has an absolute right to appellate counsel on his initial appeal of right.

The Supreme Court held,

> A defendant has an "**absolute**" right to be represented by counsel on his first appeal of right from his conviction. *Douglas v. California*, 372 U.S. 353, 356, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988).[125]

The Petitioner has sufficiently shown unto this Court pursuant to *Douglas v. California*, 372 U.S. 353, 356, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963) and *Penson v. Ohio*, 488 U.S. 75, 83-83, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988), that the Petitioner has an "absolute" right to appellate counsel, as requested by the Magistrate Judge. Thus, the Petitioner respectfully moves this Court to find that the Petitioner is entitled to have his writ granted.

Accordingly, the Petitioner, Gary D. Walker, respectfully move this Court to:

---

123If this Court denies relief, the Petitioner respectfully seeks COA on this objection.
124See, Doc No. 60, at page 8.
125See also *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818 citing *Douglas v. California*, 372 U.S. 353, 356, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963) and *Penson v. Ohio*, 488 U.S. 75, 83-83, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988).

■ Find that the Petitioner is entitled to habeas relief because the Petitioner sufficiently demonstrated that he had an "absolute" right to appellate counsel, as requested by the Magistrate Judge.

### PRAYER FOR RELIEF

The Petitioner, Gary D. Walker, respectfully moves this Court to Order his immediate discharge from custody, because the Petitioner has served an extended and unjustifiable period of incarceration,[126] and the record in this case, demonstrate a blatant pattern of disregard and disrespect for the United States Constitution by the Ohio judges, Attorney General's Office, and Richland County Prosecutor.[127]

The federal courts have barred retrial of successful habeas petitioners in only the rarest of circumstances. The courts have done so in three situations: (1) where the act of retrial itself would violate petitioner's constitutional rights, for example, by subjecting him to double jeopardy; (2) where a conditional writ has issued and the petitioner has not been re-tried within the time period specified by the court; and (3) **where the petitioners had served extended and potentially unjustifiable periods of incarceration before the writ was granted.**"[128]

Walker's right to be informed of his right to appellate counsel is deeply rooted in federal law.[129] More importantly, Walker's right to have appellate counsel on his initial appeal of right is

---

126*Cf. Bragg v. Norris*, 128 F. Supp. 2d 587.

127*Morales v. Portuondo,* 165 F. Supp. 2d 601; *Bragg v. Norris*, 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams*, 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

128*Morales v. Portuondo,* 165 F. Supp. 2d 601; *Bragg v. Norris*, 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams*, 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

129See also *Henderson v. Cardwell*, 27 Ohio Misc. 4, 426 F.2d 150, 154 (6th Cir. 1970).See also *U. S. ex rel. Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir. 1971) ("holding that the trial judge should have advised

clearly established federal law pronounced in *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct.

814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d

821 (1985).

    In *Evitts v. Lucey*, 469 U.S. 387 (1985), the Supreme Court stated:

> "In bringing an appeal as of right from his conviction, a criminal
> defendant is attempting to demonstrate that the conviction, with its
> consequent drastic loss of liberty, is unlawful. To prosecute the
> appeal, a criminal appellant must face an adversary proceeding that
> -- like a trial -- is governed by intricate rules that to a layperson
> would be hopelessly forbidding. An unrepresented appellant -- like
> an unrepresented defendant at trial -- is unable to protect the vital
> interests at stake." *Id.*, at 396.

    Three years after the Supreme Court established that defendant's had a Sixth Amendment

right to counsel on their initial appeal of right in *Evitts*, the Supreme Court eloquently elaborated

on the importance of appellate counsel in *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed.

2d 300. In *Penson* the Supreme Court stated:

> The right to be represented by counsel is among the most
> fundamental of rights. We have long recognized that "lawyers in
> criminal courts are necessities, not luxuries." *Gideon v. Wainwright*,
> 372 U.S. 335, 344 (1963). As a general matter, it is through counsel
> that all other rights of the accused are protected: "Of all the rights
> that an accused person has, the right to be represented by counsel is
> by far the most pervasive, for it affects his ability to assert any other
> rights he may have." Schaefer, Federalism and State Criminal
> Procedure, 70 Harv. L. Rev. 1, 8 (1956); see also *Kimmelman v.
> Morrison*, 477 U.S. 365, 377 (1986); *United States v. Cronic,* 466
> U.S. 648, 654 (1984). The paramount importance of vigorous
> representation follows from the nature of our adversarial system of
> justice. This system is premised on the well-tested principle that
> truth -- as well as fairness -- is "'best discovered by powerful
> statements on both sides of the question.'" *Kaufman, Does the Judge
> Have a Right to Qualified Counsel?*, 61 A. B. A. J. 569, 569 (1975)
> (quoting Lord Eldon); see also *Cronic*, 466 U.S., at 655; *Polk County*

---

petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel
on appeal if he is indigent. Failure to give such advice violated petitioner's right to equal protection
under the fourteenth amendment and his sixth amendment right to counsel, incorporated through the
due process clause of the fourteenth amendment."). See also *People v. Garcia*, 93 N.Y.2d 42 (holding the
ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State).

> *v. Dodson*, 454 U.S. 312, 318-319 (1981). Absent representation,
> however, it is unlikely that a criminal defendant will be able
> adequately to test the government's case, for, as Justice Sutherland
> wrote in *Powell v. Alabama*, 287 U.S. 45 (1932), "[e]ven the
> intelligent and educated layman has small and sometimes no skill in
> the science of law." *Id.*, at 69.

In this case, the trial court judge,[130] Ohio's Appellate Fifth District judge's, Assistant

Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor had a duty

to assure Walker had a right to counsel on his initial appeal of right.[131] The duly elected trial court

judge, Ohio's Fifth Appellate District judges, Assistant Attorney General Kenneth Egbert, Jr., and

James J. Mayer, Richland County Prosecutor are all licensed attorneys. In Ohio, a properly licensed

attorney is presumed competent,[132] and all judges are presumed to know the laws.[133]

Armed with this knowledge, its presumed the Ohio judge's, Assistant Attorney General

Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor were cognizant of the fact

that the petitioner had a constitutional right to be informed of his right to appellate counsel on his

initial appeal of right,[134] and had a Sixth and Fourteenth Amendment right to appellate counsel as

---

130Equal protection clause can be violated if state trial judge neglects to advise indigent of his right to appeal. *Thompson v Black* (DC Ky) 320 F Supp 593.

131Once a criminal defendant has manifested his indigency and desire to appeal, "the burden shifts to the state to properly process his appeal." *Mackenzie v. Marshall*, 2009 U.S. Dist. LEXIS 104119 citing *United States ex rel. Edwards v. Follette*, 281 F. Supp. 632, 1968 U.S. Dist. LEXIS 8500 (S.D.N.Y. 1968). Here, the Ohio Fifth Appellate District had the obligation to satisfy itself that the petitioner was represented or had waived counsel as a matter of record. When it was discerned that petitioner was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, the Court should not have proceeded (see, *Swenson v Bosler*, 386 US 258, 260). This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal. See, *People v. Garcia*, 93 N.Y.2d 42.

132*Vaughn v. Maxwell* (1965), 2 Ohio St. 2d 299.

133*State v. Foust*, 105 Ohio St. 3d 137, 2004 Ohio 7006, 823 N.E.2d 836, 2004 Ohio LEXIS 3060 (2004), at ¶128 (holding judges are presumed to know the law); *State v. Olah*, 146 Ohio App. 3d 586, 2001 Ohio 1641, 767 N.E.2d 755, 2001 Ohio App. LEXIS 4753 (Ohio Ct. App., Lorain County 2001)(holding a judge is presumed to know the law *** and there is nothing in the record that would overcome this presumption).

134The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. *People v. Garcia*, 93 N.Y.2d 42. Also, the Ohio Fifth Appellate District had the obligation to satisfy itself that the petitioner was represented or had waived counsel as a matter of record. When it was discerned that petitioner was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, the Court should not have proceeded

clearly established by the United States Supreme court in *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

Furthermore, all of these elected judicial officers were cognizant that the right to appellate counsel in Ohio could only be waived in compliance with Ohio Criminal Rule 44(C).[135] However, none of the Ohio judges, Attorney General's Office acting through Assistant Attorney General Kenneth Egbert, Jr., nor James J. Mayer of the Richland County Prosecutor,[136] protected, preserved, or enforced the United States Constitution and Ohio law in this case.

Subsequent to the breach of duty in Petitioner's initial appeal of right, the trial court judge and Richland County Prosecutor's Office by through Assistant Attorney General and Special Prosecutor Kenneth Egbert, Jr., once again capriciously and arbitrarily denied the petitioner his right to counsel under the Sixth Amendment to the United States Constitution at the December 30, 2009, Re-sentencing Hearing.[137]

The December 30, 2009, Re-sentencing Hearing transcripts reads verbatim:

> THE DEFENDANT: Your Honor, can I get a lawyer in this case? Can I have a lawyer before we proceed with this, because I feel that I need to talk with a lawyer before we go into this. I have a right to have a lawyer. (Doc. No. 47, page 952, line 20-21).

In response, the trial court stated verbatim:

> THE COURT: You filed your motion pro se you didn't ask for a

---

(see, *Swenson v Bosler*, 386 US 258, 260). This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal. See, *People v. Garcia*, 93 N.Y.2d 42.

135Criminal Rule 44(C) provides. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

136There were five judicial officers in total involved in this case, not including Ken Egbert, Jr., (Ken Egbert, Jr., was the Special Prosecutor at the trial court stage), Gene Park and Jerri Fosnaught of the Ohio Attorney General Office who defended the Warden on this habeas corpus and made several overt attempts to perpetuate the constitutional error, by arguing no violation occurred thereby preventing, hindering, and thwarting justice from being expeditiously administered.

137This Court requested that the December 30, 2009, Resentencing Hearing transcripts be included in the record in the March 11, 2015, Order.

lawyer when you filed that motion. All you are entitled to, if you are entitled to anything at all, and I don't think you are entitled to anything extra, is the notification of your Post Release Control. It doesn't effect your sentence,[138] and if you think that's wrong then I guess you can just file a notice of appeal. (Doc. No. 47, page 952, line 25, and page 953, lines 1-7).

The Petitioner responded to the trial court, and stated:

THE DEFENDANT: I can't get an attorney in this hearing? I would like to have an attorney before we have this hearing. I was supposed to have an attorney present. (Doc. No. 47, page 954, line 5-8).

The Petitioner's last plea for counsel was denied by the trial court. Federal and State courts recognize that re-sentencing hearings are critical stages where the right to counsel attaches.[139] The Ohio Supreme Court in *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970, (2014), held:

"Re-sentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a "critical stage" of a criminal proceeding."[140]

Because the December 30, 2009, Re-sentencing Hearing was a critical stage of the proceedings, the trial court had a duty to provide constitutional mandated counsel at the December 30, 2009, Re-sentencing Hearing.[141]

Notwithstanding the complete denial of counsel at the December 30, 2009, Re-sentencing Hearing, the trial court once again failed to advise Walker of his right to appellate counsel from the

---

138This is an incorrect statement of law. Contrary to the trial court's statement, it's well settled that post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *State v. Griffin*, 2004 Ohio 4344, 2004 Ohio App. LEXIS 3961 (Ohio Ct. App., Cuyahoga County Aug. 19, 2004); *State v. Jones* (May 24, 2001), Cuyahoga App. No. 77657, 2001 Ohio App. LEXIS 2330; and, *State v. Perry,* Cuyahoga App. No. 82085, 2003 Ohio 6344.

139*State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970 (2014), and see, *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir. 1992) (finding that constructive absence of counsel at re-sentencing hearing was prejudicial per se); *Hall v. Moore*, 253 F.3d 624, 2001 U.S. App. LEXIS 11762 (11th Cir. Fla. 2001) (habeas corpus granted when denied counsel at re-sentencing hearing); *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978) (ruling that reversal is automatic when a defendant is denied counsel during a critical stage or throughout the prosecution of a capital offense).

140*Id.*, at ¶ 15.

141*Carnley v. Cochran*, 369 U.S. 506, at 513, 82 S. Ct. 884, at 889, 8 L. Ed. 2D 70 (1962)(holding where the [effective] assistance of counsel is a constitutional requisite, the right to be furnished [adequate] counsel does not depend on a request).

December 30, 2009, Re-sentencing hearing.[142] The complete denial of counsel at the December 30, 2009, Re-sentencing hearing, illustrate a pattern of deliberate indifference on behalf of the State of Ohio, and the Ohio courts to adhere to clearly established federal law that a defendant has a Sixth and Fourteenth Amendment right to counsel at any "critical stage of the proceedings."[143]

Following these United States Constitutional violations, Walker remained persistent[144] although unaware of his right to appellate counsel. During Walker's torturous journey through the Ohio courts, no judge nor prosecutor intervened and protected, helped, or corrected the United States Constitutional violations that occurred and that was apparent from the record. What these judges and prosecutors did do was misrepresent facts, suppress the truth, and transformed the Ohio tribunals into a forum of human treachery where a destitute citizen of the United States of America suffered at the hands of the individuals who were elected and took an oath to uphold, preserve, and protect the United States Constitution.

The United States Constitution prohibits such reprehensible conduct. Moreover, Ohio law prohibits this sort of illicit conduct. Ohio Revised Code § 2921.44, Dereliction of duty, state:

> (E) No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office.

Ohio Revised Code § 2921.45. Interfering with civil rights, state:

> (A) No public servant, under color of his office, employment, or

---

[142]*State v. Hunter*, 2010-Ohio-657, 2010 WL 660364, *3 (Ohio Ct. App. 2010) (finding that failure to inform the defendant of his appellate rights under Crim.R. 32, including the right to counsel, at the resentencing hearing violated Crim.R. 32(B) and required the trial court to resentence the defendant advising him of these rights, thus reinstating the time within which he may file a timely notice of appeal on the resentencing).

[143]The Court explained that sentencing is a critical stage of the proceedings, *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) and the Ohio Supreme Court applied *Gardner* to re-sentencing hearings in *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970.

[144]Walker has done everything he could reasonably do. It should be recalled that Walker proceeded *pro se* since sentencing, and has navigated the state courts *pro se*. Walker also litigated this federal writ of habeas corpus *pro se* despite the fact that "[f]ederal habeas corpus happens to be one of the most complex areas of American law." *Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007).

46

authority, shall knowingly deprive, or conspire or attempt to deprive
any person of a constitutional or statutory right.

The Ohio judges, Ohio Attorney General Office, and Richland County Prosecutor recklessly failing to prosecute the Petitioner's appeal, and appoint appellate counsel in compliance with *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985), unequivocally violated Ohio Revised Code § 2921.44(E).

Moreover, the Ohio judges, Ohio Attorney General Office, and Richland County Prosecutor knowingly deprived Walker of his right to appellate counsel on his initial appeal of right in violation of the Sixth and Fourteenth Amendments to the United States Constitution which unequivocally violated Ohio Revised Code § 2921.45(A).

In this case, the Ohio judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, the Richland County Prosecutor took a stance against the United States Constitution, violated Ohio laws and engaged in a pattern of egregious, unacceptable, and unlawful behavior which is inconsistent with the values and integrity of the judicial system.

The Ohio judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor, failing to protect Walker's right to appellate counsel on his initial appeal of right, then subsequently failing to correct the constitutional violation when the error was presented, not only delayed justice, but illustrated a deliberate indifference to protect, preserve, and uphold the United States Constitution.

This clearly established pattern of abuse, which is unconscionable, should not be rewarded with merely granting a conditional writ of habeas corpus, which in effect, would be tantamount to rewarding the State of Ohio with a second bite at the apple. The consequence of these elected judicial officials' actions has caused justice to not only be delayed for more than 6 years, but has

47

resulted in the petitioner unlawfully languishing in prison for more than half a decade. To reward such flagrant conduct by merely granting a conditional writ would encourage, inspire, and promote the State of Ohio and its judicial officers to engage in the same unlawful conduct in the future.

Granting the immediate discharge of the petitioner would not only be the appropriate antidote, but would send a strong, firm, and stern message that such unconstitutional and unlawful conduct on behalf of judicial officers will not be tolerated, rewarded, nor reinforced.

The Petitioner, Gary D. Walker, respectfully moves this Honorable Court to Order his immediate unconditional discharge from unlawful custody due to the unconscionable pattern of abuse of United States Constitutional rights by the State of Ohio.

Furthermore, the Petitioner moves this Court to Order his immediate unconditional discharge from unlawful confinement because the Petitioner has served an extended and unjustifiable periods of incarceration before the writ was granted and has remained unconstitutionally confined for over 6 years as a sole result of the State of Ohio's malfeasance and unconstitutional actions and conduct which should not be rewarded with granting a conditional writ.[145]

In the alternative to granting the immediate unconditional discharge of the Petitioner due to the egregious nature of this case and blatant pattern of abuse of fundamental United States Constitutional rights by the State of Ohio, and the Ohio court, this Court should grant the Petitioner immediate unconditional discharge from custody pursuant to *Lafler v. Cooper*, 132 S. Ct.

---

[145]*Morales v. Portuondo,* 165 F. Supp. 2d 601; *Bragg v. Norris,* 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams,* 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent,* 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996). In *Boria*, the Second Circuit Court noted and held that:

> "The Petitioner having already served six years in prison -- at least twice as long as would have been possible had he accepted the offered plea bargain -- we shall order that the sentence be reduced to time served and that the petitioner be discharged, but the judgment of conviction will not be disturbed."[146]

In this case, its undisputed that the Petitioner was offered a plea deal of four years and two months,[147] and unintelligently rejected the offer as a result of ineffective assistance of trial counsel. On the Petitioner's direct appeal in Fifth District Court of Appeals, Case No. 2009-CA-0088, with the assistance of appellate counsel, the Petitioner could have raised:

> *The Petitioner, Gary D. Walker, was denied effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to explain (1) the advantages and disadvantages of accepting or declining the four (4) years and two (2) months in prison plea offer; and (2) the sentencing or other consequences that could result based on conviction, and the Petitioner unintelligently rejected a favorable plea offer he would have otherwise accepted and later as a result of ineffective assistance of counsel received twelve years in prison.*[148]

Had the Petitioner raised this error on direct appeal, *with the assistance of appellate counsel,* and had the appeal been successful, the Petitioner would have been released no later than August of 2016, a year ago, which makes unconditionally releasing the Petitioner from custody appropriate. Because the Petitioner has been incarcerated for almost seven years which is more

---

146See also *Lewandowski v. Makel*, 949 F.2d 884, 889 (6th Cir. 1991) (holding since petitioner would have been paroled by this time if he had effective assistance of counsel, only avenue to place him in position prior to constitutional violation was unconditional release).

147See, (Doc. No. 55-1, PAGEID # 1087-1095).

148See, Brief of Plaintiff-Appellee, State of Ohio, filed in Ohio Fifth District Court of Appeals, Case No. 2015-CA-0011, on April 27, 2015, which reads verbatim:

> "The issues argued by the Appellant were known to the Appellant at the time of his direct appeal and could have been and should have been raised on appeal. Accordingly, these argument are now barred by *res judicata*."

than a year after the date in which the Petitioner would have been released from prison if he would have been successful in prosecuting his direct appeal *with the assistance of appellate counsel*, an unconditional release should be awarded.

In the alternative to granting the immediate discharge of the Petitioner for the reasons first mentioned, or reducing the Petitioner's prison sentence to time served pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996), the proper course to be taken by this Court is to award the petitioner the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it. This can be accomplished by directing that the petitioner be accorded a new trial, if the state desires to retry him for the indictment, and otherwise that he be released from custody. Such a disposition will vindicate the petitioner's constitutional rights and operate to correct the constitutional error committed against him.[149]

Other federal courts have granted this sort of relief,[150] and it would be appropriate in this case due to the fact 6 years has elapsed since the constitutional violations occurred, and had an appeal been taken with the assistance of appellate counsel a vacation of the convictions and sentences could have been had 6 years ago.[151] Placing the Petitioner in the same position (by merely granting a new appeal) six years later would not redress the constitutional wrongs that

---

149*Cf. Sutton v. Lash*, 576 F.2d 738, 1978 U.S. App. LEXIS 11071 (7th Cir. Ind. 1978)(granting re-trial as opposed to a new appeal); *Meadows v. Beto*, 331 F. Supp. 1017, 1971 U.S. Dist. LEXIS 11609 (E.D. Tex. 1971)(same); *Bowers v. Coiner*, 309 F. Supp. 1064, 1970 U.S. Dist. LEXIS 12998 (S.D. W. Va. 1970) (same); *Turrner v. North Carolina*, 412 F.2d 486, 1969 U.S. App. LEXIS 11925 (4th Cir. N.C. 1969) (same); *Coffman v. Bomar*, 220 F. Supp. 343, 1963 U.S. Dist. LEXIS 7381 (M.D. Tenn. 1963)(same).

150*Cf. Sutton v. Lash*, 576 F.2d 738, 1978 U.S. App. LEXIS 11071 (7th Cir. Ind. 1978)(granting re-trial as opposed to a new appeal); *Meadows v. Beto*, 331 F. Supp. 1017, 1971 U.S. Dist. LEXIS 11609 (E.D. Tex. 1971)(same); *Bowers v. Coiner*, 309 F. Supp. 1064, 1970 U.S. Dist. LEXIS 12998 (S.D. W. Va. 1970) (same); *Turrner v. North Carolina*, 412 F.2d 486, 1969 U.S. App. LEXIS 11925 (4th Cir. N.C. 1969) (same); *Coffman v. Bomar*, 220 F. Supp. 343, 1963 U.S. Dist. LEXIS 7381 (M.D. Tenn. 1963)(same).

151As pointed out in *Dowd v. United States ex rel. Cook*, 340 U.S. 206, 95 L. Ed. 215, 71 S. Ct. 262 (1950) "the District Court has power in a habeas corpus proceeding to dispose of the matter as law and justice require." See, also 28 U.S.C., § 2243.

occurred, because the Petitioner has served six long years in prison in violation of the United States Constitution.

For the reasons stated herein, the Petitioner respectfully moves this Honorable Court to:

- Order the Petitioner immediate unconditional release from custody because the Petitioner has served an extended and unjustifiable period of incarceration before the writ was granted;[152] or,

- Reduce the Petitioner's sentence to time served pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996), and order the immediate discharged; or,

- Vacate the pleas and convictions and order a re-trial.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

### CERTIFICATE OF SERVICE

I, Gary D. Walker, hereby certify that a true and accurate copy of the foregoing *Revised Objection to the Report & Recommendation on Recommittal* was electronically filed, and sent to the Ohio Attorney General, at his respective address, via regular U.S. Mail, postage prepaid, this 2nd day of July, 2015.

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

---

152*Morales v. Portuondo,* 165 F. Supp. 2d 601; *Bragg v. Norris,* 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams,* 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent,* 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).