# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| GARY D. WALKER, | : | Case No. 1:13-CV-159 |
| Petitioner, | : | Judge Barrett |
| v. | : | Magistrate Judge Merz |
| ERNIE MOORE, Warden, | : | **HABEAS CORPUS** |
| Respondent. | : | |

## RESPONDENT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 21, 2013, Petitioner Gary Walker filed a petition for a writ of habeas corpus challenging his convictions in Richland County, Ohio, case number 09-CR-52. On May 20, 2013, Respondent filed his Answer/Return of Writ. (Doc. #7; PAGEID #: 129.)

The magistrate judge issued a report and recommendation and a supplemental report and recommendation. (Docs. #14, 19; PAGEID #: 698, 758.) Walker filed objections. (Docs. # 15, 20; PAGEID #: 715, 765.) This Court overruled Walker's objections as to his third and fourth grounds for relief, but returned the matter to the magistrate judge for purposes of completing the record and further analysis as to Walker's first and second grounds for relief. (Doc. #39; PAGEID #: 919.)

The parties filed additional memoranda on Grounds One and Two. (Docs. #54-55.) The magistrate judge issued a Report and Recommendations on Recommittal recommending that Grounds One and Two be dismissed with prejudice on account of Walker's procedural default in not requesting appointment of counsel on appeal. (Doc. #60; Report and Recommendation on Recommittal; PAGEID #: 1288.) The magistrate judge determined that Walker has failed to

1

identify any Ohio or federal constitutional law case holding that the right to appellate counsel is "absolute" so that a judgment rendered without counsel would be void. *Id.* at 1295. The magistrate judge determined that Walker forfeited his right to counsel on appeal by failing to request it. *Id.* at 1296. The magistrate judge also determined that the state appellate court's judgment concluding that Walker procedurally defaulted his right to appointed counsel on appeal was neither contrary to nor an unreasonable application of Supreme Court precedent. *Id.* at 1301. The magistrate judge next concluded that Walker did not procedurally default his claims by failing to appeal to the Ohio Supreme Court. *Id.* at 1302. The magistrate judge also found that Walker could not assert new claims in his Memorandum and that any new claims would be time-barred. *Id.* at 1304. The magistrate judge recommended granting Walker a certificate of appealability on Grounds One and Two. *Id.* at 1305.

To preserve Respondent's rights on any potential appeal, *see Thomas v. Arn*, 474 U.S. 140 (1985), Respondent objects to a portion of the magistrate judge's recommendation that Walker did not procedurally default his claims by failing to appeal to the Ohio Supreme Court. Additionally, Respondent objects to the magistrate judge's recommendation to grant Walker a certificate of appealability on Grounds One and Two.

The magistrate judge acknowledges that he previously adopted the position that Walker had further defaulted his claim in Grounds One and Two by not appealing to the Ohio Supreme Court. However, the magistrate judge has now concluded that prior "position is in error." (Doc. #60; PAGEID #: 1301.)[1]

---

[1] The magistrate judge acknowledges that appellate counsel would have been required to advise Walker of the appellate court's judgment. Here, there is no question that petitioner was notified of the appellate court's judgment. However, neither the magistrate judge nor Walker has cited any clearly established Supreme Court precedent requiring appellate counsel to advise appellants of discretionary or collateral review opportunities as Walker alleges. *See id.* ("Walker also

2

Clearly established Supreme Court precedent provides that before seeking a writ of habeas corpus in federal court, a habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). To properly exhaust state remedies, the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review) in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 845. In Ohio, this includes direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court of Ohio. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

There can be no question that Walker has failed to "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review) in a procedurally appropriate manner. More than 3 years after he voluntarily dismissed his appeal, Walker filed an untimely appeal to the Supreme Court of Ohio. (Doc. #7-1, Exhibits; PAGEID #: 633.) The Supreme Court of Ohio denied Walker leave to file a delayed appeal. *Id.* at 648. Thus, Walker has not properly exhausted his claim as required by the AEDPA and *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Walker's "invited error" in dismissing his direct appeal cannot excuse his failure to "fairly present" his claim in each appropriate state court (including the Supreme Court of Ohio) in a procedurally appropriate manner. This court should not find that the voluntary dismissal of filings shields a petitioner from exhausting his claims in the state court or from any procedural default as a result of his failure to raise his claims in a procedurally appropriate manner. Such a holding would eviscerate the exhaustion requirement and finds no support in *O'Sullivan v.*

---

asserts that if he had been appointed counsel on his initial direct appeal, that attorney would have had an obligation to advise him of his right to appeal further to the Supreme Court of Ohio.")

3

*Boerckel*, 526 U.S. 838 (1999). *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

## CONCLUSION

For the foregoing reasons, Respondent objects to a portion of the magistrate judge's recommendation as to Walker's Ground One and Two. Specifically, Respondent objects to the magistrate judge's recommendation that Walker did not procedurally default his claims by failing to appeal to the Ohio Supreme Court. Additionally, Respondent objects to the magistrate judge's recommendation to grant Walker a certificate of appealability on Grounds One and Two. For the reasons set forth herein and in Respondent's Return of Writ and Respondent's memorandum, Respondent asks this Court to deny Walker's habeas petition and the recommendation for a certificate of appealability.

    Respectfully submitted,

    MICHAEL DeWINE
    Attorney General of Ohio


    s/Jerri L. Fosnaught
    JERRI L. FOSNAUGHT (0077718)
    Assistant Attorney General
    Criminal Justice Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215
    (614) 644-7233
    FAX: (866) 444-5142
    jerri.fosnaught@ohioattorneygeneral.gov

    Counsel for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing ***Respondent's Objections to the Magistrate Judge's Report and Recommendation*** was sent by regular U.S. mail to Gary D. Walker, #A554324, Lebanon Correctional Institution, P.O. Box 56, 3791 State Route 63, Lebanon, Ohio 45036, on the 9th day of June, 2015.

s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT
Assistant Attorney General
