# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY D. WALKER,

        Petitioner,    :    Case No. 1:13-cv-159

  - vs -                         District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                            :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO STRIKE

This habeas corpus case is before the Court on Petitioner's Motion (Doc. No. 67) to Strike Respondent'[s] Objections (Doc. No. 65).

The stated reason for striking is that the Objections are not accompanied by a memorandum of law as is required by the Court's Notice of the right to file objections. Upon examination of the Objections, the Magistrate Judge finds that they include legal arguments and citations sufficient to satisfy the requirement of a memorandum of law. No purpose would be served by requiring that the memorandum of law be in a separate document. The purpose of the requirement is, rather, to require that a party provide whatever law is being relied on for the objections. This can be seen from the fact that the obligation is imposed in the same sentence which requires specification of the portions of the Report objected to. On that basis, the Motion to Strike is DENIED.

Walker asks in the alternative that if the Objections are not stricken, this Court should as a matter of equity, excuse any of Petitioner's purported procedural defaults. To show that this Court has authority to excuse his procedural defaults as a matter of equity, Walker relies on the

opinion of Justice O'Connor, concurring in part and dissenting in part, in *Withrow v. Williams,* 507 U.S. 680 (1993). In that opinion Justice O'Connor dissented from the Supreme Court's refusal to extend the rule of *Stone v. Powell,* 428 U.S. 465 (1976), to cases where the habeas petitioner had had a full and fair opportunity to litigate his *Miranda* claims in the state courts. Walker argues that "Justice O'Connor further instructed that the procedural default defense is also governed by equitable principles." (Motion, Doc. No. 67, PageID 1434.) In *Withrow*, Justice O'Connor acknowledged generally that equitable principles inform the Supreme Courts' habeas jurisprudence. The relevant paragraph in the opinion reads:

> Concerns for equity and federalism resonate throughout our habeas jurisprudence. In 1886, only eight years after Congress gave the federal courts power to issue writs ordering the release of state prisoners, this Court explained that courts could accommodate federalism and comity concerns by withholding relief until after state proceedings had terminated. *Ex parte Royall*, 117 U.S. 241, 251-253, 29 L. Ed. 868, 6 S. Ct. 734. Accord, *Fay, supra*, at 418-419. More recently, we relied on those same concerns in holding that new constitutional rules of criminal procedure do not apply retroactively on habeas. *Teague, supra*, at 306. Our treatment of successive petitions and procedurally defaulted claims similarly is governed by equitable principles. *McCleskey*, 499 U.S. at 489-491 (successive petitions); *id.*, at 490 (procedurally defaulted claims); *Fay, supra*, at 438 (procedurally defaulted claims). Most telling of all, this Court continuously has recognized that the ultimate equity on the prisoner's side -- a sufficient showing of actual innocence -- is normally sufficient, standing alone, to outweigh other concerns and justify adjudication of the prisoner's constitutional claim. See *Sawyer v. Whitley*, 505 U.S. 333, 340-347, 120 L. Ed. 2d 269, 112 S. Ct. 2514 (1992) (actual innocence of penalty); *Murray v. Carrier*, 477 U.S. 478, 496, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986) (federal courts may reach procedurally defaulted claims on a showing that a constitutional violation probably resulted in the conviction of an actually innocent person); *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 91 L. Ed. 2d 364, 106 S. Ct. 2616 (1986) (colorable showing of actual innocence suffices to excuse successive claim); see also *Teague v. Lane, supra*, at 313 (where absence of procedure seriously diminishes the likelihood of an accurate conviction, a new rule requiring the procedure may be applied retroactively on habeas).

507 U.S. at 699-700. That equitable considerations have informed the Supreme Court's decisions in habeas in no way authorizes a district court in its own discretion to excuse a petitioner's procedural default in state court because the State's counsel has failed to comply with a procedural requirement of the district court. Rather, the Supreme Court and the Sixth Circuit have been consistent in requiring that a state court procedural default is excused only on a showing of cause and prejudice or a sufficient showing of actual innocence. See *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002); *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Walker's request for the alternative relief of excusing his procedural defaults is likewise DENIED.

June 15, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge