IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GARY D. WALKER, | ) | Case No. 1:13-CV-159 |
| Petitioner, | ) | |
| | ) | District Judge Michael R. Barrett |
| vs. | ) | Magistrate Judge Michael R. Merz |
| | ) | |
| ERNIE L. MOORE, Warden | ) | |
| Respondent. | ) | |

**MOTION TO STRIKE RESPONDENT'S RETURN OF WRIT (Doc. No. 7-1), MEMORANDUM (Doc. No. 55), AND OBJECTIONS (Doc. No. 65).**

Now comes the Petitioner, Gary D. Walker, and respectfully moves this Honorable Court pursuant to Fed. Civ. R. 11, to strike Respondent's *Return of Writ* (Doc. No. 7-1), *Memorandum* (Doc. No. 55), and *Objections* (Doc. No. 65). A memorandum supporting the basis of this *Motion* is attached hereto and is incorporated herein by reference.

Respectfully submitted,

GARY D. WALKER
Habeas Petitioner

_____
Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

SCANNED AT LCI and E-Mailed to USDC OHSD on 6-23, 2015 by [signature]
No. of Pgs. 3

## MEMORANDUM

The Advisory Committee notes on the 1983 amendment of Fed. Civ. R. 11, noted:

> Since its original promulgation, Rule 11 has provided for the striking of pleadings and the imposition of disciplinary sanctions to check abuses in the signing of pleadings. Its provisions have always applied to motions and other papers by virtue of incorporation by reference in Rule 7(b)(2). The amendment and the addition of Rule 7(b)(3) expressly confirms this applicability.

The Petitioner recently filed a *Motion (Doc. No. 70) for Sanctions Pursuant to Fed. Civ. R. 11(b)(1)-(3)*,[1] against the Respondent, Attorney Gene D. Park, and Attorney Jerri L. Fosnaught, for engaging in misconduct, which included, but is not limited to, misrepresenting crucial facts to this Court, intentionally withholding and concealing crucial evidence from the Petitioner and this Court with the purpose to commit a fraud upon this Court, and intentionally misleading this Court.[2]

Fed. Rule 11 provide for the striking of pleadings, written motion, and other papers[3] and[4] the imposition of disciplinary sanctions to check abuses in the signing of pleadings, written motion, and other paper.

## CONCLUSION

For all of the reasons stated herein and in Petitioner's *Motion (Doc. No. 70) for Sanctions*

---

1. The Petitioner incorporate by reference the *Motion (Doc. No. 70) for Sanctions Pursuant to Fed. Civ. R. 11(b)(1)-(3)*, as if fully re-written herein.
2. See, Petitioner's *Motion (Doc. No. 70) for Sanctions Pursuant to Fed. Civ. R. 11(b)(1)-(3)*, and the argument set forth therein on how Respondent's *Return of Writ (Doc. No. 7-1), Memorandum (Doc. No. 55), and Objections (Doc. No. 65)* contain crucial misrepresentation, etc.
3. Fed. R. Civ. P. 11 provides every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it. If a pleading is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false. See, *Murchison v. Kirby*, 27 F.R.D. 14.
4. The common usage of the word "and" means added to: plus. See, Riverside Webster's New College Dictionary, Definition No. 2.

1

Pursuant to Fed. Civ. R. 11(b)(1)-(3), which is incorporated by reference herein, the Petitioner respectfully move this Honorable Court to strike *Respondent's Return of Writ* (Doc. No. 7-1), *Memorandum* (Doc. No. 55), and *Objections* (Doc. No. 65).[5]

Respectfully submitted,

GARY D. WALKER
Habeas Petitioner

/s/ Gary D. Walker
Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

## CERTIFICATE OF SERVICE

I, Gary D. Walker, hereby certify that a true and accurate copy of the foregoing *Motion to Strike Respondent's Return of Writ* (Doc. No. 7-1), *Memorandum* (Doc. No. 55), and *Objections* (Doc. No. 65) was electronically filed and sent to the Ohio Attorney General, Gene D. Park, and Jerri L. Fosnaught, at their respective addresses, via regular U.S. Mail, postage prepaid, this 23th day of June, 2015.

Respectfully submitted,

GARY D. WALKER
Habeas Petitioner

/s/ Gary D. Walker
Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

---

5  When attacking false or sham allegations, the more conventional practice is to employ a motion to strike. See 2A Moore's Federal Practice (2d ed.), §§ 11.02 and 12.21. See also *American Automobile Association v. Rothman*, 104 F. Supp. 655 (E.D.N.Y.1952); *Murchison v. Kirby*, 27 F.R.D. 14, 19 (S.D.N.Y.1961); *United States v. Greater New York Live Poultry Chamber of Commerce*, 53 F.2d 518 (S.D.N.Y.1931).