# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| GARY D. WALKER, | : | Case No. 1:13-CV-159 |
| | : | |
| Petitioner, | : | Judge Barrett |
| | : | |
| v. | : | Magistrate Judge Merz |
| | : | |
| ERNIE MOORE, Warden, | : | |
| | : | **HABEAS CORPUS** |
| Respondent. | : | |

## RESPONDENT'S OPPOSITION TO
## PETITIONER'S MOTION FOR SANCTIONS

On March 21, 2013, Petitioner Gary Walker filed a petition for a writ of habeas corpus challenging his convictions in Richland County, Ohio, case number 09-CR-52. On May 20, 2013, Respondent filed his Answer/Return of Writ. (Doc. #7; PAGEID #: 129.)

The magistrate judge issued a report and recommendation and a supplemental report and recommendation. (Docs. #14, 19; PAGEID #: 698, 758.) Walker filed objections. (Docs. # 15, 20; PAGEID #: 715, 765.) This Court overruled Walker's objections as to his third and fourth grounds for relief, but returned the matter to the magistrate judge for purposes of completing the record and further analysis as to Walker's first and second grounds for relief. (Doc. #39; PAGEID #: 919.)

The parties filed additional memoranda on Grounds One and Two. (Docs. #54-55.) Walker filed a motion in limine to exclude the documents attached to Respondent's memorandum. (Doc. #56.) The magistrate judge issued a Report and Recommendation on Recommittal recommending that Grounds One and Two be dismissed with prejudice on account

of Walker's procedural default in not requesting appointment of counsel on appeal. (Doc. #60; Report and Recommendation on Recommittal; PAGEID #: 1288.) Both parties filed objections. (Docs. #65, 72.)

Walker has now filed a motion for sanctions pursuant to Fed. Civ. R. 11(B)(1)-(3). Walker asks this Court to sanction the Respondent and the Respondent's legal counsel, Gene Park and undersigned counsel. According to Walker, Gene Park and undersigned counsel have violated Fed. Civ. R. 11(B)(1)-(3) and multiple Ohio Rules of Professional Conduct. Walker argues that Park withheld the "Financial Disclosure Form/Affidavit of Indigency," (Doc. #55-1, Respondent's Memorandum; PAGEID #:1073-74), with the purpose to deliberately mislead the Court. (Doc. #70, Motion for Sanctions p. 4; PAGEID #: 1448.) Walker apparently intends to argue that the form contains a request for the appointment of counsel. *Id.* at 1452. Walker argues that undersigned counsel did not inform the Court or Walker that the document was being submitted and did not list the form on the cover page of Respondent's State Court Record. Walker argues undersigned counsel was seeking to conceal the document. *Id.* Walker argues that Gene Park and undersigned counsel "deliberately withheld a key piece of evidence that supported the Petitioner's claims that he was denied appellate counsel on his initial appeal of right." *Id.* at 1457. Walker also argues that Respondent should be "punished for the misdeeds of their counsel." *Id.* at 1455. Walker seeks immediate release as a "sanction." *Id.* at 1456, 1458.

First, the document Walker references was attached to a "Motion to Waive Payment of Deposit" pursuant to Local Appellate Rule 1(B) of Ohio's Fifth Appellate Judicial District (Doc. #55-1, Respondent's Memorandum; PAGEID #:1070.) Petitioner has cited no statute, rule, or case law requiring Respondent to identify attachments to documents or risk Rule 11 sanctions.

Second, the document was filed by Walker, pro se, in the state courts. Presumably,

Walker knew he filed the document. Thus, it is not clear how Gene Park, undersigned counsel, or Respondent concealed the document from Walker. Additionally, if Walker believed the document was a request for the appointment of counsel, Walker could have submitted the document himself.

Third, the document was submitted by undersigned counsel to demonstrate that Walker was capable of utilizing forms and drafting form documents to seek relief on his behalf. It is not clear how undersigned counsel could conceal a document by filing it and serving it on Walker. Respondent's conduct "'was reasonable under the circumstances.'" *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998).

Fourth, undersigned counsel filed a memorandum to which the document was attached on April 15, 2015. (Doc. #55-1, Respondent's Memorandum; PAGEID #:1073-74.) On April 23, 2015, Walker filed a Motion in Limine asking this Court to exclude as irrelevant the very document on which he now relies in seeking sanctions, in addition to all of other the documents filed by Respondent. (Doc. #56, Motion in Limine; PAGEID #: 1272.) Specifically, Walker asserted that "the court documents presented by the Respondent are not relevant as to whether the Petitioner knowingly, intelligently, and voluntarily 'waived' his right to appellate counsel on the initial appeal as of right." *Id.* at 1276. This Court granted Walker's motion in limine in part noting that the documents would be considered only to the extent they show Walker's diligence in pursuing relief.

Now, Walker has changed his mind and alleges that the Financial DisclosureForm/Affidavit of Indigency is relevant, probative, and is evidence that he did "request . . . appellate counsel." However, the document is not labeled a request or motion for the appointment of counsel and nowhere in the document does Walker ask the State court to appoint

counsel.  Walker cannot turn form language in a Financial Disclosure Form/Affidavit of Indigency — that never once requests the appointment of counsel and instead addresses the defendant's financial resources — into a motion for the appointment of counsel.  Presumably, the form could be attached to a motion for the appointment of counsel.  However, Walker did not do so.  Instead, Walker attached the document to a "Motion to Waive Payment of Deposit" required by Local Appellate Rule 1(B) of Ohio's Fifth Appellate Judicial District.

The fact that Walker could find, fill out, and alter these forms to his personal situation demonstrates that Walker was aware of his right to have counsel appointed, and could have, but did not, prepare and file a motion for the appointment of counsel in much the same way he filed a Notice of Appeal, a Motion to Waive Payment of Deposit, and a Docketing Statement in the state appellate court, (Doc. #55-1; Respondent's Memorandum, Exhibits 1-3; PAGEID #: 1107), and the Motion for Appointment of Counsel during the postconviction process.  (Doc. #55-1; Respondent's Memorandum, Exhibit 5; PAGEID #: 1107.)

Fifth, Walker has not cited any case law authorizing release from imprisonment as a sanction for an alleged Rule 11 violation.  Walker is not entitled to release from custody unless he can show that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254; *Townsend v. Sain*, 372 U.S. 293, 312 (1963).

## **CONCLUSION**

For the foregoing reasons, Walker's motion for sanctions should be denied.

          Respectfully submitted,

          MICHAEL DeWINE
          Attorney General of Ohio


          s/Jerri L. Fosnaught
          JERRI L. FOSNAUGHT (0077718)
          Assistant Attorney General
          Criminal Justice Section
          150 East Gay Street, 16th Floor
          Columbus, Ohio 43215
          (614) 644-7233
          FAX: (866) 444-5142
          jerri.fosnaught@ohioattorneygeneral.gov

          Counsel for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing ***Respondent's Opposition to Petitioner's Motion for Sanctions*** was sent by regular U.S. mail to Gary D. Walker, #A554324, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, on the 29th day of June, 2015.

s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT
Assistant Attorney General
