IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI


GARY D. WALKER,

                Petitioner,      :      Case No. 1:13-cv-159

   - vs -                                District Judge Michael R. Barrett
                                           Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                                       :

                Respondent.


## SUBSTITUTED REPORT AND RECOMMENDATIONS ON RECOMMITTAL; REPORT AND RECOMMENDATIONS ON MOTION FOR SANCTIONS


This habeas corpus case is before the Magistrate Judge on return from District Judge Barrett "for purposes of completing the record and further analysis" as to Grounds One and Two (Order, Doc. No. 39, PageID 927). Having completed the record, the Magistrate Judge filed a Report and Recommendations on Recommittal which again concluded that Grounds for Relief One and Two should be dismissed as procedurally defaulted because:

> The conclusion of the Fifth District Court of Appeals that Walker procedurally defaulted his right to appointed counsel on appeal by not requesting counsel is neither contrary to nor an objectively unreasonable interpretation of Supreme Court precedent regarding appointment of appellate counsel, e.g., *Douglas v. California*, supra, or *Evitts v. Lucey*, supra.

("Recommittal Report," Doc. No. 60, PageID 1301.) The Recommittal Report rejected the Warden's claim that the ground was also procedurally defaulted by Walker's failure to appeal to the Ohio Supreme Court. *Id.* at PageID 1301-02. It also rejected Walker's attempt to add new

1

claims by memorandum. *Id.* at 1302-04.

In response to the Recommittal Report, Walker has filed Objections (Doc. No. 61), Corrected Objections (Doc. No. 62), Revised Objections (Doc. No. 63), four Motions to Take Judicial Notice (Doc. Nos. 64, 66, 68, & 75), a Motion to Strike Respondent's Objections (Doc. No. 67), a Motion for Sanctions (Doc. No. 70), a Motion to Strike the Return of Writ (Doc. No. 73), and a Motion for Declaration of Default (Doc. No. 78). District Judge Barrett has recommitted the case for reconsideration in light of all of these filings (Doc. No. 77).

Walker makes eighteen objections in his Revised Objections[1] (Doc. No. 63) which are set out verbatim in an appendix to this document. In the Magistrate Judge's opinion, it is not necessary to deal with those objections *seriatim*. The premise of the prior Recommittal Report was that Walker had forfeited his right to counsel on direct appeal because he had never asked that counsel be appointed (Recommittal Report, Doc. No. 60, PageID 1295-1301). But the Court's attention has now been called to additional documents filed as part of the completion of the record ordered by Judge Barrett in the recommittal. The following facts are drawn from that expanded record.

On July 1, 2009, Walker filed, *pro se,* a Notice of Appeal of his conviction (Doc. No. 55-1, Ex. 1, PageID 1066-69). At exactly the same time, he filed, *pro se,* a Motion to Waive Payment of Deposit with an attached Affidavit of Indigency and a Fifth District Court of Appeals Docketing Statement. *Id.* at Ex. 2, PageID 1070-80. As part of those documents, he represented to the Court of Appeals that he could not "afford to pay for any legal services, . . ." *Id.* at PageID 1072. As part of the Fifth District's forms for filing, he signed an Affidavit of Indigency which stated in part:

---

[1] Only the Revised Objections are considered here since Walker presumably intended to supersede the previously filed Objections (Doc. No. 61) and Corrected Objections (Doc. No. 62).

2

> 1. I am financially unable retain private counsel without substantial hardship to me or my family.
>
> 2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.
>
> 3. I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years form [sic] the last date legal representation was provided.
>
> 4. I understand that I am subject to criminal charges for providing false financial information in connection **with the above application for legal representation** pursuant to Ohio Revised Code Sections 120.05 and 2921.13.

*Id.* at PageID 1074 (emphasis added).  Immediately below Walker's signature and the notarization appears a place for the judge's signature subscribing to the finding that "I have determined that the applicant meets the criteria for receiving court appointed counsel."  *Id.*  There is no judicial signature in the place provided, but the Inmate Demand Statement attached from the prison cashier leaves no doubt that Walker is indigent. *Id.* at PageID 1075-76.  As part of the same filing, there is a Fifth District Court of Appeals Docketing Statement which asks at Question 8 "Was counsel appointed for appeal?  Walker answered that question "no," informing the court of appeals that the trial court had not appointed counsel for appeal. *Id.* at PageID 1078.

The Magistrate Judge was not aware of these documents when he filed the initial Report and Recommendations (Doc. No. 14) and Supplemental Report and Recommendations (Doc. No. 19) in April, 2014.  They were first filed as attachments to Respondent's Memorandum Regarding Grounds One and Two (Doc. No. 55) which the Court had invited when the case was recommitted in March 2015.  Instead of relying on them, Petitioner's first reaction was to move

3

to exclude them from the record (Doc. No. 56, particularly PageID 1272). However, after the Recommittal Report was filed, Walker called the documents to the Court's attention by moving for sanctions against Respondent and both of Respondent's counsel for withholding the Financial Disclosure Form, misrepresenting facts to the Court, lying, asserting "a baseless and frivolous defense," and causing "excessive delay and frivolous litigation." (Motion for Sanctions,[2] Doc. No. 70, PageID 1447.)

The quoted documents completely eliminate the premise of the Magistrate Judge's prior recommendations on Grounds One and Two. They make it plain that Walker did request appointment of counsel on direct appeal using the forms prescribed by the Fifth District Court of Appeals for that purpose. Thus he did not forfeit his right to counsel on direct appeal by not making the request for counsel required by Ohio R. Crim. P. 32(B). Having made the request, he was not furnished counsel on this first direct appeal, as is required by the United States Constitution. Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963). To the extent the Fifth District's denial of relief was premised on a finding that Walker never applied for appointment of counsel, that finding "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2).

**Remedy**

Walker's Revised Objections include an eleven-page "Prayer for Relief" (Doc. No. 63, PageID 1411-21). He requests an "immediate discharge from custody" and a bar on re-trial. *Id.* In the alternative he requests that he be given an immediate discharge because he rejected a plea

---

[2] The Fed. R. Civ. P. 11 portion of this Motion is dealt with *infra*.

deal of four years and two months as a result of ineffective assistance of trial counsel. *Id.* at PageID 1419. As a third alternative, he asks this Court "to award the petitioner the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it." *Id.* at PageID 1420. He concludes "[p]lacing the Petitioner in the same position (by merely granting a new appeal) six years later would not redress the constitutional wrongs that occurred because the Petitioner has served six long years in prison in violation of the United States Constitution." *Id.* at PageID 1421.

On the contrary, the Magistrate Judge concludes that a writ conditioned on a new appeal is precisely proportioned to the constitutional deprivation Walker suffered: denial of appointed counsel on appeal. In a leading case on the use of conditional writs, the Sixth Circuit has noted that they are "essentially accommodations accorded to the state . . . represent[ing] a [habeas] court's holding that a[n] infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which it might cure the . . . error." *Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006), quoting *Phifer v. Warden,* 53 F.3d 859, 864-65 (7th Cir. 1995). The *Satterlee* court noted that the Sixth Circuit had "consistently endorsed the use of conditional writ, . . ." 453 F.3d at 369, n. 5.

Accordingly, it is respectfully recommended that the Court GRANT Petitioner a writ of habeas corpus on Grounds One and Two commanding his release from prison on the Richland County conviction at issue in this case unless the State of Ohio grants Walker a new direct appeal with appointed counsel within 180 days of final judgment in this case.

The State's Objections to the Recommittal Report do not require further analysis beyond that initially made in that Report.

**Motion for Sanctions**

Walker seeks sanctions against Respondent and both Assistant Attorneys General who have represented Respondent in this case, Gene D. Park and Jerri Lynne Fosnaught (Doc. No. 70). The Motion is brought under Fed. R. Civ. P. 11 and complains of failure to disclose the Financial Disclosure Form/Affidavit of Indigency on which the Magistrate Judge has relied to find that Walker did request appointment of counsel on appeal and therefore had not forfeited his right to counsel.

It is unclear whether a Rule 11 motion is within the decisional authority of a magistrate judge or is a dispositive motion on which magistrate judges do not have jurisdiction. *Compare Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992), with dicta in *Homico Constr. & Dev. Co. v. Ti-Bert Sys., Inc.*, 939 F.2d 392, 394, n.1 (6th Cir. 1991). Because Walker does not seek monetary sanctions, but rather immediate release from custody, the instant Motion must be treated as dispositive.

There is no basis for Rule 11 sanctions against the Warden. As Walker's custodian, he is a necessary party to this case; the custodian has been the required and proper respondent in a habeas case in both this country and England since at least the fifteenth century. But in cases under 28 U.S.C. § 2254, the warden is a formal party, represented by law by the Attorney General. He or she has no control of the state court record, which must be obtained by his counsel from the state courts which hold it. The request for sanctions against the Warden should be denied.

6

Assistant Attorney General Fosnaught entered her appearance in this case on March 25, 2015, after Judge Barrett's remand for reconsideration of Grounds One and Two. It was she who, less than a month later, supplemented the record with the document in question (Doc. No. 55). Nevertheless, paying no attention to when she entered the case, Walker accuses her of "lies, deceptions and omissions" which somehow impacted the Report and Recommendations filed eleven months before she entered the case. The request for sanctions against Attorney Fosnaught should be denied.

Attorney Park presents a much closer question. Walker is correct that Park did not file the document in question with the original state court record. In the Return of Writ, he argued that Walker had procedurally defaulted his claim of denial of counsel on appeal by not appealing to the Ohio Supreme Court and by inviting error by voluntarily dismissing the appeal; he did not argue the lack of a request (Return of Writ, Doc. No. 7, PageID 143-45). The Magistrate Judge noted the absence of a request for counsel in the initial Report and Recommendations and relied on it to find the claim forfeited (Doc. No. 14, PageID 701, 706).[3]

However, Walker does not present a convincing case for sanctions. Despite his overblown rhetoric about Respondent's counsel, he presents no evidence that Park's failure to file the Financial Disclosure Form was deliberate or malicious. The state court record in this case is quite complex, particularly given Walker's filing of appeals and then dismissing them, then presenting claims in the Common Pleas Court instead. While Mr. Park's failure to file the document did cause inconvenience to the Court and delay in resolution of the case, the Court attributes it to inadvertence rather than intentional misconduct.

Moreover, even if the Court were inclined to grant sanctions, Walker's Motion is

---

[3] In the initial Report, the Magistrate Judge also found that Walker did not deny the Warden's claim that he had not requested counsel on appeal. *Id* at PageID 706.

7

procedurally deficient. Fed. R. Civ. P. 11(c) provides that a "motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service . . ." Reversing this Court in a Rule 11 case, the Sixth Circuit has held that observance of this "safe harbor" provision is mandatory. *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997)(Moore, J.) Walker did not comply with the safe harbor provision; his Motion for Sanctions was filed on the same day it was served (See Doc. No. 70, Certificate of Service at PageID 1459, the same date the document was filed, see PageID 1444.)

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Court GRANT Petitioner a conditional writ of habeas corpus on Grounds for Release One and Two, ordering his release unless he is granted a new direct appeal of the conviction at issue in this case.[4] The Court should enter final judgment dismissing Grounds Three and Four with prejudice as previously ordered and as to those two grounds, because reasonable jurists would not disagree, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. Walker's Motion for Sanctions should be DENIED.

July 17, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[4] The ODRC database reports that Petitioner is also serving committed sentences from Ashland and Cuyahoga Counties. www.drc.ohio.gov/offendersearch visited July 17, 2015.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

# Appendix

### OBJECTION NO. 1

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the state court did not rely on a failure to comply with Criminal Rule 32(B)(3)(d) as an independent basis of denying relief or its basis of disposing of the Petitioner's case under *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.

### OBJECTION NO. 2

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), because the Ohio Supreme Court bar such a finding in the absence of a state court judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal from his judgment of conviction, pursuant to *State v. Catlino*, 10 Ohio St. 2d 183, 226 N.E.2d 109.

### OBJECTION NO. 3

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), because an indigent defendant's failure to request appellate counsel is not a procedural default or "waiver" of counsel pursuant to *Swenson v. Bosler* 1966, 386 U.S. 258, 260, 87 S. Ct. 996, 18 L. Ed. 2d 33.

### OBJECTION NO. 4

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted by failing to

request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the Petitioner demonstrated "cause" and "prejudice" which excused any purported procedural default, and the procedural default occurred as a proximate result of the trial court breaching its duty to inform the Petitioner of his right to appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(b) and breaching its duty to inform the Petitioner of his obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).

### OBJECTION NO. 5

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted by failing to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d), as the Petitioner demonstrated "cause" excusing any procedural default when trial counsel failed to inform the Petitioner of his right to appellate counsel and of Petitioner's obligation to request appellate counsel in compliance with Ohio Criminal Rule 32(B)(3)(d).

### OBJECTION NO. 6

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" when the Petitioner dismissed his appeal thereby causing the state court to deprive the Petitioner of appellate counsel, when the state court did not rely on Ohio's "invited error doctrine" as an independent basis for depriving the Petitioner of appellate counsel in its September 24, 2009, Judgment Entry, and habeas review is not barred pursuant to *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308.

### OBJECTION NO. 7

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation· on Recommittal which incorrectly determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" when the Respondent "waived" their "invited error" defense by failing to Object to the former Report & Recommendation that abandoned the "invited error" defense.

## OBJECTION NO. 8

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" and deprived himself of appellate counsel when the Petitioner dismissed his appeal, when the state "invited error" and is barred from asserting the "invited error defense."

## OBJECTION NO. 9

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which incorrectly determined that the Petitioner "invited error" and deprived himself of appellate counsel when the Petitioner dismissed his appeal, when the State "invited error" and is barred from asserting the "invited error defense" against the Petitioner under Ohio's "clean hands doctrine."

## OBJECTION NO. 10

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" and deprived himself of appellate counsel when the Petitioner dismissed his appeal, when the deprivation of appellate counsel occurred prior to Petitioner dismissing his appeal.

## OBJECTION NO. 11

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" because the Petitioner can not [sic]invite the state court to act without jurisdiction.

## OBJECTION NO. 12

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "invited error" because the Petitioner never waived his right to appellate counsel.

### OBJECTION NO. 13

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner procedurally defaulted under Ohio's "invited error doctrine" because the Petitioner sufficiently demonstrated cause and prejudice excusing any procedural default.

### OBJECTION NO. 14

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "forfeited" his right to appellate counsel, because the state court did not rely on a "forfeiture" as an independent basis of denying relief or its basis of disposing of the Petitioner's case under *Harris v. Reed,* 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308, in its September 24, 2009, Judgment Entry.

### OBJECTION NO. 15

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "forfeited" his right to counsel because the Respondent "waived" this affirmative defense by failing to assert this defense in their initial response to Petitioner's writ of habeas corpus.

### OBJECTION NO. 16

The Petitioner Object[sic] to and ask this Court to reject the Report and Recommendation on Recommittal which *sua sponte* invoked a procedural bar against the Petitioner, contrary to *Scott v. Collins*, 286 E3d 923, (6th Cir. 2002).

**OBJECTION NO. 17**

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Petitioner "forfeited" his right to appellate counsel.

**OBJECTION NO. 18**

The Petitioner Object [sic] to and ask this Court to reject the Report and Recommendation on Recommittal which erroneously determined that the Ohio Fifth District Court of Appeals procedurally defaulted the Petitioner in its September 24, 2009, Judgment Entry.

(Revised Objections, Doc. No. 63.)