IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GARY D. WALKER, | ) | Case No. 1:13-CV-159 |
| Petitioner, | ) | |
| | ) | District Judge Michael R. Barrett |
| vs. | ) | Magistrate Judge Michael R. Merz |
| | ) | |
| ERNIE L. MOORE, Warden | ) | |
| Respondent. | ) | |

**PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SUBSTITUTED REPORT AND RECOMMENDATIONS ON RECOMMITTAL**

Now comes the Petitioner, Gary D. Walker, and hereby respectfully *Object* to Magistrate Judge's July 17, 2015, *Substituted Report and Recommendation of Recommittal*.

A *Memorandum* supporting the basis of this *Objection* is attached hereto and is incorporated herein by reference.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

SCANNED AT LCI and E-Mailed
to USDC OHSD on 7-21
20 15 by SKuly
No. of Pgs. 18

## MEMORANDUM

Pursuant to Fed Rules Civ. R. 72(b), the Petitioner, Gary D. Walker, respectfully submit this *Memorandum* in support of his *Objections*.

### OBJECTION NO. 1

1. The Petitioner Object to and ask this Court to reject the *Substituted Report and Recommendation on Recommittal* which erroneously recommended and limiting habeas corpus relief to granting the Petitioner a new direct appeal with the appointment of appellate counsel, as opposed to granting the Petitioner unconditional release from confinement due to the Petitioner serving an extended and unjustifiable period of incarceration before this writ was granted.

The portion of the Magistrate Judge's *Substituted Report & Recommendation on Recommittal* recommending that the Petitioner habeas corpus relief be limited to granting the Petitioner a new appeal with the appointment of appellate counsel should be rejected as being clearly erroneous, because granting the Petitioner a new appeal 6 years after the constitutional violations occurred in this case will not *cure* the constitutional errors. For the reasons detailed below, the Petitioner, Gary D. Walker, respectfully moves this Court to Order his immediate unconditional discharge from custody, because the Petitioner has served an extended and unjustifiable period of incarceration.[1]

The habeas corpus statute authorizes a federal court to dispose of habeas petitions "as law and justice require."[2] The mandate of the statute "is broad with respect to the relief that may be granted."[3] The federal court has "'the largest power to control and direct the form of judgment to

---

[1] *Cf. Morales v. Portuondo*, 165 F. Supp. 2D 601; *Bragg v. Norris*, 128 F. Supp. 2D 587; see, e.g., *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

[2] 28 U.S.C. § 2243; *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 2118, 95 L. Ed. 2d 724 (1987); *Davis v. Reynolds*, 890 F.2d 1105, 1112 (10th Cir. 1989).

[3] *Carafas v. LaVallee*, 391 U.S. 234, 239, 88 S. Ct. 1556, 1560, 20 L. Ed. 2d 554 (1968).

1

be entered in cases brought up before it on habeas corpus."[4] Thus, this district court may exercise its broad authority in habeas cases to grant any relief it deems necessary, including the permanent discharge of a successful habeas petitioner.[5]

Although federal courts rarely grant unconditional releases, federal courts have barred retrial of successful habeas petitioners in the rarest of circumstances. The federal courts have done so in three situations:

> (1) where the act of retrial itself would violate petitioner's constitutional rights, for example, by subjecting him to double jeopardy; (2) where a conditional writ has issued and the petitioner has not been re-tried within the time period specified by the court; and (3) "**where the petitioners had served extended and potentially unjustifiable periods of incarceration before the writ was granted.**"[6]

In *Bragg v. Norris*, 128 F. Supp. 2d 587, the United States District Court for the Eastern District of Arkansas, granted unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception.[7]

Also in line with the Petitioner's case is *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975), where the Second Circuit granted the Petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years.

---

[4] *Hilton*, 481 U.S. at 775, 107 S. Ct. at 2118 (citation omitted).
[5] *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir.1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir.1969)).
[6] *Bragg v. Norris*, 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).
[7] *Cf. Morales v. Portuondo*, 165 F. Supp. 2d 601.

In this case, the Petitioner has served an extended period of incarceration of 6 years, which was wholly unjustifiable and unconstitutional. As the Magistrate Judge pointed out and as the Petitioner has proven, there was a request for the appointment of appellate counsel submitted by the Petitioner.[8] However, the trial court, the Ohio's Appellate Fifth District judge's, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor failed to provide Walker his right to constitutional mandated counsel for more than 6 years.

There was no justification for such blatant and egregious conduct on part of the State and the Ohio courts. In *Evitts v. Lucey*, 469 U.S. 387 (1985), the Supreme Court stated:

> "In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that -- like a trial -- is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant -- like an unrepresented defendant at trial -- is unable to protect the vital interests at stake." *Id.*, at 396.

Three years after the Supreme Court established that defendant's had a Sixth Amendment right to counsel on their initial appeal of right in *Evitts*, the Supreme Court eloquently elaborated on the importance of appellate counsel in *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300. In *Penson* the Supreme Court stated:

> The right to be represented by counsel is among the most fundamental of rights. We have long recognized that "lawyers in criminal courts are necessities, not luxuries." *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). As a general matter, it is through counsel that all other rights of the accused are protected: "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Schaefer, Federalism and State Criminal Procedure, 70 Harv. L. Rev. 1, 8 (1956); see also *Kimmelman v. Morrison*, 477 U.S. 365, 377 (1986); *United States v. Cronic*, 466 U.S. 648, 654 (1984). The paramount importance of vigorous representation follows from the nature of our adversarial

---

[8] *Walker v. Warden, Leb. Corr. Inst.*, 2015 U.S. Dist. LEXIS 93256 (S.D. Ohio July 17, 2015).

3

system of justice. This system is premised on the well-tested principle that truth -- as well as fairness -- is "'best discovered by powerful statements on both sides of the question.'" *Kaufman, Does the Judge Have a Right to Qualified Counsel?*, 61 A. B. A. J. 569, 569 (1975) (quoting Lord Eldon); see also *Cronic*, 466 U.S., at 655; *Polk County v. Dodson*, 454 U.S. 312, 318-319 (1981). Absent representation, however, it is unlikely that a criminal defendant will be able adequately to test the government's case, for, as Justice Sutherland wrote in *Powell v. Alabama*, 287 U.S. 45 (1932), "[e]ven the intelligent and educated layman has small and sometimes no skill in the science of law." *Id.*, at 69.

The duly elected trial court judge, Ohio's Fifth Appellate District judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor are all licensed attorneys, and are all presumed competent,[9] and are presumed to know the laws cited above.[10]

Armed with this knowledge, it is presumed the Ohio judge's, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor were cognizant of the fact that the Petitioner had a constitutional right to appellate counsel on his initial appeal of right,[11] under the Sixth and Fourteenth Amendment to the United States Constitution as clearly established by the United States Supreme court in *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S. 387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

Furthermore, all of these elected judicial officers were cognizant that the right to

---

[9] *Vaughn v. Maxwell* (1965), 2 Ohio St. 2d 299.

[10] *State v. Foust*, 105 Ohio St. 3d 137, 2004 Ohio 7006, 823 N.E.2d 836, 2004 Ohio LEXIS 3060 (2004), at ¶128 (holding judges are presumed to know the law); *State v. Olah*, 146 Ohio App. 3d 586, 2001 Ohio 1641, 767 N.E.2d 755, 2001 Ohio App. LEXIS 4753 (Ohio Ct. App., Lorain County 2001)(holding a judge is presumed to know the law *** and there is nothing in the record that would overcome this presumption).

[11] Also, the Ohio Fifth Appellate District had the obligation to satisfy itself that the petitioner was represented or had waived counsel as a matter of record. When it was discerned that petitioner was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, the Court should not have proceeded (see, *Swenson v Bosler*, 386 US 258, 260). This comports with principles that the Supreme Court have articulated stressing the importance and benefit of having counsel on appeal. See, *People v. Garcia*, 93 N.Y.2d 42.

4

appellate counsel in Ohio could only be waived in compliance with Ohio Criminal Rule 44(C).[12] However, none of the Ohio judges, the Ohio's Attorney General Office acting through Assistant Attorney General Kenneth Egbert, Jr., nor James J. Mayer of the Richland County Prosecutor,[13] or any of his assistant prosecutor's protected, preserved, or enforced the United States Constitution in this case.

But the constitutional deprivation of counsel did not stop at Petitioner's direct appeal, subsequent to the breach of duty in Petitioner's initial appeal of right, the trial court judge and Richland County Prosecutor's Office acting in conjunction with Assistant Attorney General and Special Prosecutor Kenneth Egbert, Jr., once again capriciously and arbitrarily denied the Petitioner his right to counsel under the Sixth Amendment to the United States Constitution at the December 30, 2009, Re-sentencing Hearing.[14]

The December 30, 2009, Re-sentencing Hearing transcripts reads verbatim:

> THE DEFENDANT: Your Honor, can I get a lawyer in this case? Can I have a lawyer before we proceed with this, because I feel that I need to talk with a lawyer before we go into this. I have a right to have a lawyer. (Doc. No. 47, page 952, line 20-21).

In response, the trial court stated verbatim:

> THE COURT: You filed your motion pro se you didn't ask for a lawyer when you filed that motion. All you are entitled to, if you are entitled to anything at all, and I don't think you are entitled to anything extra, is the notification of your Post Release Control. It doesn't effect your sentence,[15] and if you think that's wrong then I

---

[12] Criminal Rule 44(C) provides. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

[13] There were five judicial officers in total involved in this case, not including Ken Egbert, Jr., (Ken Egbert, Jr., was the Special Prosecutor at the trial court stage), Gene Park and Jerri Fosnaught of the Ohio Attorney General Office who defended the Warden on this habeas corpus and made several overt attempts to perpetuate the constitutional error, by arguing no violation occurred thereby preventing, hindering, and thwarting justice from being expeditiously administered.

[14] Walker is not arguing a new claim for the December 30, 2009, Resentencing Hearing, but only reference the hearing to illustrate the State's disregard of fundamental constitutional rights in Ohio.

[15] This is an incorrect statement of law. Contrary to the trial court's statement, it's well settled that

guess you can just file a notice of appeal. (Doc. No. 47, page 952, line 25, and page 953, lines 1-7).

The Petitioner responded to the trial court, and stated:

> THE DEFENDANT: I can't get an attorney in this hearing? I would like to have an attorney before we have this hearing. I was supposed to have an attorney present. (Doc. No. 47, page 954, line 5-8).

The Petitioner's last desperate plea for counsel was denied by the trial court. Federal and State courts recognize that re-sentencing hearings are critical stages where the right to counsel attaches.[16] The Ohio Supreme Court in *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970, (2014), held:

> "Re-sentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a "critical stage" of a criminal proceeding."[17]

Because the December 30, 2009, Re-sentencing Hearing was a critical stage of the proceedings, the trial court had a duty to provide constitutional mandated counsel at the December 30, 2009, Re-sentencing Hearing, but once again deliberately failed to do so.[18]

The complete denial of counsel at the December 30, 2009, Re-sentencing hearing, illustrate a pattern of deliberate indifference on behalf of the State of Ohio, and the Ohio courts

---

post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *State v. Griffin*, 2004 Ohio 4344, 2004 Ohio App. LEXIS 3961 (Ohio Ct. App., Cuyahoga County Aug. 19, 2004); *State v. Jones* (May 24, 2001), Cuyahoga App. No. 77657, 2001 Ohio App. LEXIS 2330; and, *State v. Perry*, Cuyahoga App. No. 82085, 2003 Ohio 6344.

[16] *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970 (2014), and see, *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir. 1992) (finding that constructive absence of counsel at re-sentencing hearing was prejudicial per se); *Hall v. Moore*, 253 F.3d 624, 2001 U.S. App. LEXIS 11762 (11th Cir. Fla. 2001) (habeas corpus granted when denied counsel at re-sentencing hearing); *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978) (ruling that reversal is automatic when a defendant is denied counsel during a critical stage or throughout the prosecution of a capital offense).

[17] *Id.*, at ¶ 15.

[18] *Carnley v. Cochran*, 369 U.S. 506, at 513, 82 S. Ct. 884, at 889, 8 L. Ed. 2D 70 (1962)(holding where the [effective] assistance of counsel is a constitutional requisite, the right to be furnished [adequate] counsel does not depend on a request).

to adhere to clearly established federal law that a defendant has a Sixth and Fourteenth Amendment right to counsel at any "critical stage of the proceedings."[19]

Following these United States Constitutional violations, Walker remained *incarcerated* and persistent.[20] During Walker's torturous journey through the Ohio courts, no judge nor prosecutor intervened, protected, helped, or corrected the United States Constitutional violations that occurred and that was apparent from the record. What these judges and prosecutors did do was misrepresent facts, suppress the truth, and transformed the Ohio tribunals into a forum of human treachery where the Petitioner, who is a destitute citizen of the United States of America suffered at the hands of the individuals who were elected and took an oath to uphold, preserve, and protect the United States Constitution.

The United States Constitution prohibits such reprehensible conduct. Moreover, Ohio law prohibits this sort of illicit conduct. Ohio Revised Code § 2921.44, Dereliction of duty, state:

> (E) No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office.

Ohio Revised Code § 2921.45. Interfering with civil rights, state:

> (A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

The Ohio judges, Ohio's Attorney General Office, and Richland County Prosecutor recklessly failing to appoint the Petitioner appellate counsel in compliance with *Douglas v. California*, 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963) and *Evitts v. Lucey*, 469 U.S.

---

[19] The Court explained that sentencing is a critical stage of the proceedings, *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) and the Ohio Supreme Court applied *Gardner* to re-sentencing hearings in *State v. Schleiger*, 141 Ohio St. 3d 67, 2014-Ohio-3970.

[20] Walker has done everything he could reasonably do. It should be recalled that Walker proceeded *pro se* since sentencing, and has navigated the state courts *pro se*. Walker also litigated this federal writ of habeas corpus *pro se* despite the fact that "[f]ederal habeas corpus happens to be one of the most complex areas of American law." *Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007).

387, 395-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985), after a request for appellate counsel was submitted unequivocally violated Ohio Revised Code § 2921.44(E).

Moreover, the Ohio judges, Ohio's Attorney General Office, and Richland County Prosecutor knowingly deprived Walker of his right to appellate counsel on his initial appeal of right in violation of the Sixth and Fourteenth Amendments to the United States Constitution which unequivocally violated Ohio Revised Code § 2921.45(A).

In this case, the Ohio judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, took a stance against the United States Constitution,[21] violated Ohio laws and engaged in a pattern of egregious, unacceptable, and unlawful behavior which is inconsistent with the values and integrity of the judicial system.

The Ohio judges, Assistant Attorney General Kenneth Egbert, Jr., and James J. Mayer, Richland County Prosecutor, failing to protect Walker's right to appellate counsel on his initial appeal of right, then subsequently failing to correct the constitutional violation when the error was presented, not only delayed justice, but illustrated a deliberate indifference to protect, preserve, and uphold the United States Constitution.

This clearly established pattern of abuse, which is unconscionable, should not be rewarded with merely granting a conditional writ of habeas corpus, which in effect, would be tantamount to rewarding the State of Ohio with a second bite at the apple. The consequence of these elected judicial officials' actions has caused justice to not only be delayed for more than 6 years, but has resulted in the petitioner serving an unlawfully and unconstitutionally extended period of incarceration, and forced the Petitioner to languish in prison for more than half a decade. To reward such flagrant conduct by merely granting a conditional writ would encourage, inspire, and promote the State of Ohio and its judicial officers to engage in the same unlawful

---

[21] Ohio judges are by their oaths to uphold the Constitution. *State v. Ponzi*, 2010-Ohio-4698, at ¶ 15.

conduct in the future because at worst the defendant would only be granted a conditional writ even if 6 years of 15 years elapse.

This is not the message this Court wants to send, and granting the immediate discharge of the petitioner would not only be the appropriate antidote, but would send a strong, firm, and stern message that such unconstitutional and unlawful conduct on behalf of judicial officers will not be tolerated, rewarded, nor reinforced.

## CONCLUSION

Granting the Petitioner a new appeal with the assistance of appellate counsel 6 years after the Petitioner has been forced to unjustifiably languish in prison for an extended period of 6 years will not *cure* the constitutional violations in this case.

Thus, the Petitioner moves this Court to Order his immediate unconditional discharge from unlawful confinement because the Petitioner has served an extended and unjustifiable periods of incarceration before the writ was granted and has remained unconstitutionally confined for over 6 years as a sole result of the State of Ohio's malfeasance and unconstitutional actions and conduct which should not be rewarded with granting a conditional writ.[22]

## OBJECTION NO. 2

2. The Petitioner Object to and ask this Court to reject the *Substituted Report and Recommendation on Recommittal* which erroneously recommended limiting habeas corpus relief to granting the Petitioner a new direct appeal with the appointment of appellate counsel, as opposed to granting the Petitioner

---

[22] *Morales v. Portuondo*, 165 F. Supp. 2d 601; *Bragg v. Norris*, 128 F. Supp. 2d 587 (finding granting unconditional release from custody because *Bragg* has been in custody over four years for a crime the State could have never proven without lies, omissions, and deception); *Latzer v. Abrams*, 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985); see, e.g., *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975) (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years). This relief should also be granted due to the unconscionable pattern of abuse of United States Constitutional rights by the State of Ohio and its judges.

> unconditional release after reducing his sentence to
> time served as the Petitioner requested.

The portion of the Magistrate Judge's *Substituted Report & Recommendation on Recommittal* recommending that the Petitioner habeas corpus relief be limited to granting the Petitioner a new appeal with the appointment of appellate counsel should be rejected as being clearly erroneous, because granting the Petitioner a new appeal will not *cure* the constitutional errors that occurred in this case. For the reasons detailed below, the Petitioner, Gary D. Walker, respectfully moves this Court to Order his immediate unconditional release and discharge from custody.

This Court should grant the immediate unconditional discharge of the Petitioner pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996). In *Boria*, the Second Circuit Court noted and held that:

> "The Petitioner having already served six years in prison -- at least twice as long as would have been possible had he accepted the offered plea bargain -- we shall order that the sentence be reduced to time served and that the petitioner be discharged, but the judgment of conviction will not be disturbed."[23]

In this case, its undisputed that the Petitioner was offered a plea deal of four years and two months,[24] and unintelligently rejected the offer as a result of ineffective assistance of trial counsel. On the Petitioner's direct appeal in Fifth District Court of Appeals, Case No. 2009-CA-0088, with the assistance of appellate counsel, the Petitioner could have raised:

> *The Petitioner, Gary D. Walker, was denied effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to explain (1) the advantages and disadvantages of accepting or declining the four (4) years and two*

---

[23] See also *Lewandowski v. Makel*, 949 F.2d 884, 889 (6th Cir. 1991) (holding since petitioner would have been paroled by this time if he had effective assistance of counsel, only avenue to place him in position prior to constitutional violation was unconditional release).

[24] See, (Doc. No. 55-1, PAGEID # 1087-1095).

*(2) months in prison plea offer; and (2) the sentencing or other consequences that could result based on conviction, and the Petitioner unintelligently rejected a favorable plea offer he would have otherwise accepted and later as a result of ineffective assistance of counsel received twelve years in prison.*[25]

Had the Petitioner raised this error on direct appeal, *with the assistance of appellate counsel,* and had the appeal been successful, the Petitioner would have been released no later than August of 2016, almost a year ago, which makes unconditionally releasing the Petitioner from custody appropriate.[26] Because the Petitioner has been incarcerated for almost seven years which is more than a year after the date in which the Petitioner would have been released from prison if he would have been successful in prosecuting his direct appeal *with the assistance of appellate counsel,* an unconditional release should be awarded.

## CONCLUSION

For all the reasons stated in Objection 2, the Petitioner respectfully moves this Court to reject the Magistrate Judge's *Substitute Report and Recommendation on Recommittal* which erroneously recommended limiting habeas corpus relief to granting the Petitioner a new direct appeal with the appointment of appellate counsel, and the Petitioner moves this Court to grant the Petitioner unconditional release after reducing his sentence to time served.

## OBJECTION NO. 3

3. The Petitioner Object to and ask this Court to reject the *Substituted Report and Recommendation on Recommittal* which erroneously recommended limiting habeas corpus relief to granting the Petitioner a new direct appeal with the appointment of appellate

---

[25] See, Brief of Plaintiff-Appellee, State of Ohio, filed in Ohio Fifth District Court of Appeals, Case No. 2015-CA-0011, on April 27, 2015, which reads verbatim:

> "The issues argued by the Appellant were known to the Appellant at the time of his direct appeal and could have been and should have been raised on appeal. Accordingly, these argument are now barred by res judicata."

[26] This issue according to the Fifth Appellate District could have been raised on direct appeal. *See State v. Walker,* (May 20, 2015) 2015-Ohio-2077; 2015 Ohio App. LEXIS 2236, at ¶ 24.

                    counsel, as opposed to granting the Petitioner a re-trial
                    as the Petitioner requested.

The portion of the Magistrate Judge's *Substituted Report & Recommendation on Recommittal* recommending that the Petitioner habeas corpus relief be limited to granting the Petitioner a new appeal with the appointment of appellate counsel should be rejected as being clearly erroneous, because granting the Petitioner a new appeal will not *cure* the constitutional errors in this case.

If this Court determine that granting the immediate discharge of the Petitioner for the reasons first mentioned, or reducing the Petitioner's prison sentence to time served pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996), the proper course to be taken by this Court is to award the petitioner the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it. This can be accomplished by directing that the petitioner be accorded a new trial, if the state desires to retry him for the indictment, and otherwise that he be released from custody. Such a disposition will vindicate the petitioner's constitutional rights and operate to correct the constitutional error committed against him.[27]

Other federal courts have granted this sort of relief,[28] and it would be appropriate in this case due to the fact 6 years has elapsed since the constitutional violations occurred, and had an

---

[27] *Cf. Sutton v. Lash*, 576 F.2d 738, 1978 U.S. App. LEXIS 11071 (7th Cir. Ind. 1978)(granting re-trial as opposed to a new appeal); *Meadows v. Beto*, 331 F. Supp. 1017, 1971 U.S. Dist. LEXIS 11609 (E.D. Tex. 1971)(same); *Bowers v. Coiner*, 309 F. Supp. 1064, 1970 U.S. Dist. LEXIS 12998 (S.D. W. Va. 1970)(same); *Turrner v. North Carolina*, 412 F.2d 486, 1969 U.S. App. LEXIS 11925 (4th Cir. N.C. 1969)(same); *Coffman v. Bomar*, 220 F. Supp. 343, 1963 U.S. Dist. LEXIS 7381 (M.D. Tenn. 1963)(same).

[28] *Cf. Sutton v. Lash*, 576 F.2d 738, 1978 U.S. App. LEXIS 11071 (7th Cir. Ind. 1978)(granting re-trial as opposed to a new appeal); *Meadows v. Beto*, 331 F. Supp. 1017, 1971 U.S. Dist. LEXIS 11609 (E.D. Tex. 1971)(same); *Bowers v. Coiner*, 309 F. Supp. 1064, 1970 U.S. Dist. LEXIS 12998 (S.D. W. Va. 1970)(same); *Turrner v. North Carolina*, 412 F.2d 486, 1969 U.S. App. LEXIS 11925 (4th Cir. N.C. 1969)(same); *Coffman v. Bomar*, 220 F. Supp. 343, 1963 U.S. Dist. LEXIS 7381 (M.D. Tenn. 1963)(same).

appeal been taken with the assistance of appellate counsel a vacation of the convictions and sentences could have been had 6 years ago.[29] However, placing the Petitioner in the same position (by merely granting a new appeal) six years after being unlawfully and unconstitutionally incarcerated would not redress the constitutional wrongs that occurred, because the Petitioner has served six long years in prison, without the assistance of appellate counsel in violation of the United States Constitution.

## CONCLUSION

For all the reasons stated in Objection 3, the Petitioner respectfully moves this Court to reject the Magistrate Judge's *Substitute Report and Recommendation on Recommittal* which erroneously recommended limiting habeas corpus relief to granting the Petitioner a new direct appeal with the appointment of appellate counsel, and the Petitioner moves this Court to grant the Petitioner a re-trial.

## OBJECTION NO. 4

4. **The Petitioner Object to and ask this Court to reject the *Report and Recommendation on Motion for Sanctions* which erroneously recommended denying sanction against the Respondent, Ernie L. Moore.**

The Magistrate Judge basis for not recommending the imposition of sanction on the Warden, is because,

> There is no basis for Rule 11 sanctions against the Warden. As Walker's custodian, he is a necessary party to this case; the custodian has been the required and proper respondent in a habeas case in both this country and England since at least the fifteenth century. But in cases under 28 U.S.C. § 2254, the warden is a formal party, represented by law by the Attorney General. He or she has no control of the state court record, which must be obtained by his counsel from the state courts which hold it. The request for sanctions against the Warden should be denied.

---

[29] As pointed out in *Dowd v. United States ex rel. Cook*, 340 U.S. 206, 95 L. Ed. 215, 71 S. Ct. 262 (1950) "the District Court has power in a habeas corpus proceeding to dispose of the matter as law and justice require." See, also 28 U.S.C., § 2243.

The fact that the Respondent is a necessary party to this case does not exempt him from sanctions, and the Magistrate Judge has not identified any case law that support that a Warden or any party who is a "necessary party" to a action is exempt from sanctions. The law is well-settled that clients could be punished for the misdeeds of their counsel.[30]

For these reasons, this Court should reject the Magistrate Judge's *Report and Recommendation on Motion for Sanctions* which erroneously recommended denying sanctions on the Warden, as being clearly erroneous. Moreover, this Court should Order the Petitioner unconditionally discharged from custody as a sanction in this case, for all of the reasons detailed in Petitioner's *Motion for Sanctions* (Doc. No. 70) which is incorporated herein by reference.

### OBJECTION NO. 5

5. **The Petitioner Object to and ask this Court to reject the *Report and Recommendation on Motion for Sanctions* which erroneously recommended denying sanction against Attorney Jerri L. Fosnaught and Attorney Gene D. Park.**

The Petitioner respectfully moves this Court to find that the Magistrate Judge's *Report and Recommendation on Motion for Sanctions* as it relate to Attorney Jerri L. Fosnaught and Attorney Gene D. Park, is clearly erroneous and should be rejected for all of the reasons stated in Petitioner's *Motion for Sanctions* (Doc. No. 70) which is incorporated herein by reference.

For the reasons stated in Petitioner's *Motion for Sanctions* (Doc. No. 70) which is incorporated herein by reference, the Petitioner respectfully moves this Honorable court to Order the Petitioner unconditionally discharged from custody as a sanction in this case.

---

[30] See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962) ("There is certainly no merit to the contention that dismissal [because of] counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.) *Top Entm't Inc. v Ortega* (2002, CA1 Puerto Rico) 285 F3d 115, 52 FR Serv 3d 664, subsequent app, remanded (2003, CA1 Puerto Rico) 351 F3d 531.

## OBJECTION NO. 6

6. **The Petitioner Object to and ask this Court to reject the** *Substituted Report and Recommendation on Recommittal* **which erroneously recommended delaying release for 180 days.**

The Petitioner Object to the form of relief the Magistrate Judge ask in its entirety, however, if this Court was to reject all of the Petitioner Objections herein, the this Court should reject the *Substituted Report and Recommendation on Recommittal* which recommend delaying release for 180 days, unless the State grant the Petitioner a new appeal.

Supreme Court's jurisprudence recognizes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."[31] The facts in this case demonstrate the Petitioner has been unconstitutionally confined for more than 6 years on the Richland County Common Pleas Court judgment of conviction,[32] and granting the Ohio Appellate Court's 180 days, which is 6 more months of unconstitutional custody does not promote justice and will only exasperate the matter.

## CONCLUSION

For all the reasons stated in Objection 6, the Petitioner respectfully moves this Court to reject the Magistrate Judge's *Substitute Report and Recommendation on Recommittal* recommend delaying release for 180 days, unless the State grant the Petitioner a new appeal. 30-60 days is more appropriate.

---

[31] *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); see also *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.").

[32] The Magistrate Judge informed this Court that the Petitioner was serving a sentence from Ashland County Common Pleas Court, (See, FN 4 of the *Substituted Report and Recommendation on Recommittal*), however, the Petitioner has served all of his sentences from Ashland County and Cuyahoga County. The sentences from these counties expired more than 4 years ago.

## PRAYER FOR RELIEF

For all of these reasons, the Petitioner respectfully moves this Court to reject the portion of the Magistrate Judge's *Substituted Report and Recommendation on Recommittal* which erroneously recommended limiting habeas corpus relief to granting the Petitioner a new direct appeal with the appointment of appellate counsel, and,

- Order the Petitioner immediate unconditional release from custody because the Petitioner has served an extended and unjustifiable period of incarceration before the writ was granted;[33] or,

- Reduce the Petitioner's sentence to time served pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996), and order immediate discharged;[34] or,

- Vacate the Petitioner's pleas and convictions and order a re-trial;[35] and,

- Impose sanctions of the Respondent, Attorney Fosnaught and Attorney Park.[36]

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

*/s/ Gary D. Walker/*

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

---

[33] See, Objection No. 1.
[34] See, Objection No. 2.
[35] See, Objection No. 3.
[36] If this Court do not grant any form of relief requested herein, the Petitioner respectfully request a COA on every Objections herein.

CERTIFICATE OF SERVICE

I, Gary D. Walker, hereby certify that a true and accurate copy of the foregoing *Objection to the Substituted Report & Recommendation on Recommittal* was electronically filed, and sent to the Ohio Attorney General, at his respective address, via regular U.S. Mail, postage prepaid, this 21st day of July, 2015.

*Gary D. Walker*
Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036