**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| GARY D. WALKER, | : | Case No. 1:13-CV-159 |
| | : | |
| Petitioner, | : | Judge Barrett |
| | : | |
| v. | : | Magistrate Judge Merz |
| | : | |
| ERNIE MOORE, Warden, | : | |
| | : | **HABEAS CORPUS** |
| Respondent. | : | |

**RESPONDENT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
SUBSTITUTED REPORT AND RECOMMENDATIONS ON RECOMMITTAL AND
REPORT AND RECOMMEDNATIONS ON MOTION FOR SANCTIONS (DOC. #79.)**

On March 21, 2013, Petitioner Gary Walker filed a petition for a writ of habeas corpus challenging his convictions in Richland County, Ohio, case number 09-CR-52. On May 20, 2013, Respondent filed his Answer/Return of Writ. (Doc. #7; PAGEID #: 129.)

The magistrate judge issued a report and recommendation and a supplemental report and recommendation. (Docs. #14, 19; PAGEID #: 698, 758.) Walker filed objections. (Docs. # 15, 20; PAGEID #: 715, 765.) This Court overruled Walker's objections as to his third and fourth grounds for relief, but returned the matter to the magistrate judge for purposes of completing the record and further analysis as to Walker's first and second grounds for relief. (Doc. #39; PAGEID #: 919.)

The parties filed additional memoranda on Grounds One and Two. (Docs. #54-55.) Walker filed a Motion in Limine to exclude the exhibits submitted by Respondent in the additional memorandum. Walker argued that "the court documents presented by the Respondent are not relevant to whether the Petitioner knowingly, intelligently, and voluntarily 'waived' his

1

right to appellate counsel on initial appeal of right." (Doc. #56, Motion p. 5; PAGEID #: 1276.) On April 24, 2015, this Court granted Walker's motion noting that the documents would be "excluded from consideration on the merits of Petitioner's Grounds for Relief One and Two and may only be considered to the extent they show Petitioner's diligence in pursuing relief."

The magistrate judge issued a Report and Recommendations on Recommittal recommending that Grounds One and Two be dismissed with prejudice on account of Walker's procedural default in not requesting appointment of counsel on appeal. (Doc. #60; Report and Recommendation on Recommittal; PAGEID #: 1288.) The parties filed objections. (Docs. 62, 63, 65.)

Then, more than 2 months after Respondent filed his additional memorandum, on June 16, 2015, Walker filed a Motion for Sanctions arguing that the Financial Disclosure Form/Affidavit of Indigency attached to one exhibit to Respondent's additional memorandum demonstrated that Walker had requested appellate counsel. Walker argued that the form was withheld from him. (Doc. #70.) Respondent opposed the motion noting that the document was not a request for the appointment of counsel but rather a request to waive the prepayment of a deposit (*i.e.*, fees), could not in any sense of the word been withheld from Walker when Walker himself completed and filed the document, Respondent served it on Walker, and Walker himself successfully argued for exclusion of the document as irrelevant to the issue before the Court. (Doc. #71.)

On July 17, 2015, the Magistrate Judge issued Substituted Report and Recommendations on Recommittal and Report and Recommendations on the Motion for Sanctions. The magistrate judge apparently reconsidered *sua sponte* his April 24, 2015 ruling that granted Walker's motion in limine noting that the documents would be "excluded from consideration on the merits of

Petitioner's Grounds for Relief One and Two," considered the Financial Disclosure Form/Affidavit of Indigency and Docketing Statement attached to Walker's Motion to Waive Payment of Deposit, and determined the forms "make plain that Walker did request appointment of counsel on direct appeal using the forms prescribed by the Fifth District Court of Appeals for that purpose." The magistrate judge determined that Walker did not forfeit his right to counsel, and the state appellate court's denial of relief, "to the extent that it was premised on a finding that Walker never applied for the appointment of counsel," was based on an unreasonable determination of the facts." (Doc. #79, Substituted Report pp. 3-4; PAGEID #: 1508-09.)

The magistrate judge recommended that a writ of habeas corpus should issue directing Walker's release unless the State of Ohio grants Walker a new direct appeal with appointed counsel within 180 days of final judgment in this case. *Id.* at 1510, 1513 (noting that Walker is also serving sentences out of Ashland and Cuyahoga counties). The magistrate judge then determined that there was no basis for Rule 11 sanctions against the Warden and undersigned counsel. The magistrate judge indicated that "Attorney Park presents a much closer question," but determined that Walker did not present a convincing case for sanctions and attributes the failure to file the documents to inadvertence rather than intentional misconduct. *Id.* at 1511-12.

To preserve Respondent's rights on any potential appeal, *see Thomas v. Arn*, 474 U.S. 140 (1985), Respondent objects to the magistrate judge's recommendation as to Walker's first and second grounds for relief. Respondent also objects to the magistrate judge's statement that "Attorney Park presents a much closer question" regarding sanctions."

I. **There is no record support for the magistrate judge's statement that Walker requested the appointment of counsel on direct appeal using the forms prescribed by the Fifth District Court of Appeals for that purpose.**

First, the magistrate judge indicates that Walker requested "appointment of counsel on

3

direct appeal using the forms prescribed by the Fifth District Court of Appeals for that purpose." (Doc. #79, Substituted Report and Recommendation p. 4; PAGEID #: 1509.) But, no record support exists for such a statement. Although the Local Appellate Rule 1(B) of Ohio's Fifth Appellate Judicial District does require prepayment of a deposit, there is no indication that the forms used by Walker were "prescribed by the Fifth District Court of Appeals" for the purpose of requesting the appointment of counsel. (Doc. #74, Response p. 2; PAGEID #: 1481.) Additionally, there is no indication that the Ohio appellate courts use docketing statements as motions for the appointment of counsel. (See Doc. #55-1, Respondent's Memorandum pp. 16; PAGEID #: 1077.) In fact, nothing in the record demonstrates that the Motion to Waive Payment of Deposit or the Docketing Statement are forms prescribed by the Fifth Appellate District for the purpose of requesting the appointment of counsel on direct appeal.

A review of the Financial Disclosure Form/Affidavit of Indigency demonstrates that the form was created by the Ohio Public Defender. (*See* Doc. #55-1; Attachments to Respondent's Memorandum p. 13; PAGEID #: 1074) (notation at bottom of form "OPD-206R rev. 9/2005").[1] If the Ohio Public Defender intended that form to function as a Motion for the Appointment of Counsel, the Ohio Public Defender could have included the words "Motion for the Appointment of Counsel" at the top of the document. The state courts, Respondent, and this Court should not be required to engage in interpretive gymnastics to turn a Financial Disclosure Form/Affidavit of Indigency attached to a Motion to Waive Payment of Deposit into a motion for the appointment of counsel.

---

[1] The magistrate judge references the judge's certification portion of the form. (Doc. #79, Substituted Report p. 3; PAGEID #: 1508.) However, the Ohio Public Defender's instructions indicate that the judge's certification is only to be completed if "the applicant is unable to fill out the financial disclosure form and/or sign the affidavit of indigency. In such a case, the judge may indicate by his or her signature that the applicant is indeed indigent." *See* http://www.opd.ohio.gov/Reimbursement/rm_stnd.pdf (Appendix E p. 48.)

4

**II.     Walker failed to request the appointment of counsel on direct appeal.**

Second, there is no indication that Walker submitted the forms to the appellate court as a request to appoint appellate counsel. Instead, the documents reflect that Walker filed the Affidavit of Indigency and Financial Disclosure Form/Affidavit of Indigency to demonstrate his inability to pay the required deposit. Walker specifically stated "Mr. Walker is incarcerated, and does not have the funds with which to pay the required deposit. (See attached copy of the Affidavit of Indigency and Financial Disclosure Form). WHEREFORE, Appellant requests a waiver of the deposit in accordance with Loc. R. 1(B)." (Doc. #55-1; Attachments to Respondent's Memorandum p. 10; PAGEID #: 1071.) Additionally, the docketing statement was filed in accordance with Local Rule 6(A).

The idea that Walker's Affidavit of Indigency, Financial Disclosure Form/Affidavit of Indigency, or Docketing Statement is "plain[ly]" a request for the appointment of counsel cannot be reconciled with the development of the proceedings even in this Court. The record reflects that Walker himself completed the documents at issue and filed them in the state courts. If Walker believed these documents to be a request for the appointment of counsel, Walker should have informed this Court of that fact after Respondent filed a Return of Writ that failed to include the documents.

Additionally, if Walker believed these documents to be a request for the appointment of counsel, when Respondent filed them on April 15, 2015, Walker should have made his argument at that time that the documents attached to the Motion to Waive Payment of Deposit and the Docketing Statement constituted his motion/request to appoint appellate counsel. Instead, Walker filed a Motion in Limine in which he argued that the Motion to Waive Payment of Deposit and Docketing Statement are "not relevant to whether the Petitioner knowingly,

intelligently, and voluntarily "waived" his right to appellate counsel on initial appeal of right." (Doc. #56, Motion pp. 2, 5; PAGEID #: 1272, 1276.)[2]

Furthermore, if the documents contained a "plain" request for the appointment of counsel, Respondent would have expected this Court to deny Walker's motion in limine. Instead, this Court granted Walker's motion noting that the documents would be "excluded from consideration on the merits of Petitioner's Grounds for Relief One and Two and may only be considered to the extent they show Petitioner's diligence in pursuing relief." Thus, as recently as April 24, 2015, this Court did not interpret the documents as having any importance with respect to the appointment of counsel claim.

Walker did not "discover" that documents that he completed and filed in the state courts were a "plain" request for the appointment of counsel for apparently 2 months after Respondent filed the documents and served them on Walker, and more than 2 years after he filed the federal habeas petition. It is not clear how Walker can be found to be unaware of the purpose of documents that he filed, yet the state courts were expected to recognize the documents as such.

In fact, none of the documents constituted a request for the appointment of appellate counsel. Rather, the motion to waive payment of deposit was a request to waive the prepayment of a deposit (i.e., fees). The only thing made "plain" by the documents is that Walker was capable of utilizing forms and drafting form documents to seek relief on his behalf and Walker could have drafted a "form" motion to appoint counsel as easily as he drafted all the other form pleadings that he has filed in the state courts. (Doc. #55, Respondent's Memorandum p. 2; PAGEID #: 1056.)

Walker specifically drafted a form "Motion for Appointment of Counsel" in his

---

[2] The argument that Walker could not be expected to know what was contained in a document that he completed and filed in the state courts is eminently unreasonable.

6

postconviction proceedings. (Doc. #55-1, Attachments to Respondent's Memorandum p. 46; PAGEID #: 1107.) Thus, Walker has demonstrated the ability to draft a form motion to appoint counsel when he sought the assistance of appointed counsel. If Walker had sought the assistance of counsel on direct appeal, Walker could have filed a form motion for the appointment of counsel at that time.

The record reflects that Walker failed to request the appointment of counsel on direct appeal. It is eminently reasonable for the Fifth District to expect Walker to make a request or motion for appointed counsel, if he in fact wanted appointed counsel. Requiring the state courts to interpret statements in a Motion to Waive Payment of Deposit or the Docketing Statement as a motion/request for appointment of counsel is a higher bar than any found in controlling United States Supreme Court precedent. Furthermore, a finding that statements in a Motion to Waive Payment of Deposit or the Docketing Statement "make it plain that Walker did request appointment of counsel on direct appeal using the forms prescribed by the Fifth District Court of Appeals for that purpose" is an unreasonable determination of the facts.

The magistrate judge has apparently concluded that the state appellate court should have found that Walker requested appointment of counsel on direct appeal in his Motion to Waive Payment of Deposit and/or the Docketing Statement. The state appellate court should have construed those documents as making the request even though Walker never argued that he made such a request prior to his June 16, 2015 motion for sanctions. The state appellate court should have construed those documents as making the request even though Walker himself argued that documents were irrelevant to the issue of whether he waived his right to appellate counsel. (Doc. #56.) This Court granted his motion in limine, apparently concluding that the documents were not relevant to the issue. It took Walker, who completed the documents, two months after

7

Respondent filed the documents to conclude that the documents constituted a request for the appointment of counsel; yet, the state courts were supposed to construe the documents as a "plain" request for the appointment of counsel. Holding the state court to such a standard is unreasonable.

The magistrate judge's holding would essentially require the state court to interpret any filing by the defendant as a request for the appointment of counsel. There is no clearly established Supreme Court precedent supporting such a proposition.

### III. Walker's entire request for sanctions is meritless.

Third, as to the magistrate judge's statement that "Attorney Park presents a much closer question" on the issue of sanctions, Respondent objects. A review of the docket sheet fails to demonstrate that the Motion to Waive Payment of Deposit or the Docketing Statement would be at all relevant to Walker's first and second grounds for relief.[3] Thus, Gene Park did not request copies of the documents from the state courts. Nothing in that determination is unreasonable under the circumstances.

Additionally, given that Walker drafted the documents, if he believed they contained a request for the appointment of counsel, he could have asked this Court to expand the record to include those documents. Walker should be expected to know what is contained in documents that he filed.

Finally, undersigned counsel requested the documents from the state courts to show that Walker was capable of filing form documents — not because undersigned counsel believed that

---

[3] The Court's docket sheet lists the documents as "07/01/2009 DOCKETING STATEMENT FILED. REG CAL/REQ TRANS FILED. scanned by dkk 07.01.09 Attorney: PRO SE ()" and "07/01/2009 MOTION TO WAIVE PYMT OF DEPOSIT FILED. Attorney: PRO SE ()." *See* http://richlandcourtsoh.us/eservices/home.page.6

8

the documents contained a request for the appointment of counsel. It is not clear how Attorney Park's case could present a much closer question when the docket sheet does not reflect that the documents are relevant to the issues before this Court and when Walker, who filed the documents, does not even indicate that the documents are relevant to the issues before this Court, and specifically asserts, in his motion in limine, that the documents are not relevant to the issue before this Court. Walker's entire request for sanctions is meritless.

IV. **Walker's first and second grounds for relief have been procedurally defaulted and Walker has failed to show that the state court judgment was contrary to or an unreasonable application of clearly established federal law.**

Fourth, Respondent notes that Walker compounded his procedural default of dismissing his direct appeal by failing to file an appeal in the Supreme Court of Ohio.[4] Walker has argued that the failure to appoint counsel on direct review is cause for his procedural default because Walker assumes that appellate counsel would have informed that he could appeal to the Supreme Court of Ohio. However, there is no clearly established Supreme Court precedent requiring counsel to do so.

---

[4] There can be no question that Walker has failed to "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review) in a procedurally appropriate manner. More than 3 years after he voluntarily dismissed his appeal, Walker filed an untimely appeal to the Supreme Court of Ohio. (Doc. #7-1, Exhibits; PAGEID #: 633.) The Supreme Court of Ohio denied Walker leave to file a delayed appeal. *Id.* at 648. Thus, Walker has not properly exhausted his claim as required by the AEDPA and *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Walker's "invited error" in dismissing his direct appeal cannot excuse his failure to "fairly present" his claim in each appropriate state court (including the Supreme Court of Ohio) in a procedurally appropriate manner. This court should not find that the voluntary dismissal of filings shields a petitioner from exhausting his claims in the state court or from any procedural default as a result of his failure to raise his claims in a procedurally appropriate manner. Such a holding would eviscerate the exhaustion requirement and finds no support in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

The Sixth Circuit has found cause where appellate counsel fails to timely notify the appellant the appellate court's judgment. *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006). However, Walker was aware of the appellate court's judgment and made no effort to timely seek to reopen the appeal pursuant to Ohio Appellate Rule 26(B) or to appeal to the Supreme Court of Ohio. As previously noted, the inmate law libraries at each institution of the Ohio Department of Rehabilitation and Correction contained materials from which Walker could have discovered the availability of an appeal to the Supreme Court of Ohio. *See* http://www.drc.state.oh.us/web/drc_policies/documents/59-LEG-01.pdf.

As the magistrate judge noted, Walker does not explain why it took him three years to learn about his right to appeal the Fifth District's decision dismissing his direct appeal, particularly when he had appealed to the Ohio Supreme Court several times in the interim. (Doc. #14, Report and Recommendation; PAGEID #: 708-09.) Walker's pro se status or ignorance of the law cannot constitute cause to excuse his procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

In an abundance of caution, Respondent also notes that there is no constitutional requirement that a court inform a defendant of a right to appeal or the right to appointed counsel following a plea of guilty or nolo contendere. *See United States v. Holt*, 701 F.2d 182 (6th Cir. 1982) ("[A] defendant does not have a constitutional right to be advised of a right to appeal following a plea of guilty."); *Carey v. Leverette*, 605 F.2d 745 (4th Cir. 1979); United States v. Drummond, 903 F.2d 1171 (8th Cir. 1990); *Davis v. Wainwright*, 462 F.2d 1354, 1355 (Former 5th Cir. 1972) ("Such advice not being a right accorded to a federal defendant, it is clear to us that failure to so advise may not be reached as a claimed violation of federal constitutional rights in federal habeas corpus proceedings by a state prisoner attacking a conviction based on a plea of

guilty.").

The fact that there is no constitutional requirement to inform criminal defendants who plead guilty of their right to appeal was unequivocally recognized by Magistrate Judge Abel in a report and recommendation, which was adopted in its entirety by Judge Smith. Specifically, in *Poindexter v. Hurley*, No. C2-02-1181, 2003 U.S. Dist. LEXIS 27230 (S.D. Ohio July 7, 2003), Magistrate Judge Abel recognized:

> The Constitution does not require states to grant appeals of right, but if a state institutes the right to appeal a criminal conviction, the procedures used therein "must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 393 (1985). Here, petitioner pleaded guilty to involuntary manslaughter with a firearm specification. "There is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea." *Morrow v. United States*, 772 F.2d 5325, 526 (9th Cir. 1985); *Carey v. Leverette*, 605 F.2d 745 (4th Cir. 1979); *Williams v. United States*, 443 F.2d 1151, 1153 (5th Cir. 1971); *Barber v. United States*, 427 F.2d 70, 71 (10th Cir. 1970); *Micale v. Village of Boston Heights*, 113 F.3d 1235, unpublished, 997 WL 225512 (6th Cir. May 1, 1997).

*Id.* (emphasis added). Similarly, there is no constitutional right to be informed of the right to appointed counsel on direct review.

28 U.S.C. § 2254(e) and *Williams v. Taylor*, 529 U.S. 420 (2000), require the unreasonable application of clearly established Supreme Court precedent before a federal court can grant federal habeas relief. Here, there is simply no Supreme Court case law on point that requires a defendant who has pleaded guilty to be informed of a right to appeal a conviction or the right to appointed counsel.

In the absence of such clearly established Supreme Court precedent, Walker's grounds for relief are not actionable in federal habeas corpus. *See Carey v. Musladin*, 127 S. Ct. 649 (2006); see also *United States v. Holt*, 701 F.2d 182 (6th Cir. 1982) ("[A] defendant does not have a constitutional right to be advised of a right to appeal following a plea of guilty."); *see also*

11

*Murphy v. Wilson*, No. 5:04CV2515, 2006 U.S. Dist. LEXIS 15003, at *2-4 (N.D. Ohio 2006) (rejecting Petitioner's "attempts to focus the Court's attention on specific language in *Wolfe*," noting that "*Wolfe* itself is not binding on this Court," and looking past the district court's decision in *Wolfe* and focusing on Supreme Court precedent). As thus demonstrated, there was no Constitutional requirement that the trial court inform Walker of the specific provisions in Ohio Criminal Rule 32(B). There is no basis for granting habeas corpus relief in this case.

## CONCLUSION

For the foregoing reasons, Respondent objects to magistrate judge's recommendation as to Walker's Grounds One and Two. Respondent also objects to the magistrate judge's statement that "Attorney Park presents a much closer question" regarding sanctions. For the reasons set forth herein and in Respondent's Return of Writ and Respondent's memorandum, Respondent asks this Court to deny Walker's habeas petition.

Respectfully submitted,

MICHAEL DeWINE
Attorney General of Ohio


s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT (0077718)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
FAX: (866) 444-5142
jerri.fosnaught@ohioattorneygeneral.gov

Counsel for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Respondent's Objections to the Magistrate Judge's Report and Recommendation* was sent by regular U.S. mail to Gary D. Walker, #A554324, Lebanon Correctional Institution, P.O. Box 56, 3791 State Route 63, Lebanon, Ohio 45036, on the 31st day of July, 2015.

        s/Jerri L. Fosnaught
        JERRI L. FOSNAUGHT
        Assistant Attorney General