IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| GARY D. WALKER,<br>Petitioner,<br><br>vs.<br><br>ERNIE L. MOORE, Warden<br>Respondent. | Case No. 1:13-CV-159<br><br>District Judge Michael R. Barrett<br>Magistrate Judge Michael R. Merz |

## NOTIFICATION REGARDING PETITIONER'S PENDING TRANSFER TO LAKE ERIE CORRECTIONAL INSTITUTION

Now comes the Petitioner, Gary D. Walker, and hereby give this Court notice that Walker has been approved to be transferred to Lake Erie Correctional Institution, 501 Thompson Road, Conneaut, Ohio 44030-8000.

Pursuant to 5120-9-53 of the Administrative Code, the correction staff has decreased Walker's security level from level 3 to level 2,[1] due to Walker's "good behavior" and Walker's ability to abstain from receiving conduct reports.[2] Although it appears to be beneficial for Walker to have his security level decreased, Walker believe delaying the resolution of this case could cause a prejudicial effect on Walker.

The Magistrate Judge recommended that Walker be granted a Writ of Habeas Corpus releasing Walker from custody unless the State provide Walker with a new direct appeal with the assistance of counsel.[3] Walker subsequently filed Objections, requesting, *inter alia*, that he be unconditionally released from custody, or that his sentence be reduced to time served pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 and *Boria v. Keane*, 99 F.3d 492, 498-499 (2d Cir. 1996), and finally Walker requested that he be granted a retrial.[4]

---

1 Level 2 is considered "medium security" as opposed to Lebanon Correctional Institution which is a level 3 "close security" institution.
2 Prisoner's are issued conduct report pursuant to Ohio Administrative Code 5120-9-07 for violating institutional rules under Ohio Administrative Code 5120-9-06.
3 See, Doc No. 79.
4 See, Objection to Substitute Report and Recommendations.

SCANNED AT LCI and E-Mailed to USDC OHSD on 9-8-2015 by [signature]

No. of Pgs. 3

1

Walker is mindful of the complex task of conducting a *de novo* review of this complex and voluminous case, however, if Walker is transferred to Lake Erie Correctional Institution, Walker will be forced to transfer the venue of this case to the United States District Court of the Northern District of Ohio which will prejudice Walker.

Pursuant to 28 USCS § 2241(a),

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

And 28 USCS § 2241(d), read in full:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

If Walker is transferred to Lake Erie Correctional Institution, this Court will lack jurisdiction to rule on this case,[5] and will require Walker to transfer the venue of this Writ of Habeas Corpus if a ruling is delayed.

Transferring this Writ of Habeas Corpus thirty (30) months[6] after this case was commenced would prejudice Walker because Walker would be forced to linger in prison unconstitutionally, and for an undisclosed amount of time, while a new court familiarize itself with

---

5 *Rumsfeld v Padilla* (2004) 542 US 426, 124 S Ct 2711, 159 L Ed 2d 513 (holding for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: district of confinement); *United States v Gabor* (1990, CA5 Tex) 905 F2d 76 ( District Court lacked jurisdiction of habeas corpus petition since it was not district where petitioner was incarcerated); and *United States v Poole* (2008, CA4 Md) 531 F3d 263 (District court lacked jurisdiction to grant defendant habeas corpus relief under 28 USCS § 2241(c)(3) because his presence pursuant to writ of habeas corpus *ad testificandum* and his continued presence to file petition was only temporary and did not effect of changed of custodian from prison warden in district where he was permanently confined).

6 Walker filed this Writ of Habeas Corpus on March 8, 2013.

this voluminous case.[7]

Again Walker is mindful that conducting a *de novo* review takes time, and Walker is not rushing this Honorable Court to rush to judgment. Walker is deserving of a fair and well reasoned judgment, which will hopefully cause his immediate release from unlawful confinement.

Walker believe this Court is in the best position to resolve this case, as this Court is familiar with the issues raised by the Petitioner, and has previously issued an Order on March 11, 2015, after conducting a *de novo* review.

Walker implore this Court to consider expediting this case for final resolution, so that Walker will not be prejudiced by lingering in prison if he is unexpectedly transferred to Lake Erie Correctional Institution.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

*/s/ Gary D. Walker*
Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

### CERTIFICATE OF SERVICE

I, Gary D. Walker, hereby certify that a true and accurate copy of the foregoing *Notification Regarding Petitioner's Pending Transfer to Lake Erie Correctional Institution* was electronically filed and sent to the Ohio Attorney General, at his respective address, via regular U.S. Mail, postage prepaid, this 8th day of September, 2015.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

*/s/ Gary D. Walker*
Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

---

[7] There is more than ninety documents filed in this case, and a new judge might decide to comb over all of these documents before issuing a judgment in this case.