IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| GARY D. WALKER,<br>    Petitioner,<br><br>vs.<br><br>ERNIE L. MOORE, Warden<br>    Respondent. | Case No. 1:13-CV-159<br><br>District Judge Michael R. Barrett<br>Magistrate Judge Michael R. Merz |

**NOTICE REGARDING PETITIONER'S INTENT TO NOT FILE
OBJECTIONS PURSUANT TO FED. CIV. R. 72(b)(2)**

Now comes the Petitioner, Gary D. Walker, and respectfully inform this Court that he will not file Objections pursuant to Fed. Civ. R. 72(b)(2), to the Magistrate Judge's denial of Petitioner's *Motion For Leave to File a Supplement Writ of Habeas Corpus*.

Walker filing *Objections* at this juncture in the proceedings would be counter-productive and delay justice. As the record in this case reflect, Walker was completely denied counsel, and as resulting in his judgment of conviction being unconstitutional and void.[1]

Walker is currently incarcerated under a void judgment.[2] The federal district court in *Allen v. United States*, 102 F. Supp. 866; 1952 U.S. Dist. LEXIS 4812, held:

> It is not the function of the habeas court to concern itself with the guilt or innocence of the petitioner. A guilty person, in custody pursuant to a void judgment, is just as improperly deprived of his liberty as is an innocent person.

*Id.*, at 870. The District Court in *Allen* Court ordered *Allen's* discharge from custody after finding

---

[1] See *United States v. Morgan*, 222 F.2d 673 citing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (holding "a conviction in a case where the defendant has not enjoyed that fundamental right [right to counsel] is void).

[2] See *United States v. Morgan*, 222 F.2d 673 citing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (holding "a conviction in a case where the defendant has not enjoyed that fundamental right [right to counsel] is void).

that he was **completely denied counsel**. After noting *Allen* had served more than twenty years of imprisonment, the Court held:

> A void judgment is as void today as it was twenty years ago. No aging process, whereby a void judgment improves as to stature and validity by the passage of time, can properly be interposed. A person may be imprisoned only pursuant to a valid judgment; if he is not so imprisoned, he must be released.

*Id.*, at 870. Walker has served an unjustified extended period of incarceration under a void judgment for more than six years. In a similar situation, and after finding the habeas petitioner had been unconstitutionally deprived of counsel, the Second Circuit Court in *United States v. Morgan*, 222 F.2d 673, held:

> *Morgan* spent four years in a federal jail under a sentence unlawfully imposed. Those years cannot be undone, for we mortals are unable to enable him to relive them out of jail or to add equivalent years to his span of life. The least we can do is to wipe out the record of conviction and its consequences.

*Morgan*, at 222 F.2d 675. Likewise, Walker's six years of unlawful and unconstitutional confinement cannot be undone. There is no way for Walker to relive the years he spent in prison or missed from his family and friends.

Walker missed his daughter and nieces first day of school for the last six years. Due to this unlawful and unconstitutional confinement, Walker has been forced to be absent from his daughter's school plays and talent shows. The Petitioner has acted diligently in obtaining relief, while at the same time attempting to show his daughter affection and build a bond over a prison telephone call. All while being confined under a void and unconstitutional judgment, Walker has striven to maintain a positive attitude concerning life and the judicial system.[3]

Like *Morgan*, Walker has been unlawfully and unconstitutionally imprisoned under a void

---

[3] It's important to note, Walker has missed important and pivotal moments from his life and his daughter's life, *e.g.*, Thanksgiving, Christmas, and Birthdays, all while being incarcerated on a void and unconstitutional judgment.

2

judgment for more than six years and these years of unlawful and unconstitutional incarceration cannot be undone or relived.[4] Accordingly, because this case has been pending in this District Court for more than thirty one months (more than 2½ years) Walker does not wish to delay relief, or his release from prison by filing an *Objection* to the denial of his *Motion For Leave to File a Supplement Writ of Habeas Corpus*.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

*[signature]*

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

### CERTIFICATE OF SERVICE

I, Gary D. Walker, hereby certify that a true and accurate copy of the foregoing *Notice Regarding Petitioner's Intent to not File Objections Pursuant to Fed. Civ. R. 72(b)(2)* was electronically filed and sent to the Ohio Attorney General, at his respective address, via regular U.S. Mail, postage prepaid, this 14th day of October, 2015.

Respectfully submitted,

**GARY D. WALKER**
Habeas Petitioner

*[signature]*

Gary D. Walker
Inmate No. 554324
Lebanon Correctional Institution
3791 State Route 63
Lebanon, Ohio 45036

---

[4] *Morgan* was unlawfully incarcerated for four years, unlike the Petitioner who has been unlawfully incarcerated for more than six years.