UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gary D. Walker,

    Petitioner,

    v.                                              Case No. 1:13cv159

Warden, Lake Erie                     Judge Michael R. Barrett
Correctional Institution,

    Respondent.

## OPINION & ORDER

This matter is before the Court upon the May 26, 2015 Magistrate Judge's Report and Recommendation ("R&R") recommending that Grounds One and Two be dismissed with prejudice (Doc. 60) and the July 17, 2015 Magistrate Judge's Substituted R&R recommending that (1) the Court grant Petitioner a conditional writ of habeas corpus on Grounds for Release One and Two, and ordering Petitioner's release unless he is granted a new direct appeal of the conviction at issue in this case; and (2) Petitioner's Motion for Sanctions (Doc. 70) be denied. (Doc. 79). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(C). On July 21, 2015 Petitioner filed objections to the Substituted R&R. (Doc. 80). Then, on July 24, 2015, Petitioner filed revised objections to the Substituted R&R. (Doc. 81). Respondent filed objections on July 31, 2015. (Doc. 83). Petitioner filed a response to Respondent's objections. (Doc. 84).

Also before the Court are Petitioner's Objections (Doc. 40) to the Magistrate Judge's Decision and Order denying Judicial Notice (Doc. 38); and Petitioner's Objections to the Magistrate Judge's Order denying his Motion to Strike (Doc. 72).

I.   **BACKGROUND**

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Petitioner brought four grounds for relief, all of which are based upon the denial of appellate counsel.   This Court previously adopted the April 7, 2014 Magistrate Judge's R&R and April 30, 2014 Supplemental R&R recommending that Grounds Three and Four be dismissed with prejudice.   (Doc. 39).   However, this Court returned the matter to the Magistrate Judge for further analysis of Grounds One and Two.   (Id.)   Grounds One and Two, which have been combined by Petitioner, are as follows:

> The Petitioner, Gary D. Walker, was completely deprived of his right to appellate counsel on his initial appeal of right in Ohio's Fifth District Court of Appeals, Case No. 09CA0088, in violation of the Sixth and Fourteenth Amendment [sic] to the United States Constitution.

(Doc. 54, PAGEID # 1035).

In his May 26, 2015 R&R, the Magistrate Judge recommended that Grounds One and Two be dismissed with prejudice.   (Doc. 60).   In that R&R, the Magistrate Judge found that Petitioner waived his right to counsel on appeal by failing to request counsel. (Doc. 60, PAGEID #1301).   However, in his July 17, 2015 Substituted R&R, the Magistrate Judge recommends that this Court grant Petitioner's writ of habeas corpus on Grounds One and Two.   (Doc. 79).   The Magistrate Judge relied upon certain documents which were filed after this matter was recommitted to the Magistrate Judge. In his July 17, 2015 Substituted R&R, the Magistrate Judge highlighted the significant details of these documents:

> On July 1, 2009, Walker filed, *pro se*, a Notice of Appeal of his conviction (Doc. No. 55-1, Ex. 1, PageID 1066-69).   At exactly the same time, he filed, *pro se*, a Motion to Waive Payment of Deposit with an attached Affidavit of

2

> Indigency and a Fifth District Court of Appeals Docketing Statement. *Id.* at Ex. 2, PageID 1070-80.  As part of those documents, he represented to the Court of Appeals that he could not "afford to pay for any legal services, . . ." *Id.* at PageID 1072.  As part of the Fifth District's forms for filing, he signed an Affidavit of Indigency which stated in part:
>
>> 1. I am financially unable retain private counsel without substantial hardship to me or my family.
>>
>> 2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.
>>
>> 3. I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided.  Any action filed by the county to collect legal fees hereunder must be brought within two years form [sic] the last date legal representation was provided.
>>
>> 4. I understand that I am subject to criminal charges for providing false financial information in connection **with the above application for legal representation** pursuant to Ohio Revised Code Sections 120.05 and 2921.13.
>
> *Id.* at PageID 1074 (emphasis added).  Immediately below Walker's signature and the notarization appears a place for the judge's signature subscribing to the finding that "I have determined that the applicant meets the criteria for receiving court appointed counsel."  *Id.*  There is no judicial signature in the place provided, but the Inmate Demand Statement attached from the prison cashier leaves no doubt that Walker is indigent.  *Id.* at PageID 1075-76.  As part of the same filing, there is a Fifth District Court of Appeals Docketing Statement which asks at Question 8 "Was counsel appointed for appeal? Walker answered that question "no," informing the court of appeals that the trial court had not appointed counsel for appeal.  *Id.* at PageID 1078.

(Doc. 79. PAGEID #1507-1508).  The Magistrate Judge then explained:

> The quoted documents completely eliminate the premise of the Magistrate Judge's prior recommendations on Grounds One and Two.  They make it plain that Walker did request appointment of counsel on direct appeal using

3

> the forms prescribed by the Fifth District Court of Appeals for that purpose. Thus he did not forfeit his right to counsel on direct appeal by not making the request for counsel required by Ohio R. Crim. P. 32(B). Having made the request, he was not furnished counsel on this first direct appeal, as is required by the United States Constitution. Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963). To the extent the Fifth District's denial of relief was premised on a finding that Walker never applied for appointment of counsel, that finding "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2).

(Doc. 79, PAGEID #1509).

Petitioner objects to the July 17, 2015 Magistrate Judge's Substituted R&R to the extent that the Magistrate Judge recommends that Petitioner be granted a new appeal with the appointment of counsel. Petitioner argues that granting Petitioner a new appeal six years after the constitutional violations will not cure the constitutional errors. Petitioner argues that he is entitled to immediate and unconditional discharge from custody.

Respondent objects to the July 17, 2015 Magistrate Judge's Substituted R&R on the following grounds: (1) there is no record to support the finding that Petitioner requested the appointment of counsel on direct appeal using the forms prescribed by the Fifth District Court of Appeals for that purpose; (2) Petitioner failed to request the appointment of counsel on direct appeal; (3) Assistant Attorney General Gene Park had no reason to file the Motion to Waive Payment of Deposit or the Docketing Statement; and (4) the failure to appoint counsel is not cause for his procedural default because there is no clearly established Supreme Court precedent requiring appellate counsel inform Petitioner that he could appeal to the Supreme Court of Ohio.

4

## II. ANALYSIS

### A. Standards of Review

#### a. Objections to Magistrate Judge's R&R

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

#### b. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus may only be granted if the adjudication of the underlying state court action resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or one "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies

5

the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409

### B. Procedural default

Respondent argues that Petitioner has procedurally defaulted his claims in Grounds One and Two. In a footnote, Respondent also states that Petitioner has not properly exhausted his claims. (See Doc. 83, PAGED #1572).

Petitioner timely filed his first *pro se* notice of appeal to the Fifth District Court of Appeals on July 1, 2009. (Doc. 7-1, PAGEID #175). The appeal was assigned number 09-CA-88. However, on September 4, 2009, Walker filed a *pro se* motion to dismiss appeal, which states:

> Gary Walker, Appellant, moves this Court for an order dismissing the appeal currently pending before this Court. Mr. Walker was unable to meet the filing deadline as mandated and furthermore has not exhausted his vital claims in the common pleas court to date. Therefore it would be premature to file the instant appeal.
>
> [R]elief is accordingly sought.

(Doc. 7-1, PAGEID #176). Petitioner then filed a number of *pro se* motions in the trial court which resulted in his re-sentencing and also filed several unsuccessful appeals. The Fifth District Court of Appeals held that Petitioner's claims were unreviewable based on the doctrine of *res judicata*. *State v. Walker*, Case No. 10CA116, 2011 WL 3558167, *3 (Ohio Ct. App. Aug. 10, 2011). The Ohio Supreme Court declined to exercise jurisdiction over Petitioner's subsequent appeal. (Doc. 7-1, PAGEID #454).

As to the lack of exhaustion, the Magistrate Judge already found that no such defense was raised in the Return of Writ and that it appeared that Petitioner has no remaining unexhausted state court remedies. (Doc. 14, PAGEID #704). Nevertheless,

6

the Court will address the issue again.

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999). This Court notes that On June 1, 2012, Petitioner filed a Motion to Vacate Void Judgment and Re-instate Direct Appeal with Ohio's Fifth District Court of Appeals (Doc. 7-1, PAGEID #592), which Petitioner then appealed to the Ohio Supreme Court after it was denied (Doc. 7-1, PAGEID #603). In addition, on November 8, 2012, Petitioner filed a Motion and Amended Motion for Leave to Seek Delayed Appeal with the Ohio Supreme Court (Doc. 7-1, PAGEID # 633, 644). In both filings, Petitioner claimed that he was denied his constitutional right to counsel pursuant to *Douglas v. California*, 372 U.S. 353 (1963). Therefore, the Court finds that Petitioner has satisfied the exhaustion requirement. *Accord McIntosh v. Hudson*, 632 F.Supp.2d 725, 736 (N.D. Ohio 2009) (constitutional claims fairly presented to Ohio Supreme Court where petitioner claimed Fourteenth Amendment due process violations in failing to allow a delayed appeal and appoint counsel for that appeal where delay was due to trial court's failure to notify petitioner of his right to appeal).

The procedural default rule is related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition. *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b),

(c)).  "Under the procedural default rule, a federal court acting on a state prisoner's habeas petition will not review a question of federal law if the last state-court judgment denying relief on the claim rests on a procedural state-law ground that is 'independent of the federal question and is adequate to support the judgment.'"  *Id.* at 295 (quoting *Coleman v. Thompson*, 501 U.S. 722, 729-730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).  "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court."  *Id.* (quoting *Coleman*, 501 U.S. at 732).

The Sixth Circuit has explained that that are two ways a claim may become procedurally defaulted:

> First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule.  Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.

*Id.* (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)).  Here, Petitioner's claims fall within the first category.  In denying his Motion to Vacate Void Judgment and Re-instate Direct Appeal, Ohio's Fifth District Court of Appeals ruled that Petitioner "voluntarily dismissed this case on September 24, 2009."  (Doc. 7-1, PAGEID #602). Petitioner appealed this ruling, but the Ohio Supreme Court declined "jurisdiction to hear the case and dismisses the appeal as not involving any substantial constitutional question."  (Doc. 7-1, PAGEID #630).  In denying Petitioner's Amended Motion for Leave to File Delayed Appeal, the Ohio Supreme Court again declined "jurisdiction to

hear the case and dismisses the appeal as not involving any substantial constitutional question." (Doc. 7-1, PAGEID # 648).

In denying his Motion to Vacate Void Judgment and Re-instate Direct Appeal, the Fifth District Court of Appeals presumably relied on the doctrine of *res judicata*. "Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180-81, 226 N.E.2d 104 (Ohio 1967). As this Court has recognized, Ohio's doctrine of *res judicata* is a procedural rule which is an adequate and independent ground for denying relief. *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 894 (S.D. Ohio 2005). Therefore, it would appear that Petitioner has procedurally defaulted his claim that he was deprived of his right to appellate counsel in violation of the Sixth and Fourteenth Amendment.

A federal court may not review habeas claims that have been procedurally defaulted in state court unless a petitioner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice would occur if the court did not review the claims. *See Coleman*, 501 U.S. at 749-750. "Cause" sufficient to overcome procedural default is "some objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Petitioner maintains that if he had been represented by counsel on appeal, he

9

would not have voluntarily dismissed his appeal. There is no dispute in this case that the trial court failed to inform Petitioner of his right to counsel on appeal.[1] The Court concludes that the trial court's failure to inform Petitioner of his appellate rights is cause for Petitioner's procedural default of his claims on appeal. *See Thompson v. Wilson*, 523 F. Supp. 2d 626, 637 (N.D. Ohio 2007) (finding cause for the petitioner's failure to file a timely appeal is the trial court's failure to inform him of his right to appeal, combined with counsel's failure to advise him of his appellate rights).

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has made it clear that the "'[a]ctual or constructive denial of the assistance of counsel altogether,'" whether at the trial level or in a first appeal as of right, is constitutional error. *Penson v. Ohio*, 488 U.S. 75, 85, 88, 109 S.Ct. 346 (quoting *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("[I]n bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake."). Where there has been a complete denial of the constitutional right to counsel, prejudice is presumed. *United States v. Cronic*, 466 U.S.

---

[1] However, Petitioner signed an "Admission of Guilt/Judgment Entry" which stated: "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal by me must be filed within 30 days of my sentence." (Doc. 7-1, PAGEID # 170).

648, 658-59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Respondent argues that there is no constitutional requirement that a court inform a defendant of his appellate rights following a guilty plea. Another federal district court in Ohio has addressed this exact argument:

> Contrary to Respondent's assertion, the right to appeal is granted to *all* defendants in Ohio. Ohio Rev.Code § 2953.02. Even a defendant who has pled guilty has limited rights to appeal. It is true that a defendant who pled guilty may not appeal the factual basis of his conviction, except on the basis that his guilty plea was not entered knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986). It is also true that a defendant who pled guilty may not appeal a sentence that was jointly recommended by the prosecution and the defense, or a sentence imposed for a conviction of murder (as the judge has no discretion on the sentence to impose for a murder conviction). Ohio Rev.Code § 2953.08(D). However, that defendant still retains some appellate rights. *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, 748 (1979) (citing and adopting *Menna v. New York*, 423 U.S. 61, 62, footnote 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)). A defendant who pled guilty may appeal his conviction on grounds that the statute on which his conviction is based is unconstitutional. *Id*. A defendant who pled guilty may appeal a sentence that is contrary to law. Ohio Rev. Code § 2953.08. At least one Ohio appellate court has held that all Ohio defendants who plead guilty have a right to a delayed appeal where notice of a right to appeal was not given by the trial court. *State v. Robinson*, 101 Ohio App.3d 238, 655 N.E.2d 276 (1995). Even though a right to appeal might be limited, the Fourteenth Amendment requires procedural safeguards to protect that limited right. *Wolfe*, 267 F.Supp.2d at 746 ("After deciding that a right to appeal is essential, the state cannot then deny [a] defendant due process.").

*McIntosh v. Hudson*, 632 F. Supp. 2d 725, 737-38 (N.D. Ohio 2009).

Because Petitioner has shown cause for the dismissal of his initial direct appeal, and also shown prejudice, the Court concludes that Petitioner's procedural default does not bar review of his habeas claim. The Court will now consider the merits of Petitioner's claim.

11

### C. <u>Request for counsel</u>

Respondent argues that there is no record to support the finding that Petitioner requested the appointment of counsel on direct appeal using the forms prescribed by the Fifth District Court of Appeals for that purpose; and as a result, Petitioner failed to request the appointment of counsel on direct appeal.[2]

The United States Supreme Court has indicated that such a request for the appointment of appellate counsel is unnecessary:

> We think the documents contained in this transcript demonstrate that respondent did indicate to the Missouri courts his desire for counsel on appeal. But even if such a request had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.' *Carnley v. Cochran*, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70. When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.

*Swenson v. Bosler*, 386 U.S. 258, 260, 87 S. Ct. 996, 997-98, 18 L. Ed. 2d 33 (1967); *United States v. Aloi*, 9 F.3d 438, 443-44 (6th Cir. 1993) (citing *Swenson* and explaining "[a]n indigent defendant's right to appeal and right to counsel on appeal will not be deemed waived even in the absence of a request for appointment of appellate counsel."). Moreover, the Supreme Court has stated: "While an accused may waive the right to

---

[2]It should be noted that Petitioner argues that Respondent waived his right to challenge the Magistrate Judge's findings regarding the Financial Disclosure form because Respondent failed to object to the Magistrate Judge's Order granting Petitioner's Motion to Take Judicial Notice. Petitioner argues that in that Order, the Magistrate Judge determined that the Financial Disclosure Form was a request for counsel. While Petitioner certainly made the argument in his Motion that the Financial Disclosure Form was a request for counsel, the Magistrate Judge's Order merely took judicial notice of the Financial Disclosure Form.

12

counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938).[3]

The documents highlighted by the Magistrate Judge demonstrate that the trial court was aware of Petitioner's indigency and his desire to appeal. However, there is no record of Petitioner's knowing and intelligent waiver his right to the appointment of appellate counsel. The denial of relief by the Fifth District Court of Appeals of Ohio was therefore "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(2). Accordingly, Petitioner is entitled to habeas relief. *Accord Harris v. Estelle*, 487 F.2d 56, 59 (5th Cir. 1973) (per curiam) (habeas petitioner granted out of time direct appeal with representation by counsel where petitioner failed to specifically request appointment of counsel but made appellate court aware of his indigence and desire to appeal); *Koenig v. N. Dakota*, 755 F.3d 636, 642 (8th Cir. 2014) (habeas petitioner granted out of time direct appeal with assistance of counsel where there is no evidence petitioner knowingly and voluntarily waived right to appellate counsel but record is clear that the state trial court was aware of petitioner's indigency and desire to appeal).

---

[3]Petitioner has pointed out that Ohio Rule of Criminal Procedure 44(C) requires the waiver of counsel to be in writing:

> Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

Ohio Crim. R. 44(C). A serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Ohio Crim.R. 2(C). In this instance, Petitioner plead guilty to multiple felony counts arising from a scheme to generate fraudulent payroll checks at Wal-Mart.

### D. Remedy

Petitioner objects to the Magistrate Judge's recommended remedy: that Petitioner be granted a new appeal with the appointment of counsel.[4] However, the Court finds no error in the Magistrate Judge's recommended habeas relief. As this Court has recognized, federal courts have broad discretion in fashioning a judgment granting habeas corpus relief. *Bucio v. Sutherland*, 674 F. Supp. 2d 882, 937 (S.D. Ohio 2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). Relief may include conditioning the issuance of a writ on the state's conducting allowing petitioner to pursue another appeal. *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 830 (E.D. Mich. 2004). "Remedies in habeas cases generally should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Id.* (citing *Dickens v. Jones*, 203 F.Supp.2d 354, 364 (E.D.Mich.2002); *see also Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 776 (E.D. Mich. 2004) (finding new appeal of right will not vitiate any prejudice arising from right to appeal thirty-three years earlier). Therefore, to the extent Petitioner objects to the Magistrate Judge's recommended remedy, those objections are OVERRULED.

### E. Sanctions

Petitioner filed a Motion for Sanctions (Doc. 70) seeking sanctions against Respondent and both Assistant Attorneys General Gene D. Park and Jerri Lynne Fosnaught. The Magistrate Judge concluded that there is no basis for sanctions under Federal Rule of Civil Procedure 11. In reaching this conclusion, the Magistrate Judge

---

[4] In his Objections, Petitioner also makes a claim of ineffective assistance of trial counsel. (Doc. 81, PAGEIED # 1549). However, this claim is not properly before the Court.

noted that Attorney Fosnaught only recently made an appearance in the case, but that "Attorney Park presents a much closer question" because Park did not file the document in question with the original state court record. (Doc. 79, PAGEID #1512).

Respondent objects based on the latter statement, and argues that Attorney Park had no reason to file the Motion to Waive Payment of Deposit (Doc. 55-1, Ex. 2) or the Docketing Statement (Doc. 55-1, Ex. 3) because they did not appear relevant to Petitioner's claims.

The Court notes Respondent's objection, but also notes that the Magistrate Judge found no evidence that the failure to file these documents was deliberate or malicious, and attributed the failure to inadvertence. Accordingly, the Magistrate Judge found sanctions were not warranted. Petitioner objected to this conclusion, but only makes a general objection. (Doc. 81, PAGEID #1558-59).

Therefore, the Court OVERRULES Petitioner and Respondent's objections and adopts the Magistrate Judge's recommendation that Petitioner's Motion for Sanctions (Doc. 70) be denied.

### F. Remaining Objections

Petitioner filed Objections (Doc. 40) to the Magistrate Judge's Decision and Order denying Judicial Notice (Doc. 38). In the March 3, 2015 Decision and Order, the Magistrate Judge denied Petitioner's Motion to Take judicial notice of Ohio Rule of Criminal Procedure 44. The Magistrate Judge construed Petitioner's Motion as an untimely attempt to supplement his objections to the Magistrate Judge's April 7, 2014 R&R. However, the Court notes that this Court cited to Ohio Rule of Criminal Procedure

15

44 in its Order adopting the R&R (Doc. 39, PAGEID #925), and therefore, Petitioner's Objections (Doc. 40) are OVERRULED.

Petitioner has filed Objections to the Magistrate Judge's Order denying his Motion to Strike. (Doc. 72). On June 15, 205, the Magistrate Judge denied Petitioner's Motion to Strike Respondent's Objections. (Doc. 69). The Magistrate Judge explained that Respondent had satisfied the requirement that objections include a memorandum of law, there was no purpose in requiring the memorandum be in a separate document. The Magistrate Judge also denied Petitioner's Motion to the extent that it requested the Court to excuse his procedural default. The issue of procedural default has been fully discussed and decided in this Opinion and Order, and therefore, Petitioner's Objections (Doc. 72) are OVERRULED.

### III. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The Court **DECLINES to ADOPT** the May 26, 2015 Magistrate Judge's R&R on recommittal because the July 17, 2015 R&R has been filed in substitution;

2. Petitioner's Objections to the Magistrate Judge's Order on Motion for Miscellaneous Relief (Doc. 40) are **OVERRULED**;

3. Petitioner's Objections to the Magistrate Order on Motion to Strike (Doc. 72) are **OVERRULED**;

4. The Magistrate Judge's July 17, 2015 Substituted R&R (Doc. 79) is **ADOPTED**;

    a. The Court GRANTS Petitioner a conditional writ of habeas corpus on Grounds for Release One and Two;

    b. Petitioner is to be released unless he is granted a new direct appeal of the Richland County conviction at issue in this case with appointed counsel within 180 days of final judgment in this case;

    c. Grounds Three and Four are DISMISSED with PREJUDICE as previously ordered;

    d. Petitioner's Motion for Sanctions (Doc. 70) is DENIED;

5. The Clerk is **DIRECTED** to enter final judgment in this case; and

6. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

7. The Court declines to issue a certificate of appealability on Petitioner's claims in Grounds Three and Four because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

8. With respect to any application by Petitioner to proceed on appeal of Grounds Three and Four in *forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore Petitioner is DENIED leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

9. Counsel for the Respondent shall promptly notify the State of Ohio's Fifth District Court of Appeals of this Court's Order.

**IT IS SO ORDERED.**

                                */s/ Michael R. Barrett*
                                Michael R. Barrett, Judge
                                United States District Court