# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| GARY D. WALKER, | : | Case No. 1:13-CV-159 |
| Petitioner, | : | Judge Barrett |
| v. | : | Magistrate Judge Merz |
| ERNIE MOORE, Warden, | : | |
| | : | **HABEAS CORPUS** |
| Respondent. | : | |

## RESPONDENT'S NOTICE OF STATE COURT PROCEEDINGS EVINCING SATISFACTION OF CONDITIONAL WRIT

On March 15, 2016, this Court granted a conditional writ of habeas corpus. (Docs. #95-96.) By the express terms of its Opinion and Order and Judgment Entry, this Court imposed an obligation on the State to release Petitioner Gary Walker "unless he is granted a new direct appeal of the Richland County conviction at issue in this case with appointed counsel within 180 days of final judgment in this case." *Id.*

On April 12, 2016, the Ohio Court of Appeals for the Fifth Appellate District, Richland County, Ohio, granted the State's and Walker's motions to reopen his direct appeal and remanded the matter to allow the trial court to appoint counsel to represent Walker on appeal. (Exhibit 1.) On April 14, 2016, the trial court appointed William Cramer to represent Walker in his appeal. (Exhibit 2.)

Walker has recently sought leave to proceed pro se and has waived his right to appointed appellate counsel in writing. (Exhibit 3, Motion for Leave, Exhibit A). Walker's appeal and his motion to proceed pro se are pending. (Exhibit 4.)

Respondent submits that the terms of the conditional writ have been satisfied. Walker's direct appeal has been reopened and counsel was appointed to represent him. The fact that Walker has apparently chosen to proceed pro se does not alter the fact that the terms of the conditional writ were satisfied by the Richland County courts' April 12, 2016 and April 14, 2016 orders. (Exhibits 1-2.) The jurisdiction of this Court is at an end.

The common practice of the conditional writ confirms the limited nature of federal habeas remedies in the federal system. The Supreme Court long ago explained that courts "often delay[] the discharge of the petitioner for such reasonable time as may be necessary to have him taken before the court where the judgment was rendered, that defects which render discharge necessary may be corrected." *Mahler v. Eby*, 264 U.S. 32, 46 (1924) (citations omitted). Conditional writs "provide states with an opportunity to cure their constitutional errors, out of a proper concern for comity among the co-equal sovereigns." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir.2006). A conditional grant of the writ only "springs to life," *id.*, if the State "fails to cure the error," *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006). In other words, "[w]hen the state fails to cure the error, *i.e.*, when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus requires the petitioner's release from custody.'" *Satterlee*, 453 F.3d at 369 (citation omitted). But if the State complies with the writ's conditions, then the matter is at an end.

Here, the conditional writ ordered that one of two things must happen within 180 days: (1) release or (2) grant a new direct appeal of the Richland County conviction at issue in this case with appointed counsel. (Docs. #95-96.) If the conditions of granting the new appeal with appointed counsel are not met, the State must release. *Id.*

Walker received all the relief that habeas calls for: The state courts have reopened Walker's appeal and appointed counsel to represent him in that appeal. The fact that Walker has apparently chosen to proceed pro se does not alter the fact that the terms of the conditional writ were satisfied by the Richland County courts' April 12, 2016 and April 14, 2016 orders. (Exhibits 1-2.) The jurisdiction of this Court is at an end.

## CONCLUSION

For the foregoing reasons, Respondent submits that the State has complied with the writ's conditions and the matter is at an end.

Respectfully submitted,

MICHAEL DeWINE
Attorney General of Ohio


s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT (0077718)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
FAX: (866) 444-5142
jerri.fosnaught@ohioattorneygeneral.gov

Counsel for Respondent

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing ***Respondent's Notice of State Court Proceedings Evincing Satisfaction of Conditional Writ*** has been electronically filed and has been served upon Gary D. Walker, #A554324, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, Ohio 44901, via first class U.S. mail, postage prepaid, on May 20, 2016.

s/Jerri L. Fosnaught  
JERRI L. FOSNAUGHT  
Assistant Attorney General
